**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA,
*et al.*,

Plaintiffs,

v.

MARINER FINANCE, LLC,

Defendant.

Case No. 2:22-cv-03253-KBH

Hon. Kelley Brisbon Hodge
(Electronically Filed)

## [PROPOSED] STIPULATED SECOND AMENDED SCHEDULING ORDER

**AND NOW**, this _____ day of March, 2026, upon consideration of the Joint Motion to Extend Case Management Deadlines (Doc. 160) and Modify Report of Rule 26(f) Meeting (Doc. 83), the Court being satisfied that the Parties have demonstrated a reasonable basis for the requested relief under Fed. R. Civ. P. 16(b)(4), GRANTS said Motion and ORDERS that:

1.      As set forth below, all remaining fact-discovery shall proceed forthwith and continue in such a manner to assure that:

   a.  all responses to discovery served on or before March 5, 2026 shall be completed by **Friday, May 1, 2026**;

   b.  the parties will work in good faith to identify witnesses and schedule depositions as far in advance as possible;

   c.  any new and additional requests for production of documents or interrogatories shall be served by **Monday, October 12, 2026**;

   d.  if the parties seek new and additional requests for production of documents or interrogatories after **Monday, October 12, 2026,** they shall confer in good faith and, if they cannot reach agreement, the requesting party may seek leave of court; and

e. notwithstanding any provision in the Consumer Witness Protocol or any other order, all depositions (including party, nonparty, and consumer witness depositions) shall be completed by **Friday, December 11, 2026**, which shall serve as the close of fact discovery, with the exception of requests for admission as set forth below.

2. Neither party is obligated to take or defend any deposition prior to **Tuesday, May 26, 2026**. However, nothing in this Order prohibits the parties from mutually agreeing to proceed with any deposition that has already been scheduled and/or take additional depositions prior to May 26, 2026.

3. Disclosure of consumer witnesses shall proceed in accordance with the Consumer Witness Protocol and as follows[1]:

a. Plaintiffs shall make their Preliminary Consumer Witness Disclosures 90 days after Defendant confirms in writing that it has substantially completed producing documents responsive to Plaintiffs' Eighth Set of Requests for Production of Documents

b. Defendant shall make its Preliminary Consumer Witness Disclosures within 30 days of receiving Plaintiffs' Preliminary Consumer Witness Disclosures, or confirmation that Plaintiffs' have substantially completed producing documents responsive to Defendant's First Set of Requests for Production and have completed responses to Defendant's First Set of Interrogatories, whichever is later.

---

[1] The parties' agreed-upon Consumer Witness Protocol is referenced on page 9 of the Rule 26(f) Report (Doc. 83) and submitted to the Court by letter dated May 4, 2024.

4.    On or before **Friday, March 12, 2027**, the parties shall exchange curriculum vitae and reports of expert witnesses. Any responses or rebuttal reports to expert witness discovery shall be produced on or before **Wednesday, May 19, 2027.**

5.    All expert discovery, including depositions of expert witnesses, shall be completed by **Thursday, July 22, 2027.**

**6.**    Any requests for admission shall be served on or before **Thursday, August 5, 2027.**

7.    Any motions for summary judgment shall be filed and served on or before **Thursday, October 7, 2027.**  Any responses to dispositive motions shall be filed and served on or before **Thursday, December 9, 2027.**

8.    Any *Daubert* motions shall be filed and served on or before **Wednesday, March 22, 2028**. Any responses to *Daubert* motions shall be filed and served on or before **Friday, April 21, 2028.**  The parties shall comply with Judge Hodge's Policies and Procedures, which are available at https://www.paed.uscourts.gov.

9.    On or before **Friday, August 11, 2028,** the parties, through counsel, shall submit a joint report to the Court as to whether they believe a settlement conference before a magistrate judge would be of assistance in resolving the case.

BY THE COURT

_____, J.