**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA,
*et al.*,

                    Plaintiffs,

                  v.

MARINER FINANCE, LLC,

                    Defendant.

Case No. 2:22-cv-03253-KBH
Hon. Kelley Brisbon Hodge
(Electronically Filed)

## [PROPOSED] STIPULATED AMENDED PROTECTIVE ORDER

Plaintiffs and Defendant (collectively "Parties"), by and through their respective counsel hereby stipulate and agree to the terms of this Protective Order:

**I.**                 **Introduction.** Discovery in the above-captioned matter (the "Action") may involve production of trade secret or other confidential research, development, personal, and/or commercial information for which special protection from public disclosure may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure extends only to the limited information that is entitled to confidential treatment under Fed. R. Civ. P. 26(c) and Local Rule 5.1.5. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order.

**IT IS HEREBY STIPULATED**, subject to the approval of the Court that:

**II.**                 **Definitions.** Capitalized terms not otherwise defined in this Order shall have the following meanings:

**a.**                 "Acknowledgment and Agreement to Be Bound" means an acknowledgment and agreement identical in substance to the document attached hereto as Exhibit A.

**b.**                 "Challenging Party" means a Party or Non-Party that challenges the designation of information under this Order.

**c.**          "CONFIDENTIAL" material means information, documents, and tangible things that are entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G) and other law, including: (a) information prohibited from disclosure by state or federal law or regulations, including, but not limited to, personal financial, employment, and personally identifiable information about individuals; and (b) Trade Secrets (as that term is defined below). Information or documents that are publicly available, or are not otherwise protected against disclosure or discovery under Federal Rule of Civil Procedure 26(c)(1)(G) or other law, are not CONFIDENTIAL.

**d.**          "Counsel" means Litigation Counsel and In-House Counsel.

**e.**          "Designating Party" means a Party or Non-Party that designates information that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**f.**          "Discovery Material" means all information, documents, and things, regardless of the medium or manner in which it is generated, stored, or maintained, exchanged in, or subject to, discovery that is produced in this Action by a Producing Party to any other Party, formally or informally, either in response to or in connection with an exchange of exhibits in advance of a hearing, and in response to or in connection with any discovery request, including without limitation, deposition testimony (whether based on oral examination or written questions); deposition exhibits; deposition transcripts; interrogatories; answers to interrogatories; requests for admission; responses to requests for admission; and documents, information, and all things produced in whatever form, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

**g.**          "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an

expert witness or as a consultant in this Action, as well as such Expert's support staff.

**h.**          "Final Disposition" means the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice or (2) final judgment in this Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**i.**          "In-House Counsel" means attorneys, and their support staff, of Defendant Mariner.

**j.**          "Investigative Material" means all information, documents and things, regardless of the medium or manner in which it is generated, stored, or maintained that is produced outside of this Action by Defendant to any other Party or Non-Party, formally or informally, either in response to or in connection with any request for information or documents, including in response to or in connection with a Civil Investigative Demand and/or investigative subpoena, as part of a Party's or Non-Party's investigation, inquiry, probe, research, and/or inspection, into Defendant. Investigative Material includes, without limitation, all things produced in whatever form, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof.

**k.**          "Non-Party" means any natural person, partnership, corporation, association, local or state government, or other legal entity not named as a Party to this Action.

**l.**          "Litigation Counsel" means attorneys and their support staff, including but not limited to employees, independent contractors, or interns, who are not employees of Mariner and who are (i) retained to represent or advise a Party in this Action, and/or (ii) have appeared in this Action, and/or (iii) are affiliated with a law firm that has been retained to represent that Party or

has appeared on behalf of that Party in this Action. Litigation Counsel shall include attorneys representing Plaintiffs, whether or not they have formally appeared in this Action, together with their support staff, including but not limited to employees, independent contractors, or interns.

**m.**       "Party" means any party named in this Action, including all of its officers, directors, owners, employees, consultants, agents, Experts, and Counsel.

**n.**       "Producing Party" means a Party or Non-Party that produces Discovery Material in this Action.

**o.**       "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; jury consulting; organizing, storing, or retrieving data in any form or medium; forensic examination or analysis); their employees and subcontractors; and, in the case of jury consultants, any participants in any mock trial or jury research.

**p.**       "Receiving Party" means a Party that receives Discovery Material from a Producing Party.

**q.**       "Trade Secrets" means information that constitutes a "Trade Secret" under the Uniform Trade Secrets Act, codified in Pennsylvania at 12 P.S. §5302, and relevant case law.

