# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<table>
<tr><td>COMMONWEALTH OF PENNSYLVANIA, <em>et al.</em>,<br><br>               Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>               Defendant.</td><td>Case No. 2:22-cv-03253-KBH<br><br>Hon. Kelley Brisbon Hodge<br><br>**ECF Case**</td></tr>
</table>

**DEFENDANT MARINER FINANCE, LLC'S
<u>FIRST SET OF REQUESTS FOR DOCUMENTS TO PLAINTIFFS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania (the "Local Rules"), Defendant Mariner Finance, LLC (*hereinafter,* "Mariner" or the "Company"), by and through its undersigned counsel of record, hereby requests that Plaintiff States (*hereinafter,* "Plaintiffs" or "Plaintiff States") produce the following documents and electronically stored information at the offices of Kirkland & Ellis, 601 Lexington Avenue, New York, New York 10022, within thirty (30) days of this request.

Each of the following Document Requests is to be read in accordance with the Definitions and Instructions that follow. These Document Requests are served without prejudice to, or waiver of, Mariner's right to conduct further discovery.

**<u>DEFINITIONS</u>**

Unless otherwise indicated, the following definitions are applicable to these Requests:

1.  "Action" means the lawsuit commenced by Plaintiffs on August 16, 2022 and pending in

the U.S. District Court for the Eastern District of Pennsylvania under Case No.: 2:22-cv-3253-KBH.

2.   "Amended Complaint" means the Plaintiffs' Amended Complaint filed in the Action on September 6, 2022 (ECF No. 13).

3.   "And" and "Or" shall each be deemed to include and encompass the words "and" and "or."

4.   "Communication(s)" means the transmittal of information of any kind in any form, including, but not limited to, written statements, verbal statements, emails, texts, voicemails, instant messages, letters, or other means.

5.   "Complaint" means the Plaintiffs' Complaint filed in the Action on August 16, 2022 (ECF No. 1).

6.   "Consumer" means a natural Person who sought and/or obtained loan(s) from Mariner.

7.   "Document(s)" includes, but is not limited to, any and all Communications and any materials falling within the scope of both the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A) and "tangible things" in FRCP 34(a)(1)(B).  The term "document" or "documents" is used herein in its customary broad sense, and includes without limitation any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind and/or description, whether sent or received or not, including originals, copies, reproductions, facsimiles, forgeries, unauthorized altered versions, drafts, and both sides thereof, and including, without limitation, papers, books, accounts, letters, models, photographs, drawings, sketches, blueprints, objects, tangible things, correspondence, e-mails, facsimile transmissions,  telex messages, memoranda, notes, notations, work papers, routing slips, intra and inter-office communications to, between and/or among directors, officers, agents, attorneys or employees, transcripts, minutes,

2

reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of committee meetings, or of other meetings, affidavits, statement, summaries, opinions, pleadings and other materials filed in any court or with any administrative agency, reports, indices, studies, analyses, forecasts, evaluations, contracts, licenses, agreements, loan term sheets, letters of intent, invoices, notebook entries, ledgers, journals, books or records of account, summaries of accounts, balance sheets, income statements, questionnaires, answers to questionnaires, statistical records, advertisements, brochures, circulars, bulletins, pamphlets, trade letters, desk calendars, appointment books, diaries, telephone logs, expense accounts, lists, tabulations, charts, graphs, maps, surveys, sound recordings, data sheets, computer tapes and disks, magnetic tapes, punch cards, computer printouts, data processing program coding sheets, microfilms, microfiche, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, of any kind.

8.   "Including" means "including without limitation" and "includes" means "includes without limitation."

9.   "Initial Rule 26(a) Disclosures" means the disclosures made by Plaintiffs under FRCP 26(a) and any local rule or court instruction or memoranda implementing, modifying, or supplementing FRCP 26(a).

10. "Investigation" or "Investigation of Mariner" means Your gathering of information, documents, testimony and/or other materials relating to Mariner and that included any formal or informal request You made for information, documents, testimony and/or other materials directed to Mariner.

11. "Mariner" means Mariner Finance, LLC, the defendant identified in paragraph 55 of Plaintiffs' Amended Complaint.

3

12. "Optional Product(s)" means those products referred to in paragraph 30 of Your Amended Complaint.

