**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA,
*et al.*,

Plaintiffs,

v.

MARINER FINANCE, LLC,

Defendant.

Case No. 2:22-cv-03253-KBH

Hon. Kelley Brisbon Hodge

(Electronically Filed)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO COMPEL PLAINTIFFS TO PRODUCE THIRD-PARTY
COMMUNICATIONS**

1

## I.  **INTRODUCTION**

Plaintiffs Commonwealth of Pennsylvania, *et al.* ("States") respectfully request this Court deny Defendant Mariner Finance, LLC's ("Mariner") Motion to Compel Plaintiffs to Produce Third-Party Communications ("Motion"). In a weak attempt to invade the States' protected work product and distract from its own conduct—which is the subject of this case—Mariner manufactures a narrative alleging perceived discovery violations. Just as it misrepresents its products to consumers, Mariner misrepresents the States' communications in this Motion, casting routine investigatory behavior as conspiracy. Substantively, the Motion fails because the discovery at issue contains attorney mental impressions, which are "discoverable only upon a showing of rare and exceptional circumstances." *Sec. & Exch. Comm'n v. Princeton Alt. Funding, LLC*, No. CV 21-12971, 2025 WL 50377, at *2 (D.N.J. Jan. 8, 2025). The Motion also fails because disclosure to a non-adversary does not waive work product protection, and Mariner can obtain the information or its substantial equivalent through consumer depositions, many of which it has already noticed.

## II.  **BACKGROUND**

Ten states bring this action against Mariner arising from its ongoing nationwide scheme to take advantage of low- and moderate-income consumers. Dkt. 86. While investigating Mariner, the States' attorneys and attorney-supervised investigators interviewed Mariner consumers regarding its conduct. In litigation, the States have built on that investigation with additional discovery, new consumer complaints, and ongoing consumer interviews—leading them to identify 68 potential consumer witnesses per the parties' agreed Consumer Witness Protocol. Dkt. 83. Although the States' conduct is not at issue in this matter, they have produced extensive information about their investigation and witness-selection process, including nearly 14,000 pages of documents, all consumer complaints received, names and contact information for former employees and consumers the States contacted, and all final, signed consumer affidavits, whether filed or not. Dispositively, the States do not dispute that Mariner may depose potential consumer witnesses to gain all factual information to which it is entitled.

III. **ARGUMENT**

### A.  Mariner Does Not Meet Its Initial Burden for a Motion to Compel

To prevail, Mariner has the initial burden of establishing the requested discovery is relevant to the needs of the case. *First Niagara Risk Mgmt., Inc. v. Folino,* 317 F.R.D. 23, 25 (E.D. Pa. 2016). If established, the burden then shifts to the States to demonstrate the discovery request is outside the scope of Rule 26. *Id*. Mariner does not even attempt to meet its initial burden to demonstrate how the requested discovery "is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Mariner also fails to show that (1) the communications at issue are not protected work product; (2) the States waived the work product protection; or (3) it meets each element of the substantial need test, and whether that test is even applicable to the type of work product at issue here. The Court should deny the Motion.

### B.  The Communications at Issue Are Attorney Work Product

Mariner seeks "all communications with Mariner's customers"—including unsigned draft declarations which State attorneys prepared, redacted portions of emails between States and consumers, and State-investigator testimony regarding the content of their attorney-directed interviews with Mariner consumers—on the grounds that they are not work product.

Mariner is wrong. The work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003). "Rule 26(b)(3) establishes two tiers of protection: first, work prepared in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship; second, 'core' or 'opinion' work product that encompasses the 'mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation' is 'generally afforded near absolute protection from discovery.'" *Id.* at 663 (internal citations omitted).

Here, the unsigned draft affidavits and investigator interview memoranda are core opinion work product because they "reflect not so much what the witness has said but rather the drafting lawyer's impression of what the witness had said." *Burlington v. News Corp.*, No. 09-1908, 2010

3

WL 11474545, at *1 n.1 (E.D. Pa. June 7, 2010); *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 2634029, at *3 (D.N.J. Jul. 5, 2011) (disclosure of interview notes "may indirectly reveal the attorney's mental processes").

Mariner attached three unredacted emails[1] to its Motion and mischaracterized the contents of the redactions, providing incomplete quotes from each to argue it did not contain work product. Mariner described language in its Ex. 8 ("we would really appreciate...") as "a simple request to provide documents," but omitted the remainder of the redacted sentence, which includes the attorney's impression of his conversation with the consumer. Mariner mischaracterized language in Ex. 9 ("we are interviewing...") as "benign introductions," when the full redaction displays a strategic tactic used to select interview subjects. Mariner misrepresented the statements in Ex. 10 ("During our call…") as "summaries of factual information," but excluded the attorney's recollection of the conversation and clarifying questions. These statements were made in furtherance of this litigation and reflect the attorneys' mental processes.

Similarly, objections during the investigator depositions were narrowly tailored to protect attorney work product. As State's counsel explained during one such deposition, "If an attorney gave her questions to ask, gave her statements to make . . . it reflects our attorneys [sic] impressions, opinions, strategy, then it's work product." Mot. Ex. 5 at 96:6-12. "You couldn't ask me that, so you can't ask her that." *Id.* at 96:23-24.

