# KIRKLAND & ELLIS LLP

Atif Khawaja, P.C.
To Call Writer Directly:
+1 212 446 4749
atif.khawaja@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

July 31, 2026

**Via ECF**

The Honorable Kelley B. Hodge
U.S. District Court for the
Eastern District of Pennsylvania
15614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> Re:    Mariner's Clarification in Response to Plaintiffs' Opposition to Mariner's
> Motion to Compel Plaintiffs to Produce Third-Party Communications

Dear Judge Hodge:

Mariner writes to clarify an error in Plaintiffs' opposition filed yesterday.  Mariner is ***not*** moving to compel production of "investigator interview memoranda," as Plaintiffs stated.  ECF No. 184 at 3.  Nor is Mariner moving to compel Plaintiffs to produce ***any*** attorney work product created by Plaintiffs and maintained internally.  *Compare id.* at 6 ("By Mariner's line of reasoning, all work product related to witness testimony would be unprotected.").

Mariner is ***only*** moving to compel production of Plaintiffs' third-party communications to Mariner's customers.  Mariner has reason to believe that Plaintiffs' communications have improperly biased consumers against Mariner—which, contrary to Plaintiffs' assertion, is not "routine investigatory behavior."  *Id.* at 2.  Indeed, during Plaintiffs' pre-litigation investigation of Mariner, when Mariner's counsel wrote to Plaintiffs "to express continuing concerns" about Plaintiffs' interview tactics, Plaintiffs' lead counsel was adamant that investigators were "***not*** telling consumers that Mariner is offering deceptive insurance products or recommending that they cancel their insurance products."  Ex. A, 5/28/21 Email from N. Smyth to L. Morris (emphasis added).  Five years later, discovery has revealed otherwise.  *See* ECF No. 180 at 2 & Exs. 2, 3 (Plaintiffs instructing Mariner customers to cancel insurance products and describing "Mariner's deceptive practices" in clawed-back email communications).

Plaintiffs' Complaint makes clear that consumer testimony is the core of Plaintiffs' case against Mariner.  Thus, Mariner has a substantial need for Plaintiffs' third-party communications to defend itself.  Mariner respectfully requests that the Court grant its motion to compel.

# KIRKLAND & ELLIS LLP

The Honorable Kelley B. Hodge
July 31, 2026
Page 2

Respectfully submitted,

*/s/ Atif Khawaja*
Atif Khawaja, P.C.

Encl.:    Exhibit A (5/28/21 Email from N. Smyth to L. Morris)

cc:        All Attorneys of Record