**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | |
| Plaintiffs, | Case No. 2:22-cv-03253-KBH |
| v. | Hon. Kelley Brisbon Hodge |
| MARINER FINANCE, LLC, | (Electronically Filed) |
| Defendant. | |

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL</u>**

1

## I.    <u>INTRODUCTION</u>

Plaintiffs Commonwealth of Pennsylvania and Jennifer Davenport, Attorney General of the State of New Jersey ("Plaintiffs") respectfully move for entry of an Order Sealing the Motion to Compel Plaintiffs to Produce Third-Party Communications ("Motion to Compel") filed by Mariner Finance LLC ("Mariner") on July 23, 2026 as well as six exhibits filed with said Motion. Plaintiffs so move under the authority of Local Rule 5.1.5, as well as the Stipulated Protective Order, ECF No. 107 (July 3, 2024) ("Protective Order"), which permits Plaintiffs to file a motion to seal within ten (10) calendar days of the filing of a Motion to Compel by Mariner.

## II.   <u>BACKGROUND</u>

On July 23, 2026, Mariner filed a Motion to Compel. On that same date, Mariner also filed a Motion to Conditionally Seal its Motion to Compel Plaintiffs to Produce Third-Party Communications ("Motion to Conditionally Seal"). As part of its Motion to Compel, Mariner included several exhibits with redactions that Mariner sought to conditionally seal. This Court granted Mariner's Motion to Conditionally Seal and further ordered that Plaintiffs file a motion to seal as contemplated in the Protective Order within ten (10) calendar days or expect that the conditional seal will expire and the materials can be refiled unsealed.

This Motion seeks seal of Mariner's Motion to Compel and six exhibits filed in support thereof. Exhibits 2, 8, 9, and 10 are emails between the Pennsylvania Office of the Attorney General and Mariner consumers sent in preparation of litigation. While initially provided to Mariner unredacted, Plaintiffs later realized the documents contained information privileged under the work product doctrine. Following Section XI. of the Protective Order, Plaintiffs requested a return of the document ("Notice of Recall"), and stated the documents were being withdrawn from production due to inadvertent disclosure of work product. The documents were

2

then reproduced with the appropriate privilege designations and redactions.

Exhibits 4 and 5 of Mariner's Motion to Compel are excerpts from depositions of Lauren Oleckna and Renee Salikram, investigators with the Pennsylvania Office of the Attorney General and the New Jersey Office of the Attorney General, respectively. Due to a dispute over testimony concerning work product, both depositions are currently held open.

### III. ARGUMENT

#### A. Plaintiffs Possess The Burden To Overcome The Presumption of Public Access In Judicial Proceedings

The party seeking the seal has the burden of overcoming the "presumption of public access" for judicial proceedings. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 669 (3d. Cir. 2019). This presumption includes the right to attend court proceedings, as well as "inspect and copy public records and documents, including judicial records and documents." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d. Cir. 2001). As the party seeking seal, Plaintiffs must demonstrate that "the material [to be sealed] is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Indiana Hosp.,* 16 F.3d 549, 551 (3d. Cir. 1994). Specifically, Plaintiffs must show that disclosure of the deposition transcript excerpts and emails containing attorney work product would cause such an injury.

#### B. Exhibits 2, 8, 9, and 10 Contain Attorney Work Product That Would Harm The Plaintiff States If Disclosed

It is well established that attorneys must "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947). To achieve this end, the work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."

*In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 662 (3d Cir. 2003). To effectively litigate, counsel must be able to "prepare his legal theories and plan his strategy without undue and needless interference." *Hickman* 329 U.S. at 511. A document containing attorney work product does not necessarily meet the burden to seal; however, when the disclosure of the work product would lead to a "clearly defined and serious injury to the party seeking closure," the moving party meets its burden and the material should be sealed by the court. *Miller*, 16 F.3d at 551.

When the work product at issue involves government agencies, the analysis must also account for the specific functions of government actors. It is essential for state agencies to be able to confer with their government counsel in private and "free from unnecessary intrusion." *Hickman*, 329 U.S. at 510. Being unable to do so affects not only the state agency's strategies for the present litigation but also gives insight into their legal strategies for adjacent proceedings. *See id.* at 511.

Here, disclosure of the work product contained within these exhibits and Mariner's Motion to Compel would cause a clearly defined and serious injury to the Plaintiff States that extends beyond the present litigation. Production of Plaintiffs' work product divulges the process by which the state agencies investigate and prepare their cases for litigation. Without the guarantee that work product is privileged, Plaintiffs will be unable to analyze and prepare for both the instant and future cases. *See Cendant.*, 343 F.3d at 662. Particularly given Plaintiffs' roles as law enforcement agencies, exposing confidential information about litigation strategies to investigative targets would set Plaintiffs at a serious disadvantage in future litigation.

C. **Exhibits 4 And 5 Are Presumptively Confidential Per the Protective Order And Contain Testimony Regarding Work Product**

Per Section V.b.iv. of the Protective Order, parties have thirty (30) calendar days from the close of the deposition to designate specific portions confidential. "Until the thirty (30) calendar day period expires, all deposition transcripts shall be treated as CONFIDENTIAL unless otherwise agreed."

4

Both depositions are currently open by agreement due to disputes over testimony related to attorney work product. Therefore, per the Protective Order, these excerpts are presumptively treated as confidential. No agreement exists between the parties to treat these excerpts otherwise. Once the depositions are completed and Plaintiffs review the final deposition transcripts for confidentiality, or thirty (30) days passes from the receipt of the final transcript, Plaintiffs will inform the Court if any portions are not confidential so that those portions may be unsealed.

## IV.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request this Court grant the Motion.

August 3, 2026                    Respectfully Submitted,

**FOR THE COMMONWEALTH OF**

**PENNSYLVANIA:**

DAVID W. SUNDAY, JR.

Attorney General

*/s/ Nicholas F.B. Smyth*

NICHOLAS F. B. SMYTH, PA No. 307972

Senior Deputy Attorney General

Assistant Director of Consumer Financial Protection

HEATHER Z. KELLY, PA No. 86291

Senior Deputy Attorney General

KATHLEEN MACFEETERS, PA No. 334030

MARY MULVIHILL, PA No. 332268

KEVIN BENDESKY, PA No. 333946

Deputy Attorneys General


Attorneys for Plaintiff Commonwealth of Pennsylvania

Office of Attorney General

1600 Arch Street, 3rd Floor

Philadelphia, PA 19103

(412) 880-0475


nsmyth@attorneygeneral.gov

hkelly@attorneygeneral.gov

kmacfeeters@attorneygeneral.gov

mmulvihill@attorneygeneral.gov

kbendesky@attorneygeneral.gov


**FOR THE STATE OF NEW JERSEY:**

JENNIFER DAVENPORT

Attorney General


*/s/  Zeyad Assaf*

6

ZEYAD ASSAF, NJ 290002021

CATHLEEN O'DONNELL, NJ 002311999

Deputy Attorneys General


Attorneys for Plaintiff State of New Jersey

New Jersey Office of the Attorney General

Division of Law

Consumer Fraud Prosecution Section

124 Halsey Street, Fifth Floor

Newark, NJ 07102

(862) 381-4150


zeyad.assaf@law.njoag.gov

cathleen.o_donnell@law.njoag.gov