**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA, BY ATTORNEY GENERAL MICHELLE A. HENRY; DISTRICT OF COLUMBIA, THROUGH THE OFFICE OF THE ATTORNEY GENERAL; STATE OF OREGON EX REL. ELLEN F. ROSENBLUM, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL; STATE OF WASHINGTON; PEOPLE OF THE STATE OF ILLINOIS BY KWAME RAOUL; STATE OF INDIANA, BY ATTORNEY GENERAL TODD ROKITA; MATTHEW J. PLATKIN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY; THE PEOPLE OF THE STATE OF NEW YORK, BY ATTORNEY GENERAL LETITIA JAMES; STATE OF NORTH CAROLINA, EX REL. JOSHUA H. STEIN, ATTORNEY GENERAL; AND STATE OF WISCONSIN,** **Plaintiffs,** | **CIVIL ACTION** |
| **v.** | **NO. 22-3253** |
| **MARINER FINANCE, LLC,** **Defendant.** | |

## MEMORANDUM

**HODGE, J.** **August 17, 2026**

Before the Court is Defendant Mariner Finance, LLC's ("Mariner") Motion to Compel (ECF No. 180 (the "Motion")), Plaintiffs' opposition thereto (ECF No. 184), and Mariner's letter of clarification (ECF No. 185). For the reasons that follow, the Motion is denied without prejudice.

## I. BACKGROUND[1]

The Commonwealth of Pennsylvania, District of Columbia, State of Illinois, State of Indiana, State of New Jersey, State of New York, State of North Carolina, State of Oregon, State of Washington, and State of Wisconsin (collectively, "Plaintiffs") bring this action against Mariner based on alleged unfair and deceptive business practices. (*See* ECF No. 86.) As relevant to this Motion, Plaintiffs' allegations are based in part on interviews with consumers. (*E.g.*, *id.* ¶¶ 88–91, 112–14, 290–327.)

In discovery, Mariner seeks production of "all relevant customer emails and attachments, and to allow Mariner to question investigators about the content of their conversations with Mariner's customers." (ECF No. 180-2 at 2; *see also id.* at 4 (citing ECF No. 180-8 at 11).)[2] Plaintiffs produced emails in response to the requests for their communications with consumers. (ECF No. 180-2 at 4.) However, they redacted portions of those emails based on an assertion of the work product doctrine. (*Id.*) Plaintiffs have also asserted the work product doctrine for certain questions posed in depositions of their investigators. (*Id.*) Additionally, Plaintiffs have only produced final affidavits from Mariner consumers, and have not produced any drafts, also based on their assertion of the work product doctrine. (*Id.* at 4–5.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Pursuant to Local Rule 26.1(b), discovery motions must "identify and provide, verbatim, the relevant parts of the interrogatory, request, answer, response, objection, notice, subpoena, or depositions in the party's memorandum." Defendants only specify Request for Production 6 in their Motion. However, the discovery sought in the Motion clearly exceeds the scope of this request, and the Court notes that Mariner's discovery correspondence (ECF No. 180-9) cites to several requests for production and interrogatories as seeking this category of third-party communications. The Court reminds counsel of the Local Rules and the need to adhere to them.

## II. LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The moving party bears the initial burden of showing that the requested discovery is relevant." *MT Estate Realty LLC v. Chubb Custom Ins. Co.*, No. 19-5687, 2021 WL 1061196, at *1 (E.D. Pa. Mar. 18, 2021) (internal citation omitted). Once relevance is established, the burden shifts to the party opposing discovery to articulate why it should be withheld. *Id.* The scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661–62 (3d Cir. 2003).

## III. DISCUSSION

Mariner asserts that the discovery it seeks to compel is necessary to its defense because Plaintiffs base their consumer harm claim on testimony from Mariner's customers. It suggests that Plaintiffs have engaged in tactics to secure this testimony such as withholding "helpful" loan information from those customers and coaching them to sign affidavits. (ECF No. 180-2 at 2.) On this basis, Mariner seeks to compel emails between Plaintiffs and Mariner's customers, including attachments, as well as draft affidavits, and investigator testimony.[3] Mariner argues that (1) the materials are not attorney work product; (2) to the extent they are work product, that protection was waived in their communications with consumers; and (3) even if it is work product, Mariner has a "substantial need" for it to defend against Plaintiffs' claims.

