IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br>Plaintiffs,<br>v.<br>MARINER FINANCE, LLC,<br>Defendant. | Case No. 2:22-cv-03253-KBH<br><br>Hon. Kelley Brisbon Hodge<br><br>**ECF Case** |

**CONSENT JUDGMENT AND ORDER BETWEEN PLAINTIFF DISTRICT OF COLUMBIA AND DEFENDANT MARINER FINANCE, LLC RESOLVING ALL CLAIMS BROUGHT BY DISTRICT OF COLUMBIA**

1. Plaintiff Commonwealth of Pennsylvania by Attorney General David Sunday; District of Columbia through the Office of the Attorney General; People of the State of Illinois by Kwame Raoul; State of Indiana, by Attorney General Todd Rokita; State of New Jersey, by Matthew J. Platkin, Attorney General for the State of New Jersey; the People of the State of New York, by Attorney General Letita James; State of North Carolina *ex rel.* Jeff Jackson, Attorney General; State of Oregon, *ex rel*. Dan Rayfield, in his official capacity as Attorney General; State of Tennessee, *ex rel.* Jonathan Skrmetti, Attorney General and Reporter, State of Washington; and State of Wisconsin filed their Second Amended Complaint on April 1, 2024, alleging that Defendant Mariner Finance, LLC ("Mariner") violated, among other laws, the Consumer Financial Protection Act of 2010 and the consumer protection laws of Pennsylvania, the State of New Jersey, and the State of Washington.

2. Plaintiff District of Columbia (the "District") and Mariner (collectively, the "Parties") have agreed to resolve the District's claims without the need for further litigation by entering into this Consent Judgment.

3. The District and Mariner recognize and state this Consent Judgment is entered

into voluntarily and without any degree of duress or compulsion.

4. Mariner waives any right it may have to move to set aside this Consent Judgment through any collateral attack, and further waives its right to appeal from this Consent Judgment.

5. Mariner, by entering into this Consent Judgment, does not admit any allegations of wrongdoing or violations of applicable laws, regulations, or with respect to any persons identified for redress or remediation in connection with this Consent Judgment, other than those facts of the Complaint deemed necessary to establish the jurisdiction of this Court with respect to claims between the District and Mariner.

6. Without trial or adjudication of issues of fact or law, without this Consent Judgment constituting evidence against Mariner except as otherwise noted, and upon consent of the District and Mariner, the Court finds that there is good and sufficient cause to enter this Consent Judgment and that it is therefore ORDERED, ADJUDGED, and DECREED that:

## I. DEFINITIONS

A. "60-Day Full Refund Period" means the 60-day period after a Consumer purchases an Optional Product after 60 days after the Effective Date, during which the Consumer can cancel the Optional Product for a refund of the full premium of the product and the interest attributable to the financing of the premium.

B. "Consumer" means any person, residing in the District, who has or had a loan with Mariner or who otherwise provided Mariner with a District address at the time they took out a loan with Mariner.

C. "Effective Date" means the date the Court enters this Consent Judgment.

D. "Mariner" and any variation thereof means the Defendant, Mariner Finance, LLC, in this case.

E. “Optional Product” means any product or service that Mariner markets, sells, or offers to Consumers as an optional product supplementary to the credit provided by Mariner, including but not limited to credit insurance, Accidental Death & Dismemberment insurance, home and auto membership products, and GAP-related products.

F. "Unclaimed Optional Product" and any variation thereof means an Optional Product for which no claim has been paid.

G. The “District” or “D.C. Attorney General” and any variation thereof means the Plaintiff, the District of Columbia, in this case.

## II. GENERAL PROVISIONS

A. This Court has jurisdiction of this subject matter hereof and the parties hereto.

B. Venue is proper in this Court.

C. In entering this Order, the Parties are neither extinguishing any rights otherwise available to any third party nor creating any right not otherwise available under the law.

D. To the extent Mariner and the District determine that the terms herein conflict with any applicable state or federal law, rule, regulation, guidance from an applicable state regulator, or consent order or agreed final judgment with a government agency, these terms shall no longer apply to the extent of such conflict.

E. This Consent Judgment shall not be construed or used as a waiver or limitation of any claim or defense that a Consumer may have against Mariner in any other action, except that Mariner may argue, to the extent permitted by law, that amounts otherwise recoverable in such actions might be set off by amounts remitted to Consumers in connection with this Consent Judgment.

F. Mariner is entering this Consent Judgment solely for the purpose of settlement,

and nothing contained herein may be taken as or construed to be an admission or concession of any violation of law, rule, regulation, other matter of fact or law, or of any liability or wrongdoing. No part of this Consent Judgment, including its statements and commitments, shall constitute evidence of any liability, fault, or wrongdoing by Mariner.

