# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMM. OF PENNSYLVANIA, *et al.*,
Plaintiffs,

Case No. 2:22-cv-03253-KBH
Hon. Kelley Brisbon Hodge

v.

MARINER FINANCE, LLC,

Defendant.

**PLAINTIFFS' SIXTEENTH SET OF REQUESTS FOR PRODUCTION FROM MARINER FINANCE, LLC**

A. **YOU ARE HEREBY REQUESTED,** pursuant to Fed. R. Civ. P. 34 and in accordance with the Order entered on February 21, 2024 (ECF No. 69), to deliver to the Wisconsin Department of Justice, 17 West Main Street, Madison, WI 53707, on or before September 28, the documents and information requested in Paragraph D, below, in accordance with the definitions set forth in Paragraph B and instructions set forth in Paragraph C.

**B. DEFINITIONS**

For purposes of this Fifteenth Set of Requests for Production ("Requests"), unless otherwise indicated or defined in these Requests, the following terms shall have these meanings:[1]

1. "Add-on Products" means every insurance or other product that You offer or sell to Consumers in connection with Your loans, including the credit insurance products and "non-credit" or "ancillary" products described in Paragraph 30 of the Second Amended Complaint (ECF No. 86).

2. "And" and "Or" shall each be deemed to include and encompass the words "and" and "or."

3. "Cancellation E-Form" means any form that Mariner employees complete upon receipt of a consumer request to cancel Add-On Products, as testified to by Tisha Brown at p. 109 of her deposition transcript, and an exemplar of which can be found at MARINER02106001.

4. "Communication(s)" shall have the broadest definition and scope and shall include any oral or written utterances, notation, or statement of any nature, by and to whomever made, including correspondence, e-mails, conversations, discussions, interviews, consultations, agreements, oral discussions, or other understandings between or among two or more persons and

[1] These definitions do not seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties.

shall include every disclosure, transfer, exchange, or transmission of information, whether oral, written, or electronic, by telephone, smart phone / computer (including SMS, chat apps, social media, virtual meeting platforms (e.g., Zoom), or other messenger apps), email, fax, or otherwise.

5. "Complaint" means any consumer's expression of dissatisfaction with a Mariner product, service, policy, or employee or any consumer inquiry or question (or pattern of consumer inquiries and questions) that shows a potential issue in communication or implementation of consumer protection policies.

6. "Direct Costs" means those costs that Mariner attributes solely to a particular Add-on Product.

7. "Document" or "Documents" shall be broadly interpreted as used in Fed. R. Civ. P. 34(a) and means all computer files and written, recorded, and graphic materials of every kind, including all Communications, audio material, video material, and photographic material regardless of whether in digital, analog or another form, and "tangible things" as used in Fed. R. Civ. P. 34(a)(1)(B) in the possession, custody, or control of Mariner. Documents include electronic correspondence and drafts of documents, copies of documents that are not identical duplicates of the originals, and copies of documents the originals of which are not in the possession, custody, or control of Mariner.

8. "Including" means "including without limitation" and "includes" means "includes without limitation."

9. "Mariner," "You," or "Your" means Mariner Finance, LLC, and any trustor, trustee, beneficiary, parent, affiliate, sister, subsidiary, predecessor (including Regency Finance), successor, assignee of it, and its principals, present or former trustors, trustees, beneficiaries, owners, employees, servants, officers, directors, agents, representatives, attorneys, accountants, independent contractors, distributors, and any other persons or entities acting on behalf of or under the direction, authorization or control of Mariner or any of its principals.

10. "Monthly Insurance Business Review" means the report, also known as the "F-Report," prepared on a monthly basis by Mariner's insurance/licensing team (for example, MARINER00022546).

11. "Profit Margin" means the proportion of revenue from the sale of an Add-On Product that remains after deducting Direct Costs.

12. "Profitability Metric" means Profit Margin, the proportion of Return on Assets attributable to a specific product, or any other measure of profit or return on investment,

13. "Relating to" or "Related to" means constituting, containing, concerning, discussing, describing, analyzing, identifying, referring to, or stating.

14. "Requests" means these Requests for Production of Documents and others served by the Plaintiffs on Mariner.

15. “Return on Assets” means year-to-date profit divided by year-to-date average net receivables.

16. “Second Amended Complaint” means the Second Amended Complaint for Permanent Injunction and Other Relief filed on April 1, 2024 (Doc. 86).

## C. INSTRUCTIONS

For purposes of these Requests, unless otherwise indicated, your responses shall comply with the following instructions:[2]

1. The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense. “Include” and “including,” and variations thereof, shall not be interpreted as terms of limitation but shall be deemed to be followed by the words “without limitation.” “Any” shall be construed as synonymous with “every” and “all” and shall be all inclusive.”

2. Unless otherwise noted, the Relevant Time Period for which Documents and information are requested is January 1, 2018, to the present.

3. These Requests apply to all described Documents in your possession, custody, or control without regard to the person or persons by whom or for whom the Documents were prepared (e.g., your employees, distributors, representatives, competitors, or others).

4. These Requests include Documents in possession of your employees, agents, representatives, and attorneys, unless privileged. If any Document or information is withheld under claim of privilege, identify the Document or information and state the basis for the privilege, and provide a detailed privilege log that contains at least the following information for each Document or information that you have withheld:

a. The name of each author, writer, sender, creator, or initiator of such Document;
b. The name of each recipient, addressee, or party for whom such Document was intended or to whom the Document was sent;
c. The date of such Document, or an estimate thereof if no date appears on the Document;
d. The name of each person having knowledge on which the privilege is asserted;
e. The general subject matter of the Document or information; and
f. The claimed grounds for withholding the Document or information, including the nature of any claimed privilege and grounds in support thereof.