**III.**       **<u>Scope</u>.** The protections conferred by this Order cover (1) CONFIDENTIAL materials; (2) any information copied, derived, or extracted from CONFIDENTIAL materials; and (3) all copies, excerpts, summaries, or compilations of CONFIDENTIAL materials; and (4) any deposition testimony, conversations, or presentations by Parties, their Counsel, or Experts properly designated as CONFIDENTIAL materials.

**IV.**         **<u>Duration</u>.** The confidentiality obligations imposed by this Order shall remain in effect, even after Final Disposition, until a Designating Party agrees otherwise in writing to terminate the Order, or a court order otherwise directs.

**V.**         **<u>Designating CONFIDENTIAL Material.</u>**

**a.**         <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**b.**         <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

i.         for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party or Non-Party affix, at a minimum, the legend "CONFIDENTIAL" to each page of a document that contains CONFIDENTIAL material.

ii.         for other tangible items, that the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."

iii.         A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the

designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL," to each document that contains CONFIDENTIAL material.

iv.           with respect to transcribed testimony, that the Producing Party or Non-Party give notice to opposing counsel designating such portions (and exhibits thereto) as CONFIDENTIAL no later than thirty (30) calendar days after receipt of the final transcript of the deposition, or by orally designating such portions of testimony as CONFIDENTIAL on the record at the deposition or other proceeding at which it is given. Until the thirty (30) calendar day period expires, all deposition transcripts shall be treated as CONFIDENTIAL unless otherwise agreed. After the expiration of the 30-day period, the transcript shall be treated only as actually designated. Should a party require additional time to designate portions of a transcript, the Parties may meet and confer regarding an extension of time and any Party may seek intervention from the Court if necessary.

v.           Discovery Material produced prior to the execution of this Order that would constitute CONFIDENTIAL information may be reproduced with the appropriate labeling (either through re-production or through a confidentiality overlay) to the extent such Discovery Material does not already have such labeling, but shall be treated as CONFIDENTIAL pursuant to this Order pending such reproduction.

vi.           Investigative Material shall be entitled to the same treatment as it was afforded during the investigation in which it was produced under the laws of the state or investigative agency to which it was produced.

**c.**         <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate information as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Any Party that seeks to so designate information for protection that has been already produced without the CONFIDENTIAL designation must promptly provide, at its own expense, substitute Discovery Material designated in conformity with this Order. Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. In no event may the invocation of this provision interrupt or delay a deposition, or occur after the Discovery Material at issue has been filed with the Court or been otherwise publicly disclosed.

**d.**         <u>Withdrawal of Mistaken Designations</u>. If a Designating Party learns that information that it designated for protection does not qualify for protection, that Designating Party must promptly notify all Parties that it is withdrawing the mistaken designation.

**VI.**         **<u>Challenging Confidentiality Designations</u>.**

**a.**         <u>Method and Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time.

**b.**         <u>Meet and Confer</u>. Prior to challenging a designation of confidentiality, the Challenging Party shall meet and confer with the Designating Party to attempt to informally resolve the challenge.

**c.**         <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality.

**d.**         Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to

which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**VII.**          **Access to and Use of CONFIDENTIAL Materials.**

**a.**          Basic Principles. Except as otherwise provided in this Order, a Receiving Party may use CONFIDENTIAL material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for, and as necessary to, the preparation and trial of this Action, any related appellate proceedings, or efforts to mediate or settle this Action, and not for any other purposes, including without limitation any other litigation or any business, competitive, or governmental purpose or function, except as required or authorized by statute or regulation. CONFIDENTIAL material may be disclosed only to those persons and under the conditions set forth in this Order.

**b.**          Disclosure of CONFIDENTIAL Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

i.          the Receiving Party's Litigation Counsel;

ii.          the owners, officers, directors, employees (including In-House Counsel), and other support staff to the extent they are bound by a duty of confidentiality, of the Receiving Party who are actively engaged in assisting counsel with the prosecution or defense of the Action and to whom disclosure is reasonably necessary for this Action;

iii.          testifying or consulting Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have executed the Acknowledgment and Agreement to Be Bound;

iv.          Professional Vendors to whom disclosure is reasonably necessary for this Action and whose authorized representative has executed the Acknowledgment and Agreement to Be Bound, provided that employees of such Professional Vendor that have access to CONFIDENTIAL material are either (a) subject to confidentiality obligations as part of their

employment that would maintain the protection afforded under this Order, or (b) are instructed not to disclose any CONFIDENTIAL material to any third parties;

v.                                    the Court and its personnel;