13. "Person(s)" means any natural person, corporation, professional corporation, limited liability partnership, firm, partnership, association, joint venture, trust, proprietorship, entity, government or governmental entity, and all other forms of organization, association, entity and any past or present officer, director, partner, principal, agent, trustee, beneficiary, employee or representative of such person.

14. "Recording(s)" means any audio, visual, or written record of a conversation or event.

15. "Referenced Consumer" means any Consumer mentioned or referred to in Your Rule 26(a) Disclosures or the documents cited therein, or Your Amended Complaint, including but not limited to those mentioned in Your Amended Complaint ¶¶ 67, 68, 69, 70, 71, 72, 73, 77, 83, 84, 85, 87, 88, 89, 90, 91, 92, 97, 99, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 144, 145, 146, 147, 148, 149, 150, 215, 217, 220, 228, 229, 233, 234, 235, 268, 269, 280, 283, 289, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 316, 317, 318, 319, 321, 322, 324, 326, 349, 350, 372.

16. "Referenced Employee" means any current or former Mariner employee mentioned or referred to in Your Rule 26(a) Disclosures or the documents cited therein, or Your Amended Complaint, including but not limited to those mentioned in Your Amended Complaint ¶¶ 25, 98, 99, 101, 102, 107, 129, 130, 131, 133, 134, 140, 141, 142, 148, 150, 187, 188, 191, 192, 193, 196, 199, 206, 219, 241, 267, 268, 269, 303, 305, 312, 313, 315, 320, 323, 325, 327, 330, 331, 332, 333, 334.

17. "Referring to" or "relating to," should be construed in their broadest sense to require information or Documents that reflect, identify, describe, discuss, summarize, evidence, reference,

4

comment on or concern in any way the subject matter of the Request.

18. "State OAG" means the Office of the Attorney General of the responding Plaintiff State, and any employee, representative, agent, investigator, contractor, attorney, official, department, or subdivision thereof.

19. "Third Party" means any Person(s) other than the Defendant and Plaintiff States, including without limitation, press.

20. "Plaintiff," "State," "Plaintiff State," "You," and "Your" means the state government and the Attorney General's offices named in the Complaint and includes any agency, employee, representative, agent, investigator, contractor, attorney, official, department, subdivision, partner, commission, board, instrumentality, administrator, expert witness or other Person acting on Plaintiffs' behalf and/or subject to Plaintiffs' control (with respect to such entity's Documents or otherwise), including but not limited to the following entities and their respective officials, employees, representatives, agents or attorneys: (i) any Plaintiff State agency or commission for insurance; (ii) any Plaintiff State agency or commission for consumer protection; (iii) any Plaintiff State agency or commission for financial services regulation; (iv) any Plaintiff State agency or commission for banking regulation.

## INSTRUCTIONS

1. Unless otherwise indicated, the time period covered by these Requests is from January 1, 2018 through the present and until a full and complete response is provided to each Request subject to Your continuing obligation to supplement and correct any provided responses as required by the FRCPs.

2. These requests seek Documents within each Plaintiff States' possession, custody, or control, or in the possession, custody, or control of any entity acting on Your behalf or subject to

5

its control regardless of location, and include, unless otherwise specifically indicated, its employees, partners, agents, representatives, commissions, boards, divisions, departments, agencies, instrumentalities, administrators, attorneys, expert witnesses and other personnel thereof. A Document is to be deemed in Your possession, custody, or control if You (a) own such document in whole or in part; (b) have a right, by contract, statute, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document on any terms; or (d) have, as a practical matter, been able to use, inspect, examine or copy such document when You sought to do so.

3.  These Requests are directed to each Plaintiff State and require a separate response from each individual Plaintiff State.

4.  The production of a Document by one Plaintiff State does not relieve another Plaintiff State from the obligation to produce its own copy of that Document, even if the two Documents are otherwise identical.

5.  If no Document responsive to a request exists, please so state in Your response.

6.  In responding to each Document Request, if You do not produce a Document in whole or in part because You are unable to do so, or for any other reason, Identify any Person who You believe has custody, possession, or control of the Document.

7.  Objections and claims of privilege should not be made in a general, blanket fashion. Rather, You should indicate which objections and/or claims of privilege are asserted with regard to each Document Request or part of a Document Request.

8.  With regard to Your assertion of any privilege or protection from the production of Documents, You must prepare a privilege log. Any privilege log shall be produced in a format and according to a schedule mutually agreed upon by the parties or ordered by the Court.