### C. The States Did Not Waive Work Product Protection

The party asserting work product waiver has the burden of establishing waiver. *Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, LLC*, 202 F.R.D. 418, 423 (E.D. Pa. 2001). Mariner fails to meet this burden.

The States' emails to consumers did not waive work product protection simply because they were sent to a third party. "[I]t is well-established that merely disclosing work product to a witness does not amount to waiver of work product protection." *Coma by and through Coma v.*

---

[1] Mariner obtained the unredacted versions of these emails due to an inadvertent production that the States properly clawed back under the parties' protective order. Dkt. 173.

*United States*, No. 4:19-CV-00286, 2022 WL 3220389, at *4 (M.D. Pa. Aug. 9, 2022) (citing *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 593 (3d Cir. 1984)). The doctrine's purpose is to protect attorney thoughts and impressions from the opposing party, "not necessarily from the rest of the world generally." *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1298–99 (D.C. Cir. 1980). In fact, "work-product privilege extends to the e-mail correspondence between Plaintiffs' counsel and potential witnesses." *Gerber v. Down E. Cmty. Hosp.*, 266 F.R.D. 29, 33 (D. Me. 2010); *see also Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (stating that work product is reflected in "correspondence"). "[T]o waive the protection of the work-product doctrine, the disclosure must enable an adversary to gain access to the information." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991). Thus, a disclosing party may continue to assert the doctrine's protection "when the disclosure furthers the doctrine's underlying goal." *Id.* at 1429.

First, consumer witnesses are not adversaries. The Third Circuit "agree[s] that the purpose of the work-product doctrine requires us to distinguish between disclosures to adversaries and disclosures to non-adversaries." *Id.* at 1428 (person assisting the DOJ in an investigation of an adversary is not themselves an adversary for work product waiver purposes). Similarly, the consumers here are not adversaries because they were "assist[ing] the government in investigating or prosecuting another," and were not the "target of the investigations." *Id.* Second, the States' communications to them were made in furtherance of the doctrine's underlying goal: to allow attorneys to develop their legal theories and protect their thought processes from their opponent. *Miller v. Haulmark Transp. Sys.*, 104 F.R.D. 442, 445 (E.D. Pa. 1984). The States' minimal redactions protect their thought processes from opposing counsel in furtherance of this goal and do not support a finding of waiver.

### D.  Mariner Does Not Pass the Substantial Need Test

Although the States argue that the "exceptional circumstances" test, rather than the substantial need test, applies to the opinion work product at issue here, Mariner does not pass even the lower standard. *Cendant*, 343 F.3d at 664. The full text of Fed. R. Civ. P. 26(b)(3)(A)'s substantial need test is fatal to the Motion:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case *and cannot, without undue hardship, obtain their substantial equivalent by other means*.

(emphasis added). Mariner makes no showing regarding this second requirement for the obvious reason that there *is* another source of the information: the consumers. In fact, the Motion admits this: "Mariner customers have shared and continue to share with Mariner details of outreach from Plaintiffs, including forwarded emails and summaries of phone calls." (Mot. at 4.) Nor has Mariner made an undue hardship argument, because it cannot. Nothing is impeding Mariner from contacting or deposing consumers to learn about their discussions with the States. *See Eoppolo v. Nat'l R.R. Passenger Corp.*, 108 F.R.D. 292, 294–95 (E.D. Pa. 1985).

Mariner otherwise fails to show substantial need by demonstrating that *the States' claims* have put their own attorney work product at issue. *Cooney v. Booth*, 198 F.R.D. 62, 66 n.7 (E.D. Pa. 2000) (finding work product was discoverable because "the substantial need test is met in a case where plaintiff's claims have made his attorney's work product an issue in the case"). Here, *Mariner* blatantly manufactured a reason to put the States' work product at issue. None of Mariner's cases say a party's work product is discoverable because only the "subject matter" of their witness testimony is at issue. By Mariner's line of reasoning, all work product related to witness testimony would be unprotected. That is not the law. The requested work product has no bearing on the actual claims or defenses at issue in this litigation. Mariner's "mere surmise and conjecture" that the States are engaged in something nefarious cannot satisfy the substantial need test. *Eoppolo*, 108 F.R.D. at 295.

## IV. CONCLUSION

For the reasons set forth herein, the States respectfully request this Court deny the Motion.