---

[3] Mariner does not seek to compel Plaintiffs to produce any attorney work product maintained internally, such as investigator interview memoranda. (ECF No. 185 at 1.)

**A. Whether the Materials Are Protected By the Work Product Doctrine**

The work product doctrine "promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1428 (3d Cir. 1991). Rule 26(b)(3) establishes the work product doctrine. Specifically, it protects against disclosure of: (1) "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative"; and (2) "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3); *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003). The first category may be discoverable on a showing of substantial need, while the latter category—"core" or "opinion" work product—is afforded "near absolute protection from discovery" and is only discoverable upon showing of "rare and exceptional circumstances." *Cendant Corp*, 343 F.3d at 663. The party seeking to invoke the doctrine has the burden of establishing that it applies. *Faloney v. Wachovia Bank, N.A.*, 254 F.R.D. 204, 213–14 (E.D. Pa. 2008).

Plaintiffs argue that they properly redacted attorney impressions of conversations and strategic tactics of the attorneys from email communications with consumers. (ECF No. 184-1 at 4.) Upon review of Exhibits 8, 9, and 10 (ECF Nos. 184-4, 184-5, 184-6), the Court agrees with Plaintiffs that the redacted information is not merely "benign introductions,"[4] "a simple request to provide documents," or factual summaries, as represented by Mariner. (*See* ECF No. 180-2 at 5.) The mental impressions, opinions, and legal theories included in these emails constitute work

[4] Plaintiffs state that they have "produced extensive information about their investigation and witness-selection process." (ECF No. 184-1 at 2.) To the extent Exhibit 9 (ECF No. 184-5) relates to the previously disclosed witness selection process, they may have waived work product protection. However, as noted *infra*, because it is the burden of the party seeking disclosure to show waiver, and Mariner has not shown that this specified information was previously disclosed, the Court does not make any determination on waiver as applicable to this document.

product. *See Coma by & through Coma v. United States*, No. 4:19-CV-00286, 2022 WL 3220389, at *5 (M.D. Pa. Aug. 9, 2022) (citing *Gerber v. Down E. Cmty. Hosp.*, 266 F.R.D. 29, 33 (D. Me. 2010) and collecting cases).

Plaintiffs argue that the draft affidavits "are core opinion work product because they 'reflect not so much what the witness has said but rather the drafting lawyer's mental impression of what the witness has said.'" (ECF No. 184-1 at 3–4 (quoting *Burlington v. News Corp.*, No. 09-1908, 2010 WL 11474545, at *1 n.1 (E.D. Pa. June 7, 2010)).) While some courts have found that unexecuted drafts of an affidavit are not protected by work product, this Court joins the majority of courts that find such drafts protected by work product. *See Burlington*, 2010 WL 11474545, at *1 n.1. Indeed, the disclosure of those drafts, especially when contrasted with the executed documents, "may well reveal the drafting lawyer's mental impressions and strategy." *Id.*

Plaintiffs provided minimal argument regarding why certain investigator testimony is subject to the work product doctrine. Rather, they argue that their objections were narrowly tailored to protect attorney work product. (ECF No. 184-1 at 4.) Testimony of an investigator, operating as an agent of an attorney, goes to the core of work product. *Appeal of Hughes*, 633 F.2d 282, 290 (3d Cir. 1980). Examination of an investigator can reveal the attorneys' mental processes. *Id.* Investigators are not required "to supply counsel's view of the case, identify the facts which counsel considers significant, or the specific questions asked by [the investigator] during the investigation . . . as this type of information would fall under the category of mental impressions which are protected under Rule 26(b)(3)." *R.D. v. Shohola Camp Ground & Resort*, No. 3:16-CV-1056, 2017 WL 4472757, at *4 (M.D. Pa. Oct. 6, 2017), *aff'd*, No. 3:16CV1056, 2018 WL 1919560 (M.D. Pa. Apr. 24, 2018), *aff'd in part, vacated in part, rev'd in part sub nom. R.D. v.*

*Shohola, Inc.*, 769 F. App'x 73 (3d Cir. 2019) (quoting *Eoppolo v. Nat'l R.R. Passenger Corp.*, 108 F.R.D. 292, 294 (E.D. Pa. 1985)).