G. This Consent Judgment shall not be construed or used as a waiver or limitation of any defense or claim otherwise available to Mariner in any other action, or of their right to defend against, or make any arguments in, any private individual action, class claims or suits, or any other governmental or regulatory action relating to the subject matter or terms of this Consent Judgment, except as specifically provided in Section V of this Consent Judgment.

H. Nothing in this Consent Judgment shall be construed as relieving Mariner of the obligation to comply with all District of Columbia laws, regulations, or rules, nor shall any of the provisions herein be deemed to be permission to engage in any acts or practices prohibited by such laws, regulations, or rules. The Parties understand and agree that this Consent Judgment will not be construed as an approval or sanction by the District of Mariner's business practices, nor will Mariner represent that this Consent Judgment constitutes the District's approval or sanction of its business practices.

I. This Consent Judgment will expire five (5) years from the Effective Date.

J. Any notice or other communication required or permitted under this Consent Judgment shall be in writing or electronic mail and delivered to the following persons or any person subsequently designated by the parties:

| | |
|---|---|
| The District: | Lindsay Marks<br>Office of the Attorney General for the District of Columbia<br>400 6th St. NW |

Washington, DC
Consumer.Protection@dc.gov

Mariner: Joshua
Johnson
CEO
Mariner Finance, LLC
8110 Corporate Dr
Nottingham, MD 21236

With a copy to:

John Morton
Chief Legal Officer
Mariner Finance, LLC
8110 Corporate Dr
Nottingham, MD 21236

## III. CONDUCT PROVISIONS

A. Mariner shall implement the Conduct Provisions required under this Section III within 60 days of the Effective Date.

B. Unless and until Mariner obtains the appropriate license to lend money in the District (and, for subsection 3 below, a license for a particular brick-and-mortar Mariner branch), Mariner shall not, with respect to any individual Mariner knows is a District resident:

(1) Direct advertising of its products or services to the District of Columbia or otherwise representing to District residents that Mariner is a District-licensed money lender;

(2) Solicit for Mariner loans, including via (a) telephone calls, (b) mailers, (c) electronic mail, or (d) online advertising targeted at individuals using District zip codes or similar geographic indicators;

(3) Solicit for the individual to visit a brick-and-mortar Mariner branch

outside of the District that is not itself licensed to lend money in the District, to obtain, close, or refinance a loan;

(4) Originate, close, or refinance loans over the telephone, online, or via a loan-by-mail product.

C. Section III.B. shall not be read to prohibit Mariner from servicing accounts for Mariner customers who are District residents. “Servicing accounts” shall not include conduct prohibited in Section III.B.

D. With respect to all Consumers who have Mariner loans with Optional Products,

(1) All Optional Products offered by Mariner to Consumers may be canceled at any time.

(2) All Optional Products offered by Mariner to Consumers after 60 days after the Effective Date shall be subject to a 60-Day Full Refund Period during which the Consumer can cancel the Unclaimed Optional Product without cost (meaning Mariner shall refund the premium of the Optional Product(s) plus all interest, if any, attributable to the refunded premium of the Optional Product(s)).

(3) After the 60-Day Full Refund Period, Consumers can cancel Optional Product(s) for a refund (as applicable) of the (a) unearned premium as of the date of the cancellation request or (b) prorated product cost based on the amount of time remaining in the loan term, plus (c) the interest attributable to the amount of the premium of the Optional Product being refunded.

(4) If, through its regular auditing and monitoring, Mariner determines that a Consumer was unaware or misinformed about the sale of the Optional Products, Mariner shall offer the Consumer the option to cancel, and any such cancellation

shall be treated as a cancellation made during the 60-Day Full refund period.

(5) Cancellation Process: Mariner shall implement a centralized consumer relations function to receive, respond to, and resolve all Optional Product cancellations. ("Centralized Consumer Relations Function"). Mariner shall permit Consumers to contact Mariner in person, by phone, by letter, by email, or through Mariner's website or mobile application, where Consumers access their account information, to inquire about cancelling Optional Products and, through its Centralized Consumer Relations Function, allow them to submit their request to cancel their Optional Products. Mariner's referral process to the Centralized Consumer Relations Function should not cause unreasonable delays to the Consumer being able to submit their request for cancelling the Optional Products.

(6) Within three business days of a request to cancel an Optional Product, Mariner shall process the cancellation, issue the refund, and send the Consumer a refund confirmation letter or email. The letter/email shall:

i. Confirm the cancellation; and

ii. Provide the amount of the refund, separately identifying the premium(s) of the Optional Product(s) being refunded and the attributable interest being refunded/credited to the Consumer's underlying loan.