[2] These instructions do not seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties.

5. These Requests impose a continuing duty on you to produce promptly any responsive Document that is not objected to, which comes into your knowledge, possession, custody, or control after your initial production of responses to the Requests.

6. In each instance in which a Document is produced in response to a Request, produce the current edition, along with all earlier editions or predecessor Documents serving the same function, even though the title of earlier Documents may differ from current versions.

7. If you are unable to fully answer any particular Request, supply all of whatever information is actually available. Designate such incomplete information as incomplete and accompany the information with an explanation that includes the reasons for the incomplete answer; a description of any efforts to obtain the information; and the source from which Plaintiffs may obtain information to complete your response. If books, records, or other sources that provide accurate answers are not available, provide your best estimates and describe how you derived the estimates, including the sources or bases of such estimates. Designate estimated data as such by marking it with the "est." notation. If there is no reasonable way for you to make an estimate, provide an explanation.

8. If particular Documents responsive to these Requests no longer exist for reasons other than the ordinary course of business, but you have reason to believe they have been in existence, describe the Documents, state the circumstances under which such Documents were lost or destroyed, and identify persons having knowledge of the content of the Documents.

9. The Requests apply to all geographic locations where Mariner Consumers reside or do business with Mariner.

10. For each of the Policies and Procedures produced in response to any Request, indicate the following: (1) the time period in which it was in use; (2) when it changed during the time period it was in use; and (3) every State in which it was in effect at any time.

11. Mariner should produce the Customer Files and Tables responsive to these Requests in a manner that readily identifies the Consumer related to those files. For example, Mariner may create a new field in its load files to identify the Consumer related to each Customer File and Table produced in response to these Requests. Alternatively, Mariner may collect and produce separate production volumes for each Consumer identified in Attachment A. Each Table produced in response to these Requests must be produced in Excel spreadsheet format and contain only a single Table for only a single Consumer.

## D. DOCUMENT REQUESTS

191. Each Monthly Insurance Business Review, not already produced.

192. All monthly income statements specific to Add-on Products, as described by Laird Oskin at pp. 222-223 of his deposition transcript.

193. Documents Relating to interest income from Add-on Products, Including Documents containing the source data for the slide titled "Insurance Revenue as % of ANR (Direct Loans)" in the Monthly Insurance Business Review, an exemplar of which can be found at p. 13 of MARINER00026654.

194. Documents Relating to Profitability Metrics for Add-on Products.

195. Recordings of all voicemails from consumers Relating to cancellation of Add-On Products.

196. Recordings of all voicemails that include any Complaint.

197. All Mariner policies or procedures that reference consumer protection laws, Including laws prohibiting unfair, deceptive, or abusive acts or practices (UDAAP).

198. All data identifying all Cancellation E-Forms during the Relevant Time Period, produced as an Excel spreadsheet in the same format at MARINER01631341 ("E-Form Cancellation Spreadsheet").

199. Documents that show every "Reason for Cancellation Documented in Notes" referenced in Column M of the E-Form Cancellation Spreadsheet produced in response to RFP 198.

200. Every "Cancellation Request Attached in File Services," referenced in Column M of the E-Form Cancellation Spreadsheet produced in response to RFP 198.

201. To the extent not already produced in response to RFP 199 or 200, Documents sufficient to show every documented reason for cancellation of Add-On Products.

202. All Documents that identify and/or describe Complaints logged into Mariner's Complaint Management System/IssueTrak, Including all notes in the Complaint Management System/IssueTrak (as described by Tisha Brown at pp. 266-67 of her deposition transcript) and all Documents that identify and/or describe action Mariner took in response to such Complaints.

203. All audio, visual, multimedia, or interactive electronic training materials from the Relevant Time Period, including all audio or video recordings of live training sessions, meetings, and workshops by Chris Ryan Creative on behalf of Mariner, as referenced in MARINER00017928 ("Each workshop will have one of its sessions recorded by Chris Ryan Creative.").

204. Documents sufficient to show every saved payment calculator for every consumer identified on Plaintiffs' Preliminary Consumer Witness Disclosures served on July 9, 2026.

205. All recordings of loan by phone closings and Add-On Product cancellations, not already produced.[3]

Date: August 27, 2026

**FOR THE COMMONWEALTH OF PENNSYLVANIA**
**(on behalf of all Plaintiffs)**

DAVID W. SUNDAY, JR.
Attorney General

*/s/ Heather Z. Kelly*

Heather Z. Kelly, PA 86291
Senior Deputy Attorney General

Attorney for Plaintiff Commonwealth of Pennsylvania
Office of Attorney General
1600 Arch St, 3rd Floor
Philadelphia, PA 19103
(717) 678-4613
hkelly@attorneygeneral.gov

[3] This Request for Production is for a targeted search and production of all such recordings for the entirety of the Relevant Time Period, not just as of the collection date of prior call recordings that have been produced in response to RFP 2.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of August, 2026, a copy of the foregoing was served on Kirkland & Ellis LLP, counsel for Defendant, via email to the following counsel of record: Matthew Summers, Esq., Marianna Chapleau, Esq., and Sarah Schultes, Esq.

/s/ *Heather Z. Kelly*
Commonwealth of Pennsylvania