vi.                                   court reporters, stenographers, and videographers, and their staff;

vii.                                  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

viii.                                 witnesses who may testify at deposition or at trial, provided that such witnesses (i) possess prior knowledge of such CONFIDENTIAL material and execute a copy of Acknowledgment and Agreement to be Bound or affirm under oath to abide by this Protective Order before being shown or given any CONFIDENTIAL material or (ii) are directors, officers, or employees of the Designating Party or an owner or parent of the Designating Party. The witness shall be informed that this Order restricts the disclosure of the information, that he or she may consider and/or use the CONFIDENTIAL material only for purposes of preparing to testify or testifying in this Action and not for any other purpose, and that he or she is subject to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order. No individual who is shown CONFIDENTIAL material pursuant to this subsection shall be permitted to retain or keep copies of the CONFIDENTIAL material or to view it outside the presence of counsel, unless permitted by some other provision of this Stipulated Protective Order to do so. To the extent possible, pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL material shall be separately bound by the court reporter. Testimony that reveals CONFIDENTIAL material may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Further, if all or part of a videotaped deposition contains CONFIDENTIAL material, the DVD (or videotape) container shall be so labeled;

ix.                    any court-appointed special master, mediator, or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

x.                    any local, state, or federal agency empowered to investigate matters or prosecute laws, regulations, or rules which any Plaintiff State determines may be implicated by documents or information subject to this Order, provided that:

1.                    such local, state, or federal agency agrees, by signing the Acknowledgment and Agreement to Be Bound, to abide by the terms of this Order to the extent permitted by applicable law before being provided with any CONFIDENTIAL material;

2.                    such local, state, or federal agency may use such documents only to investigate potential violations and/or enforce any law(s) that it is authorized to enforce;

3.                    to the extent any Plaintiff State shares CONFIDENTIAL material with such local, state, or federal agency, that Plaintiff State shall provide Defendant with a signed copy of the Acknowledgment and Agreement to be Bound attached as Exhibit A to this Order within five (5) business days of sharing such CONFIDENTIAL material;

4.                    to the extent any Plaintiff State shares CONFIDENTIAL material produced by a Non-Party with such local, state, or federal agency, that Plaintiff State shall provide the Non-Party who produced the CONFIDENTIAL material and Defendant with a signed copy of the Acknowledgement and Agreement to be Bound attached as Exhibit A to this Order within five (5) business days of sharing such CONFIDENTIAL material;

xi.                    any Non-Party, or counsel representing said non-party, who prepared, received, or otherwise participated in the creation of Discovery Material designated as CONFIDENTIAL, including without limitation, loan documents and other materials prepared on

behalf of a non-party; and

xii.                          any other person agreed to by the Designating Party, provided that such persons have executed the Acknowledgment and Agreement to Be Bound, or as otherwise permitted by the Court.

**VIII.          <u>CONFIDENTIAL Material Subpoenaed, Ordered Produced in Other Litigation or Subject to Public Records Request</u>.**

If a Party is served with a subpoena or court order issued in another litigation requiring disclosure of any information designated in this Action as "CONFIDENTIAL" or a public records request that any Plaintiff State determines requires the disclosure of information designated in this Action as "CONFIDENTIAL," then that Party must:

**a.**          promptly notify in writing the Designating Party and shall include a copy of the subpoena, court order, or public records request;

**b.**          promptly notify in writing the party who caused the subpoena or order to issue in the other litigation, or the party making the public records request, that some or all of the material covered by the subpoena, order, or request is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

**c.**          cooperate with respect to all reasonable procedures pursued by the Designating Party whose CONFIDENTIAL material may be affected, including affording the Designating Party at least twenty-one (21) days from receipt of such notice to seek a protective order or otherwise object to the public records request.

If the Designating Party timely seeks a protective order or otherwise objects to the public records request, the Party served with the subpoena, court order, or public records request shall not produce any information designated in this Action as "CONFIDENTIAL" before a

determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission; *provided*, *however*, that nothing in this Section authorizes or encourages a Receiving Party to disobey a lawful directive from another court or a requirement of any Plaintiff State's respective public records law or policy. The Designating Party shall bear the burden and expense of seeking protection in that court of its CONFIDENTIAL information.

**IX.**        **Protected Material Produced in the Action by a Non-Party.**

**a.**        The terms of this Order are applicable to CONFIDENTIAL material produced by a Non-Party in this Action and designated as "CONFIDENTIAL," *provided*, *however*, that nothing in these provisions prohibits a Non-Party from seeking additional protections.