9. If a portion of any Document responsive to any Request is withheld under claim of privilege, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

10. If You object in part to any Document Request, respond in full to the remainder of the Document Request. No part of a Request may be left unanswered, or Documents not produced, merely because an objection is interposed as to any other part of a Request. Where an objection is made to any Request, or subpart thereof, the objection must state with specificity all grounds. All objections to the production of Documents requested herein must be made in writing and delivered to counsel of record for Defendants. If objection is made to any Request, the response shall state whether Documents are being withheld from inspection and production on the basis of such objection, whether inspection and production of the responsive Documents will occur notwithstanding such objection, or whether no responsive Documents exist.

11. If, in responding to a Request, You claim any ambiguity in interpreting either the Document Requests, or an applicable definition or instruction, such claim shall not be used as a basis for refusing to respond, but You should set forth as part of Your response the language deemed to be ambiguous and the interpretation chosen or used in responding to the Document Requests.

12. All electronically stored information shall be produced in a format mutually agreed upon by the parties in a stipulated ESI protocol or as ordered by the Court.

13. All Documents must be produced in their entirety, including all attachments, enclosures, appendices, and exhibits, and any copies that are not identical to the original (whether because of notes made on, or attached to, such copy or otherwise), regardless of whether You consider the attachments, appendices, enclosures and exhibits to be relevant or responsive to these Requests.

7

Whenever a Document was, but is no longer, in Your possession or subject to Your control, please describe the Document, provide the name of each Person believed by You to have present possession, custody, or control of the original and any copy thereof (if applicable), state whether it is: (i) missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others and if so, identify the person that has possession, custody, or control; or (iv) otherwise disposed of, and in each instance explain the circumstance of such disposition, and state the approximate date thereof.

14. Documents produced shall, unless privileged, be complete, unredacted, and submitted as found in Your files.

15. Each Plaintiff State's production shall be submitted with a transmittal letter that includes the production volume name, encryption method/software used, and passwords for any password protected files.

16. All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there are no documents] in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

17. These Document Requests are continuing in nature. Any Documents or things created, discovered, obtained, or formulated by You, subsequent to Your production in response to these Requests and up to and including the time of trial, must be produced promptly to Defendants pursuant to Rule 26 of the Federal Rules of Civil Procedure. Additionally, in the event Plaintiff States further amend their Complaint and/or file new Complaints in this Action, Plaintiff States shall promptly supplement their productions as appropriate.

18. Unless otherwise stated, the singular includes the plural number, and vice versa; the masculine includes the feminine and neuter genders; and the past tense includes the present tense when the clear meaning is not dictated by change of tense.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents considered by You, or upon which You relied, in preparing Your Amended Complaint or Complaint.

**REQUEST NO. 2:**

All Documents relating to Your allegations in the Amended Complaint, including Documents that support or refute Your claims, appearing as Counts 1 through 15 of the Amended Complaint.

**REQUEST NO. 3:**

All Documents obtained in connection with or relating to Your Investigation of Mariner, including (i) any Investigation file, (ii) Documents generated by Plaintiffs' investigators and employees, including but not limited to Renee Salikram, Kenya Mutyanda, Melissa Ritzman, and Lauren Oleckna, (iii) internal and external Communications, including but not limited to Communications with any individuals named in Your Rule 26(a) Disclosures or any individuals identified in the produced Documents cited in Your Rule 26(a) Disclosures, and (iv) all Documents generated by You or received by You from any Third Party relating to Mariner.

**REQUEST NO. 4:**

All Documents relating to Mariner's disclosures or policies, and regulatory consideration or approval of Mariner's disclosures or policies.

9

**REQUEST NO. 5:**

All reports, analyses, or studies (including any drafts and underlying data or documents that relate to such reports, analyses, or studies) regarding consumer loan products and/or Optional Products.

**REQUEST NO. 6:**

All Documents sufficient to identify each Person who provided information or statements (written or oral) relating to the allegations in Your Amended Complaint, and any Documents relating to such information or statements.

**REQUEST NO. 7**

All statements, declarations, or affidavits obtained in connection with or relating to your Investigation of Mariner, including drafts of such statements, declarations, or affidavits.

**REQUEST NO. 8:**

All Documents relating to consumer complaints about Mariner that You received from any Person, including other Plaintiffs or governmental agencies, or other sources (*e.g.*, social media, third-party websites).