July 30, 2026                                Respectfully Submitted,

**FOR THE COMMONWEALTH OF PENNSYLVANIA:**

DAVID W. SUNDAY, JR.
Attorney General

*/s/ Nicholas F. B. Smyth*
NICHOLAS F. B. SMYTH, PA No. 307972
Senior Deputy Attorney General
Assistant Director of Consumer Financial Protection
HEATHER Z. KELLY, PA No. 86291
Senior Deputy Attorney General
KATHLEEN MACFEETERS, PA No. 334030
MARY MULVIHILL, PA No. 332268
KEVIN BENDESKY, PA No. 333946
Deputy Attorneys General

Attorneys for Plaintiff Commonwealth of Pennsylvania
Office of Attorney General
1600 Arch Street, 3rd Floor
Philadelphia, PA 19103
(412) 880-0475
nsmyth@attorneygeneral.gov
hkelly@attorneygeneral.gov
kmacfeeters@attorneygeneral.gov
mmulvihill@attorneygeneral.gov
kbendesky@attorneygeneral.gov

**FOR THE DISTRICT OF COLUMBIA:**

BRIAN SCHWALB
Attorney General

COTY MONTAG
Deputy Attorney General
Public Advocacy Division

KEVIN VERMILLION
Director, Office of Consumer Protection

*/s/ Wendy J. Weinberg*
WENDY J. WEINBERG (#44560)
Senior Assistant Attorney General

Attorney for Plaintiff District of Columbia
Office of Consumer Protection

7

Office of the Attorney General
400 Sixth Street, N.W., 10th Floor
Washington, D.C. 20001
(202) 717-1383
Wendy.Weinberg@dc.gov


**FOR THE STATE OF ILLINOIS:**

KWAME RAOUL
Attorney General

*/s/ Alexandra A. Golota*
ALEXANDRA A. GOLOTA, IL 6331355
MELISSA PIWOWAR, IL 6342502
Assistant Attorneys General

Attorneys for Plaintiff State of Illinois
Office of the Illinois Attorney General
Consumer Fraud Bureau
115 S. LaSalle Street
Chicago, IL 60603
alexandra.golota@ilag.gov
melissa.piwowar@ilag.gov


**FOR THE STATE OF NEW JERSEY:**

JENNIFER DAVENPORT
Attorney General

*/s/  Zeyad Assaf*
ZEYAD ASSAF, NJ 290002021
CATHLEEN O'DONNELL, NJ 002311999
Deputy Attorneys General

Attorneys for Plaintiff State of New Jersey
New Jersey Office of the Attorney General
Division of Law
Consumer Fraud Prosecution Section
124 Halsey Street, Fifth Floor
Newark, NJ 07102
(862) 381-4150
zeyad.assaf@law.njoag.gov
cathleen.o_donnell@law.njoag.gov


**FOR THE STATE OF NEW YORK:**

8

LETITIA JAMES
Attorney General

*/s/ Benjamin C. Fishman*
BENJAMIN C. FISHMAN, NY 4489373
PATRICK GIBSON, NY 5267489
GREGORY NODLER, NY 6258230
NORA VAN HORN, NY 6272629

Attorneys for Plaintiff State of New York
Bureau of Consumer Frauds & Protection
28 Liberty Street, 20th Floor
New York, NY 10005
(212) 416-8330
benjamin.fishman@ag.ny.gov
patrick.gibson@ag.ny.gov
gregory.nodler@ag.ny.gov
Nora.VanHorn@ag.ny.gov

**FOR THE STATE OF NORTH CAROLINA:**

JEFF JACKSON
Attorney General

*/s/ M. Lynne Weaver*
M. LYNNE WEAVER, NC 19397
Special Deputy Attorney General

Attorney for Plaintiff State of North Carolina
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27603
(919) 716-6039
lweaver@ncdoj.gov

**FOR THE STATE OF OREGON:**

DAN RAYFIELD
Attorney General

*/s/ Joseph S. Ferretti*
JOSEPH S. FERRETTI, OSB 201944
SHANNON SUEHR, OSB 201406
BRIAN BOWCUT, OSB 261748

Assistant Attorneys General

Attorneys for Plaintiff State of Oregon
Oregon Department of Justice
Civil Enforcement Division
Economic Justice Section
100 SW Market St., Fourth Floor
Portland, OR 97201
(971) 718-6066
joseph.ferretti@doj.oregon.gov
shannon.suehr@doj.oregon.gov
brian.bowcut@doj.oregon.gov

**FOR THE STATE OF WASHINGTON:**

NICHOLAS W. BROWN
Attorney General

*/s/ Madeline Davis Rigsby*
MADELINE DAVIS RIGSBY, WSBA #51261
HEIDI C. ANDERSON, WSBA #37603
MATTHEW GEYMAN, WSBA #17544
ASHLEY GOMEZ, WSBA #52093
LOGAN STARR, WSBA #55944
ROSE STERN, WSBA #54282
Assistant Attorneys General

Attorneys for Plaintiff State of Washington
Office of Attorney General, Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
heidi.anderson@atg.wa.gov
matt.geyman@atg.wa.gov
maddie.davisrigsby@atg.wa.gov
ashley.gomez@atg.wa.gov
logan.starr@atg.wa.gov
rose.stern@atg.wa.gov

**FOR THE STATE OF WISCONSIN:**

JOSHUA L. KAUL
Attorney General

*/s/ Frances L. Kern*

10

FRANCES L. KERN (WI Bar #1141100)
EVAN STECK (WI Bar #1131666)
Assistant Attorneys General

Attorneys for Plaintiff State of Wisconsin
Wisconsin Department of Justice
17 W. Main Street
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0764
Frances.Kern@wisdoj.gov
Evan.Steck@wisdoj.gov