However, the work product doctrine does not extend to efforts to intimidate witnesses or other misconduct. *Hughes*, 633 F.2d at 290–91. A party seeking to compel testimony of an attorney's agent on the basis of misconduct can do so by demonstrating a "reasonable basis" for such a belief. *R.D. v. Shohala, Inc.*, 769 F. App'x 73, 75 (3d Cir. 2019) (quoting *Hughes*, 633 F.2d at 291). Such "reasonable basis" is less than a preponderance of evidence, but not close to zero. *Id.* Importantly, the "reasonable basis" must be considered for each witness individually. *Id.* "Otherwise, a party could use a threshold showing of an agent's misconduct with one witness as a means for delving into every one of the agent's innumerable interactions with other witnesses." *Id.*

The record before the Court on this Motion does not provide a sufficient basis to determine that Mariner can delve into all of Plaintiffs' legal strategies, theories, and opinions through the depositions of their investigators. Mariner's argument that Plaintiffs' investigators engaged in misconduct is not specific to any witness, or even to any specific Plaintiff or investigator. At this stage, the Court finds that the direction given to investigators by attorneys remains protected work product absent Mariner showing a reasonable basis of misconduct for any individual witness.

### B. Waiver

The party asserting work product waiver has the burden of establishing waiver. *Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, LLC*, 202 F.R.D. 418, 423 (E.D. Pa. 2001). Mariner argues that because Plaintiffs' communications with consumers were not subject to any confidentiality, Plaintiffs "disclosed [work product] in a manner inconsistent with keeping it from

an adversary." (ECF No. 180-2 at 5 (quoting *In re Chevron Corp.*, 633 F.3d 153, 164-65 (3d Cir. 2011)).)

Work product privilege is "much tougher" to waive than attorney-client privilege. *Maldonado v. New Jersey ex rel. Admin Off. of Courts-Probation Div.*, 225 F.R.D. 120, 132 (D.N.J. 2004). "While disclosure to a third party waives the attorney-client privilege as to the world, disclosure only waives the work-product privilege if it permits an adversary to gain access to the information." *Sullivan v. Warminster Twp.*, 274 F.R.D. 147, 153 (E.D. Pa. 2011). Disclosing work product to a potential witness does not amount to waiver. *Coma*, 2022 WL 3220389, at *4. Indeed, finding disclosure of work product to a potential witness, particularly of the type of work product at issue here, to constitute waiver would be contrary to the purpose of the work product doctrine. Protecting attorney mental impressions, legal theories, and opinions communicated to witnesses is essential to "enable attorneys to prepare cases without fear that their work product will be used against their clients." *Westinghouse*, 951 F.2d at 1428.

Mariner also raises that Plaintiffs seek to use work product as both a sword and a shield. However, there is a clear dividing line between the statements of consumers, including their final affidavits, which are being relied on by Plaintiffs to establish their claims, and the legal theories, mental impressions, and opinions of attorneys and their agents that were communicated to those consumers. Plaintiffs are not relying on their opinion work product as a basis for their claims.

### C. Whether Mariner Has Shown "Substantial Need"

Mariner argues that it has a "substantial need" for this discovery because Plaintiffs intend to rely on consumer testimony to prove their claims, and the work product will "confirm or undercut" their allegations. (ECF No. 180 at 6 (quoting *Cooney v. Booth*, 198 F.R.D. 62, 66 n.7 (E.D. Pa. 2000)).) However, none of the work product that Mariner seeks to compel falls under

the category of work product subject to the "substantial need" analysis. Instead, Mariner seeks to compel core work product—mental impressions, legal theories, opinions, and conclusions of the attorneys—which is subject to discovery only under rare and exceptional circumstances. But even if "substantial need" applied, Mariner has not shown how it cannot obtain the work product's "substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Indeed, Mariner can depose the witnesses to inquire about the veracity of their statements.

## IV. CONCLUSION

For the foregoing reasons, the Motion is denied. However, the Motion is denied without prejudice to the extent Mariner can establish a "reasonable basis" for a work product exception to seek deposition testimony from investigators regarding tactics, or to show any specific waiver as contemplated in n.4 *supra*.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**