(7) When a Consumer requests to cancel one or more Optional Products sold after 60 days after the Effective Date:

i. Mariner shall refrain from making a "save" offer or otherwise attempting to convince the Consumer not to cancel the Optional

Product(s).

ii. However, Mariner may educate a Consumer who wishes to cancel one or more Optional Products that the coverage being cancelled will mean the cessation of all benefits the Optional Product provides, and that the Optional Product will no longer be available post-cancellation.

iii. Mariner shall also disclose all Optional Products still active on the Consumer's account and disclose to consumers that these products are optional.

E. Mariner shall record all telephone calls with Consumers consisting of consumer complaints and cancellation requests using Mariner's Centralized Consumer Relations Function and retain those recordings in accordance with Mariner's record retention policies and make recordings available to the DC OAG upon reasonable written request.

## IV. MONETARY PAYMENT

A. Mariner shall make a monetary payment in the amount of one hundred twenty-five thousand Dollars ($125,000.00) in favor of the District. These funds shall be paid to Consumers pursuant to distribution effectuated by Mariner according to a redress plan that will be agreed to between Mariner and the District within 105 days of the Effective Date. Any funds allocated to Consumer payments under the redress plan that are returned or unclaimed will be placed in the District of Columbia's Attorney General Restitution Fund pursuant to D.C. Code § 1-301.86c.

B. If the redress plan described in Section IV.A results in less than one hundred twenty-five thousand Dollars ($125,000.00) allocated for distribution to Consumers, then Mariner shall pay the remainder to the District as attorneys' fees.

C. Such payments to District Consumers and the District must be made within 30 days of an agreement between Mariner and the District regarding the appropriate distribution.

D. For the avoidance of doubt, the monetary payment described in this Section does not include costs incurred or expenditures made by Mariner to effectuate any remedial relief.

## V. RELEASE AND DISMISSAL

A. **Covered Conduct Subject to Release.** The District acknowledges that upon Mariner's full payment of the amounts due under Section IV, the District shall discharge and release Mariner, its past, present, and future parents, subsidiaries, predecessors, operating companies, sister companies, owners, affiliates, successors, assigns, and its and their agents, representatives, officers, managers, directors, principals, and employees (the "Released Parties") from all civil claims, causes of action, damages, costs, attorneys' fees, or penalties that the District brought or could have brought relating to the Released Parties, prior to the Effective Date, regarding Mariner 1) providing or offering loans, 2) servicing its loans, 3) providing or offering credit insurance and other ancillary products, and 4) assisting Consumers with filing claims against their credit insurance and other ancillary products. Notwithstanding the foregoing, the District does not release Mariner from claims or liability under the District's criminal laws or tax laws.

B. **Dismissal with Prejudice.** The District dismisses the claims with prejudice, subject to this Court retaining jurisdiction over disputes regarding the parties' compliance with this Consent Judgment.

## VI. COSTS AND EXPENSES

A. Other than the monetary payment identified in Section IV, the parties will

bear their own costs and attorneys' fees.

SO ORDERED

Date: October 19, 2026

**/s/ Hon. Kelley B. Hodge**

Hon. Kelley B. Hodge
United States District Judge

**JOINTLY APPROVED, AGREED TO, AND SUBMITTED FOR ENTRY:**

Date: September 23, 2026

By: **DISTRICT OF COLUMBIA**

Kevin Vermillion
Director, Office of Consumer Protection
Office of the Attorney General for the District of Columbia

Lindsay Marks (admitted *pro hac vice*)
400 6th St NW
Washington, DC 20001
202-805-7535
lindsay.marks@dc.gov

Date: 9/23/26

By: **MARINER FINANCE, LLC**

Joshua Johnson
Chief Executive Officer

Date: 9/23/2026

By: **KIRKLAND & ELLIS LLP**

Christopher Leach

Lisa Madigan
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2374
lisa.madigan@kirkland.com

Christopher B. Leach (admitted *pro hac vice*)
1301 Pennsylvania Ave, NW
Washington, DC 20004
(202) 389-3457
christopher.leach@kirkland.com

Atif Khawaja, P.C. (admitted *pro hac vice*)
Robert W. Allen, P.C. (admitted *pro hac vice*)
Alexia R. Brancato, P.C. (admitted *pro hac vice*)
601 Lexington Ave

New York, NY 10016
(212) 446-4800
akhawaja@kirkland.com
bob.allen@kirkland.com
alexia.brancato@kirkland.com

**HUDSON COOK, LLP**

Lucy E. Morris (admitted *pro hac vice*)
A. James Chareq (admitted *pro hac vice*)
Julia K. Whitelock (admitted *pro hac vice*)
Robert D. Tilley (admitted *pro hac vice*)
1909 K Street, NW, 4th Floor
Washington, DC 20006
202.327.9710 / 202.327.9711
lmorris@hudco.com
jchareq@hudco.com
jwhitelock@hudco.com
rtilley@hudco.com

*Attorneys for Defendant Mariner Finance, LLC*