**b.**        In the event that a Party is required, by a valid discovery request in this Action, to produce a Non-Party's information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's information, then the Party shall:

i.        promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

ii.        promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii.        make the information requested available for inspection by the Non-Party, if requested by the Non-Party, prior to producing the Non-Party's Information.

**c.**        If the Non-Party fails to seek a protective order from this Court within twenty-one (21) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court; provided, however, that nothing in this Section authorizes or encourages a Receiving Party to disobey a lawful directive from another court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its CONFIDENTIAL material.

**X.**        **<u>Unauthorized Disclosure of CONFIDENTIAL Material</u>.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the Acknowledgment and Agreement to Be Bound.

**XI.**        **<u>Inadvertent Production of Privileged Information</u>.** If a Receiving Party reasonably believes in good faith that a Producing Party has inadvertently produced privileged documents, the Receiving Party will notify the Producing Party of such inadvertent production within ten (10) business days of the Receiving Party's discovery of such production. Inadvertent production of any document produced in response to discovery requests in this Action by any Party or Non-Party, that a Party or Non-Party later claims should have been withheld on grounds of a

privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection in this case or in any other federal or state proceeding. A Party or Non-Party may request the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production, within ten (10) business days of discovery of the inadvertent production. The procedure for handling Inadvertently Produced Privileged Documents shall be as follows:

a.          Once a Notice of Recall of an Inadvertently Produced Privileged Document is issued by the Producing Party, the Producing Party shall provide to the Receiving Party a privilege log pertaining to the inadvertently produced documents within ten (10) business days of the Notice of Recall. If recall involves redaction of the inadvertently produced document, the redacted version of the document shall be provided simultaneously with a privilege log that includes the information required by Federal Rule of Civil Procedure 26(b)(5)(A) and the identification of (i) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (ii) the files or sources from which the document was collected.

b.          Upon receipt of the Notice of Recall, the Receiving Party must immediately segregate the document and any and all copies of the document in a manner that will prevent further disclosure or dissemination of its contents. Absent any dispute over whether the documents at issue are protected from disclosure by privilege, within five (5) business days the receiving party shall return or destroy the recalled document(s) and any copies and refrain from reviewing for any purpose the recalled documents and the privileged information from the recalled documents that is contained in any other document.

**c.**                    In the event there is a dispute over whether the documents at issue are protected from disclosure by privilege, the Receiving Party shall return or destroy all documents identified by the producing party within ten (10) business days of receipt of the Notice of Recall, but may retain one copy of any such document solely for the purpose of meeting and conferring with the Producing Party relating to the claim of privilege. If the dispute is not resolved within twenty (20) business days, the Receiving Party may present the information or document to the Court under seal for a determination of the claim, or may return or destroy the documents and make no further use of the information in the documents. Allegedly privileged documents shall remain segregated and protected from further disclosure and use during the pendency of any dispute over their status.

**d.**                    The Receiving Party shall not make use of the Inadvertently Produced Privileged Document during any aspect of this matter or any other matter, including in depositions or at trial, unless the Producing Party waives any protection in writing or the Inadvertently Produced Privileged Document is later determined by a court to not be privileged or otherwise protected from disclosure.

**XII.**                 **Miscellaneous**.

**a.**                    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. **The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.**

**b.**                    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

**c.**          Other Considerations. Nothing in this Order shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its  own CONFIDENTIAL material; (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery in the Action, whether or not such documents, materials, or information are also obtained through discovery in the Action; (c) preclude the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular CONFIDENTIAL material; (d) preclude any Party from filing a motion seeking greater, more limited, or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure; or (e) preclude any Party from filing a motion with respect to the manner in which CONFIDENTIAL material shall be treated at trial.

**d.**          No Restricted Advice. Except as provided in Section XI above, nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying on examination of Protected Information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

**e.**          Filing Under Seal. The parties shall make reasonable efforts to avoid filing CONFIDENTIAL material with any pleading or other material to be filed with the Court. Absent prior agreement of the Parties, any Party intending to file or use CONFIDENTIAL material in a document filed with the Court ("Pleading") shall file a redacted version of such Pleading that does