**REQUEST NO. 9:**

All Documents relating to Your Communications to, from, or with each Referenced Consumer, including but not limited to Documents You showed to, delivered to, referenced with, or received from each Referenced Consumer.

**REQUEST NO. 10:**

All Documents relating to Your Communications to, from, or with any Consumer regarding Mariner, including but not limited to Documents You showed to, delivered to, referenced with, or received from any Customer with whom you Communicated regarding Mariner.

**REQUEST NO. 11:**

All Documents regarding Consumers that You alleged were harmed.

**REQUEST NO. 12:**

All Documents relating to Your Communications to, from, or with current or former employees of Mariner, including but not limited to Referenced Employees.

**REQUEST NO. 13:**

All Documents You showed to, delivered to, referenced, or received from current or former employees of Mariner.

**REQUEST NO. 14:**

All Documents regarding Person(s) known to be current or former Mariner employees.

**REQUEST NO. 15:**

All Communications and all Documents related to Mariner's loans and/or the Optional Products exchanged with any federal and/or state bureau, commission, agency, department, division, unit, or organization, or any employee, representative, agent, investigator, contractor, or other Person acting on behalf of such entity.

**REQUEST NO. 16:**

All Documents relating to Your Communications to, from or with any State Insurance Department, Department of Insurance, State Banking Department, Department of Banking, Department of Financial Institutions or similar State agencies, relating to Mariner.

**REQUEST NO. 17:**

All Documents relating to Your Communications to, from or with the Federal Trade Commission, Consumer Financial Protection Bureau, U.S. Department of Justice, or other federal agency, relating to Mariner.

**REQUEST NO. 18:**

All Documents relating to Your Communications to, from or with every Person, agency, or entity referenced in your Amended Complaint concerning the subject matter of the Amended Complaint and Your Investigation of Mariner (*see, e.g.*, Amended Complaint, ¶ 277 referring to the Pennsylvania Department of Banking).

**REQUEST NO. 19:**

All Recordings of Your Communications with Consumers about Mariner.

**REQUEST NO. 20:**

All Recordings of Your Communications with Mariner's current or former employees.

**REQUEST NO. 21:**

All Recordings of Your Communications with any other Person (other than those responsive to Requests 19 and 20) regarding or relating to Mariner's loans or the Optional Products.

**REQUEST NO. 22:**

All notes, declarations, affidavits, transcripts, or other Documents memorializing or summarizing the statement of any Consumer about Mariner.

**REQUEST NO. 23:**

All notes, declarations, affidavits, transcripts, or other Documents memorializing the statement of any current or former Mariner employee.

**REQUEST NO. 24:**

All Communications to or with Consumers relating to Your Investigation of Mariner, including but not limited to, any request for an interview relating to Mariner.

**REQUEST NO. 25:**

All Communications to or with current or former employees of Mariner relating to Your Investigation of Mariner, including but not limited to, any request for an interview relating to Mariner.

**REQUEST NO. 26:**

All questionnaires, surveys, outlines, introductions, talking points, or other Documents used by You in connection with interviews of Consumers relating to Mariner, including but not

limited to all drafts of the foregoing Documents and responses from Consumers to the foregoing Documents.

**REQUEST NO. 27:**

All questionnaires, surveys, outlines, introductions, talking points, or other documents used by You in connection with interviews of current or former employees of Mariner, including but not limited to all drafts of the foregoing Documents and responses from former employees of Mariner to the foregoing Documents.

**REQUEST NO. 28:**

All calculations, tabulations, data, databases, statistics, or other compilations of information or records connected with or relating to Your Investigation of Mariner.

**REQUEST NO. 29:**

All Documents You relied upon or considered for the allegations in Amended Complaint ¶ 349 that Mariner's processes leave consumers with "the false net impression that their loans do not contain any add-on products," including Documents that refute such allegation.

**REQUEST NO. 30:**

All Documents You relied upon or considered for the allegations in Amended Complaint ¶ 350 that Mariner's conduct "is likely to leave consumers with the false net impression that refinancing will not significantly increase the cost of the loan and/or that a delinquent borrower has no other option except to refinance the loan," including Documents that refute such allegation.