not include or reference the CONFIDENTIAL material, and shall serve an unredacted version of such Pleading on the Designating Party so as to allow the Designating Party an opportunity to file a motion to seal. If no such motion is made by the Designating Party within ten (10) calendar days of filing the redacted Pleading,[1] the Party filing or using the CONFIDENTIAL material may re-file the Pleading in unredacted form. A party seeking to file under seal any CONFIDENTIAL material must comply with Local Rules 5.1.2(6) and 5.1.5. Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue. The fact that a document has been designated as CONFIDENTIAL material under this Order is insufficient, standing alone, to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. If a Designating Party's request to file CONFIDENTIAL material under seal pursuant to Local Rules 5.1.2(6) and 5.1.5 is denied by the Court, then, unless otherwise instructed by the Court, the Receiving Party may file the material in the public record only after (1) the Designating Party has had the opportunity to seek reconsideration within four (4) days of the denial, and (2) the Designating Party has had the opportunity to request to certify any denial of reconsideration for direct interlocutory appeal within fourteen (14) days of the denial of reconsideration, and any such request to certify has been denied.

**XIII.**        **<u>Final Disposition</u>.** After the Final Disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all CONFIDENTIAL material to the Producing Party, destroy such material, or retain such material in compliance with any recordkeeping laws or policies in a manner that ensures the confidentiality of the information. As used in this Section, "all CONFIDENTIAL material" includes all copies, abstracts, compilations, summaries, reports, and any other format reproducing or capturing any of

---

[1] For any Pleading that attaches or references more than fifty (50) CONFIDENTIAL materials, the Designating Party shall have thirty (30) calendar days to file a motion to seal.

the CONFIDENTIAL material. Whether the CONFIDENTIAL material is returned, destroyed, or retained in compliance with recordkeeping laws or policies, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that confirms compliance with this Section. Notwithstanding this provision, the Party's Litigation Counsel shall be allowed to keep a complete set of all pleadings, court filings, correspondence, and the attorney's work product even if those documents include CONFIDENTIAL material or reference to CONFIDENTIAL material ("Attorney's File"). The Attorney's File shall remain subject to this Order as set forth in section IV, above. Notwithstanding anything to the contrary asserted herein, the obligations and requirements of this Section shall apply to any Receiving Party who is dismissed from the Action, at any time during the proceedings, with immediate effect upon such dismissal.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  May 20, 2026

            **FOR THE COMMONWEALTH OF PENNSYLVANIA (on behalf of all Plaintiffs):**

            DAVID W. SUNDAY, JR.
            Attorney General

            */s/ Nicholas F. B. Smyth*
            NICHOLAS F. B. SMYTH (PA No. 307972)
            Senior Deputy Attorney General
            Assistant Director for Consumer Financial Protection

            HEATHER Z. KELLY (PA No. 86291)
            Senior Deputy Attorney General

            KATHLEEN M. MACFEETERS (PA No. 334030)
            MARY MULVIHILL (PA No. 332268)
            KEVIN BENDESKY (PA No. 333946)

Deputy Attorneys General

Attorneys for Plaintiff Commonwealth of
Pennsylvania
Office of Attorney General
1600 Arch Street, 3rd Floor
Philadelphia, PA 19103
(412) 880-0475
nsmyth@attorneygeneral.gov
hkelly@attorneygeneral.gov
kmacfeeters@attorneygeneral.gov
mmulvihill@attorneygeneral.gov
kbendesky@attorneygeneral.gov

By: KIRKLAND & ELLIS LLP
*/s/ Sarah J. Schultes* (approved per 5/19/26 email to
Plaintiffs)
Atif Khawaja, P.C. (admitted *pro hac vice*)
Robert W. Allen, P.C. (admitted *pro hac vice*)
Alexia R. Brancato, P.C. (admitted *pro hac vice*)
Matthew Summers (admitted *pro hac vice*)
Christopher B. Leach (admitted *pro hac vice*)
Sarah J. Schultes (admitted *pro hac vice*)
Marianna C. Chapleau (admitted *pro hac vice*)
601 Lexington Ave
New York, NY 10016
(212) 446-4800
atif.khawaja@kirkland.com
bob.allen@kirkland.com
alexia.brancato@kirkland.com
matthew.summers@kirkland.com
christopher.leach@kirkland.com

IT IS SO ORDERED.

_____
HON. KELLEY BRISBON HODGE
UNITED STATES DISTRICT JUDGE
DATED: _____

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name] of _____,

[print or type full address] declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Eastern District of Pennsylvania on _____, 2026 in the case of *Commonwealth of

Pennsylvania, et al. v. Mariner Finance, LLC*, Case No. 2:22-cv-03253-KBH. I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order. I further agree to submit to the jurisdiction of the United States

District Court for the Eastern District of Pennsylvania for the purpose of enforcing the terms of

this Stipulated Protective Order only, even if such enforcement proceedings occur after termination

of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____