**REQUEST NO. 31:**

14

All Documents You relied upon or considered for the allegations in Amended Complaint ¶ 372 that "most of Mariner's victims whom it charges for hidden add-on products have no or little idea that their loans are saddled with fees for products that are supposed to be optional and which the consumers, when interviewed, almost universally say they would have declined to purchase," including Documents that refute such allegation.

**REQUEST NO. 32:**

All Documents You relied upon or considered for the allegations in Amended Complaint ¶ 375 that "in some cases Mariner branch employees sell add-on products without the insurance license required under state law," including Documents that refute such allegation.

**REQUEST NO. 33:**

All Documents You relied upon or considered for the allegations in Amended Complaint ¶ 376 that "Mariner falsely tells consumers the add-ons are required as part of the loan," including Documents that refute such allegation.

**REQUEST NO. 34:**

All Documents You relied upon or considered for the allegations in Amended Complaint ¶ 404 that Mariner "continues to hide the add-ons from consumers after loan origination and obstructs consumers' attempts to cancel the add-ons when consumers do discover them," including Documents that refute such allegation.

**REQUEST NO. 35:**

All Documents You relied upon or considered for the allegations in Amended Complaint ¶¶ 418(b) and 423(d) that "Mariner knows it is contractually entitled to receive a substantial

15

commission on each insurance product it sells" and "Mariner deducts and retains a substantial portion of the premium for each insurance add-on product as a commission" respectively, including Documents that refute such allegation.

**REQUEST NO. 36:**

All Documents related to or reflecting any "harm" you allege was suffered by any Consumer relating to the allegations in the Amended Complaint.

**REQUEST NO. 37:**

All Documents relating to or reflecting the "suffered losses" and amount of restitution prayed for in Paragraph C of the Prayer for Relief of the Amended Complaint.

**REQUEST NO. 38:**

All Documents relating to or reflecting the "investigative and litigation costs" prayed for in Paragraph M of the Prayer for Relief of the Amended Complaint.

**REQUEST NO. 39:**

All Documents and Communications concerning the notice You provided to the Consumer Financial Protection Bureau pursuant to 12 U.S.C. § 5552(a)(1), including without limitation, the transmittal email or other documentation of the same, and any responses received.

**REQUEST NO. 40:**

All Documents relating to Communications with Third Parties relating to the subject matter of the complaint.

16

**REQUEST NO. 41:**

Documents sufficient to show the authorization and basis for the Investigation of Mariner.

**REQUEST NO. 42:**

Documents sufficient to show the date You commenced the Investigation of Mariner.

**REQUEST NO. 43:**

All Documents, data, and communications referenced in, or supporting, any of your responses to interrogatories or requests for admission in this litigation, to the extent such documents have not already been produced.

17

Dated: March 8, 2024                     Respectfully submitted,


                                         **KIRKLAND & ELLIS LLP**

                                         BY:    /s/ *Atif Khawaja*
                                                Atif Khawaja, P.C. (admitted *pro hac vice*)
                                                Robert W. Allen, P.C. (admitted *pro hac vice*)
                                                Alexia R. Brancato (admitted *pro hac vice*)
                                                601 Lexington Ave
                                                New York, NY 10016
                                                (212) 446-4800
                                                akhawaja@kirkland.com
                                                bob.allen@kirkland.com
                                                alexia.brancato@kirkland.com

                                                Dan Kearney (admitted *pro hac vice*)
                                                1301 Pennsylvania Avenue NW
                                                Washington, DC 20004
                                                (202) 879-5000
                                                dan.kearney@kirkland.com

                                         **HUDSON COOK, LLP**

                                                Lucy E. Morris (admitted *pro hac vice*)
                                                A. James Chareq (admitted *pro hac vice*)
                                                Julia K. Whitelock (admitted *pro hac vice*)
                                                Robert D. Tilley (admitted *pro hac vice*)
                                                1909 K Street, NW, 4th Floor
                                                Washington, DC 20006
                                                202.327.9710 / 202.327.9711
                                                lmorris@hudco.com
                                                jchareq@hudco.com
                                                jwhitelock@hudco.com
                                                rtilley@hudco.com

                                         **BALLARD SPAHR LLP**

                                                Daniel JT McKenna
                                                1735 Market Street
                                                51st Floor
                                                Philadelphia, PA 19103-7599
                                                215.864.8321
                                                mckennad@ballardspahr.com

                                                *Attorneys for Defendant Mariner Finance,*
                                                *LLC*


18