# EXHIBIT 9

**From:** Schultes, Sarah
**To:** Davis Rigsby, Maddie (ATG); Chapleau, Marianna C.; Summers, Matthew; Silverio, Dayron; Miller, Dana R. Bucy; Brancato, Alexia Renee; Spiwak, Lauren; Brunelli, Dylan
**Cc:** Kelly, Heather; Mary Mulvihill; Kathleen MacFeeters; Bendesky, Kevin; tina.taboada@law.njoag.gov; Conor Vance; Mia.Dohrmann@law.njoag.gov; Morgan Beirne; Benjamin.Fishman@ag.ny.gov; Nora Van Horn; Gibson, Patrick; M. Lynne Weaver; Kern, Frances; Evan Steck; Joseph Ferretti; Shannon Suehr; brian.bowcut@doj.oregon.gov; Starr, Logan (ATG); Stern, Rose (ATG); McDorman, Camille (ATG)
**Subject:** RE: Pennsylvania et al. v. Mariner Finance - 10/28 Meet and Confer
**Date:** Wednesday, November 4, 2026 2:46:47 PM

[EXTERNAL]

Counsel,
Thank you again for meeting with us last week to discuss the open discovery items. As promised, we have considered the questions and requests Plaintiffs raised during that call. Our updates are below.

- **LBP recordings.** Mariner will supplement its production of LBP recordings through the present. Although we do not believe the Rules require this, we are willing to provide the supplementation in the interest of compromise. We are working to complete the production by December 11. As we have explained, however, this is a time-consuming process, and we cannot guarantee a specific completion date.
- **Document requests made at depositions.** If Plaintiffs make a specific request at or after a deposition, Mariner agrees to search for missing call recordings identified in that deposition and produce them if they are available. We are already working to locate the follow-up LBP recordings related to MARINER00472526, MARINER00470304, and MARINER00333790, each of which came up in Jerome Buckner's deposition. Please let us know if there are other specific LBP recordings you would like Mariner to try to locate.
    - Relatedly, we reviewed the deposition transcripts, and the only on-record request we identified was for specific policies discussed during Tisha Brown's deposition. Mariner has since produced those policies. If we missed any other on-record requests, please let us know.
- **Saved loan calculators.** Mariner maintains its position that the saved loan calculators are not relevant because they do not accurately reflect what was presented to customers. As we have explained, practices for saving calculators are inconsistent. The calculators may also change during the conversation with a customer, which is an interactive process, so the only saved version may be the final one. Whatever was saved therefore cannot show what was presented to a customer. For these reasons, and as we stated during last week's meet and confer, Mariner will not produce payment calculators for the remaining ~58 Plaintiff consumer witnesses. We are willing to consider a narrower request if Plaintiffs can show that the requested calculators are relevant, for example a request tied to an employee's testimony that the employee saved those particular calculators. Separately, we are still confirming where payment calculators are saved and whether any metadata is available, and we will follow up once we have that information. That information will not change our position that saved payment calculators generally are not relevant.
- **Employee contact information.** Mariner will not provide personal addresses, phone numbers, or email addresses for all employees or for all former employees who worked in any of the Plaintiff States. If Plaintiffs wish to contact a former employee,

please reach out to Kirkland first. We currently represent, or expect to represent, the vast majority of former employees who become involved in this litigation. If Plaintiffs need this information to verify the licensure of specific employees, we are willing to consider a request focused on those employees.

- **ChrisRyan videos.** We are still reviewing the ChrisRyan videos, but we will agree to produce any remaining recordings that include material that could be considered "training," even if the material is not part of a formal training program.

Finally, please let us know if Plaintiffs are able to confirm whether they are withholding in their entirety any communications with third parties on the basis of privilege.

Please let us know if you have any questions.

Regards,

**Sarah J. Schultes**
She/Her/Hers

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3423
**F** +1 212 446 4900

sarah.schultes@kirkland.com

---

**From:** Schultes, Sarah
**Sent:** Tuesday, November 3, 2026 10:13 AM
**To:** 'Davis Rigsby, Maddie (ATG)' <Maddie.DavisRigsby@atg.wa.gov>; Chapleau, Marianna C. <mchapleau@kirkland.com>; Summers, Matthew <matthew.summers@kirkland.com>; Silverio, Dayron <dayron.silverio@kirkland.com>; Miller, Dana R. Bucy <dana.miller@kirkland.com>; Brancato, Alexia Renee <alexia.brancato@kirkland.com>; Spiwak, Lauren <lauren.spiwak@kirkland.com>; Brunelli, Dylan <dylan.brunelli@kirkland.com>
**Cc:** Kelly, Heather <hkelly@attorneygeneral.gov>; Mary Mulvihill <mmulvihill@attorneygeneral.gov>; Kathleen MacFeeters <kmacfeeters@attorneygeneral.gov>; Bendesky, Kevin <kbendesky@attorneygeneral.gov>; tina.taboada@law.njoag.gov; Conor Vance <conor.vance@law.njoag.gov>; Mia.Dohrmann@law.njoag.gov; Morgan Beirne <morgan.beirne@law.njoag.gov>; Benjamin.Fishman@ag.ny.gov; Nora Van Horn <nora.vanhorn@ag.ny.gov>; Gibson, Patrick <patrick.gibson@ag.ny.gov>; M. Lynne Weaver <lweaver@ncdoj.gov>; Kern, Frances <frances.kern@wisdoj.gov>; Evan Steck <evan.steck1@wisdoj.gov>; Joseph Ferretti <joseph.ferretti@doj.oregon.gov>; Shannon Suehr <shannon.suehr@doj.oregon.gov>; brian.bowcut@doj.oregon.gov; Starr, Logan (ATG) <logan.starr@atg.wa.gov>; Stern, Rose (ATG) <rose.stern@atg.wa.gov>; McDorman, Camille (ATG) <camille.mcdorman@atg.wa.gov>
**Subject:** RE: Pennsylvania et al. v. Mariner Finance - 10/28 Meet and Confer

Hi Maddie,

Thank you for your email. As you stated, Plaintiffs' original email was intended "to summarize our conversation" at the meet and confer, and we responded on that basis. We

did not intend to provide Mariner's positions on the items that we said we would evaluate after the meeting. We will follow up on those items separately. Mariner did not agree to a November 4 deadline, and we may not be able to respond to every question by then. But we are working diligently and will respond as promptly as possible.

We appreciated our productive conferral last week and expect to continue conferring on these issues. We do not believe the parties are at an impasse simply because Mariner needs time to look into the questions Plaintiffs have raised.

Thanks so much,
Sarah

**Sarah J. Schultes**
She/Her/Hers

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3423
**F** +1 212 446 4900

sarah.schultes@kirkland.com

---

**From:** Davis Rigsby, Maddie (ATG) <Maddie.DavisRigsby@atg.wa.gov>
**Sent:** Monday, November 2, 2026 5:07 PM
**To:** Schultes, Sarah <sarah.schultes@kirkland.com>; Chapleau, Marianna C. <mchapleau@kirkland.com>; Summers, Matthew <matthew.summers@kirkland.com>; Silverio, Dayron <dayron.silverio@kirkland.com>; Miller, Dana R. Bucy <dana.miller@kirkland.com>; Brancato, Alexia Renee <alexia.brancato@kirkland.com>; Spiwak, Lauren <lauren.spiwak@kirkland.com>; Brunelli, Dylan <dylan.brunelli@kirkland.com>
**Cc:** Kelly, Heather <hkelly@attorneygeneral.gov>; Mary Mulvihill <mmulvihill@attorneygeneral.gov>; Kathleen MacFeeters <kmacfeeters@attorneygeneral.gov>; Bendesky, Kevin <kbendesky@attorneygeneral.gov>; tina.taboada@law.njoag.gov; Conor Vance <conor.vance@law.njoag.gov>; Mia.Dohrmann@law.njoag.gov; Morgan Beirne <morgan.beirne@law.njoag.gov>; Benjamin.Fishman@ag.ny.gov; Nora Van Horn <nora.vanhorn@ag.ny.gov>; Gibson, Patrick <patrick.gibson@ag.ny.gov>; M. Lynne Weaver <lweaver@ncdoj.gov>; Kern, Frances <frances.kern@wisdoj.gov>; Evan Steck <evan.steck1@wisdoj.gov>; Joseph Ferretti <joseph.ferretti@doj.oregon.gov>; Shannon Suehr <shannon.suehr@doj.oregon.gov>; brian.bowcut@doj.oregon.gov; Starr, Logan (ATG) <logan.starr@atg.wa.gov>; Stern, Rose (ATG) <rose.stern@atg.wa.gov>; McDorman, Camille (ATG) <camille.mcdorman@atg.wa.gov>
**Subject:** RE: Pennsylvania et al. v. Mariner Finance - 10/28 Meet and Confer

Counsel,

Thank you for your response. It leaves the status of several follow-up items unclear. Please clarify Mariner's response to Plaintiffs' questions, which were discussed at the meet and confer, by end of day Wednesday, 11/4:

- Whether payment calculators are saved in GoldTrak;

- Whether a payment calculator or its metadata contain any information that identifies the employee who saved it;
- Whether Mariner will produce payment calculators for the remaining ~58 Plaintiff consumer witnesses;
- If Mariner does not consider a request for saved payment calculators for the remaining ~58 Plaintiff consumer witnesses to be narrow, what number of consumers it would consider sufficiently narrow to provide these documents;
- Whether Mariner will provide personal addresses, phone numbers, and email addresses for former employees who worked in any of the Plaintiff States, which is Plaintiffs' proposed limiting of the request to "specific individuals";
- Whether Mariner will produce call recordings identified during depositions if Plaintiffs make a specific request for them after the deposition;
- Whether Mariner will produce specific call recordings that Plaintiffs identify by date and customer name; and
- Whether Mariner will produce any additional Chris Ryan video recordings.

If we do not hear from you with substantive responses to these questions by 11/4, we will assume Mariner does not wish to engage in further negotiation on the requests and agrees that our obligation to meet and confer on them is complete.

Thank you,
Maddie

---

**From:** Schultes, Sarah <sarah.schultes@kirkland.com>
**Sent:** Friday, October 30, 2026 12:15 PM
**To:** Davis Rigsby, Maddie (ATG) <Maddie.DavisRigsby@atg.wa.gov>; Chapleau, Marianna C. <mchapleau@kirkland.com>; Summers, Matthew <matthew.summers@kirkland.com>; Silverio, Dayron <dayron.silverio@kirkland.com>; Miller, Dana R. Bucy <dana.miller@kirkland.com>; Brancato, Alexia Renee <alexia.brancato@kirkland.com>; Spiwak, Lauren <lauren.spiwak@kirkland.com>; Brunelli, Dylan <dylan.brunelli@kirkland.com>
**Cc:** Kelly, Heather <hkelly@attorneygeneral.gov>; Mary Mulvihill <mmulvihill@attorneygeneral.gov>; Kathleen MacFeeters <kmacfeeters@attorneygeneral.gov>; Bendesky, Kevin <kbendesky@attorneygeneral.gov>; tina.taboada@law.njoag.gov; Conor Vance <conor.vance@law.njoag.gov>; Mia.Dohrmann@law.njoag.gov; Morgan Beirne <morgan.beirne@law.njoag.gov>; Benjamin.Fishman@ag.ny.gov; Nora Van Horn <nora.vanhorn@ag.ny.gov>; Gibson, Patrick <patrick.gibson@ag.ny.gov>; M. Lynne Weaver <lweaver@ncdoj.gov>; Kern, Frances <frances.kern@wisdoj.gov>; Evan Steck <evan.steck1@wisdoj.gov>; Joseph Ferretti <joseph.ferretti@doj.oregon.gov>; Shannon Suehr <shannon.suehr@doj.oregon.gov>; brian.bowcut@doj.oregon.gov; Starr, Logan (ATG) <logan.starr@atg.wa.gov>; Stern, Rose (ATG) <rose.stern@atg.wa.gov>; McDorman, Camille (ATG) <camille.mcdorman@atg.wa.gov>
**Subject:** RE: Pennsylvania et al. v. Mariner Finance - 10/28 Meet and Confer

[EXTERNAL]

Counsel,

Thank you for your summary of Wednesday's meet and confer. We agree with much of it, but we have added comments and clarifications below in green. If you disagree with any of our characterizations, please similarly let us know in writing.

Mariner's Topics

1. Mariner's Interrogatory 25: Plaintiffs stand on their objections to this interrogatory, including relevancy and work product. Plaintiffs invite Mariner to provide a more robust proffer of relevance for consideration than was articulated during the meeting.
    a. Plaintiffs took the position that disclosing the names of the investigators who spoke with each disclosed consumer would reveal protected attorney work product. Mariner disagreed and stated its position that neither the fact that the communication occurred nor the identity of the investigators involved is privileged or protected work product. Mariner explained the relevance of the requested information, including as to investigator depositions and the credibility of consumer testimony. Mariner disagreed that it has an obligation to make any further showing of relevance.
2. Mariner's Interrogatory 26: Plaintiffs explained that Mary Mulvihill's email from earlier today addresses this request as to consumers, and Mariner's counsel will discuss whether it wants to follow up on this interrogatory further.
    a. Mariner noted that Ms. Mulvihill's email addresses only Plaintiffs' communications with consumers. During the meeting, plaintiffs reiterated that they have not withheld any consumer communications in their entirety and agreed to consider disclosing whether that is also true of third-party communications more generally.
3. Plaintiffs' RFPs 204, 208, and 215 (payment calculators): Mariner stated that it will not produce payment calculators in response to any of the 3 RFPs as drafted. Mariner stated that it could determine whether payment calculators are saved in GoldTrak and whether a payment calculator or its metadata contains any information that identifies the employee who saved it.
    a. Mariner also stated it is willing to consider a narrower, more specific request.
4. Plaintiffs' Interrogatory 3 (employee addresses, phone numbers, email addresses): Mariner will follow up with Plaintiffs whether it will provide this information for former employees.
    a. Mariner also stated that it would consider a narrower request limited to specific individuals.
5. Mariner's production of loan by phone call recordings: Mariner stated that it will not produce any additional, broad categories of call recordings from prior to March 2025, and does not believe it has a duty to supplement. Mariner will follow up whether it can agree to produce specific call recordings that Plaintiffs identify by date and customer name. Mariner did not agree that it has an affirmative duty to supplement unproduced call recordings identified during depositions.
    a. For the period before March 2025, Mariner explained that it has exhausted every available method to identify the broadest possible universe of recordings. Mariner stated that it is willing to run a targeted search for any specific LBP recordings that

plaintiffs identify as missing from the pre-March 2025 time. Mariner agreed to consider whether it could supplement recordings identified as missing during depositions but did not take a position regarding whether it is required to do so.

b. As to bringing the production current, Mariner maintained that it has no obligation to do so and identified authority for that position, including Kuhns v. City of Allentown. In the spirit of compromise, Mariner stated it is willing to consider supplementing depending on the burden involved.

6. Mariner's production of cancellation call recordings: Mariner stated that it has produced all such call recordings.
7. Mariner's production of mystery shopper call recordings: Mariner agreed to confirm whether it has produced all such recordings. Since the meeting, Plaintiffs believe that we have identified these call recordings in Mariner's Production 100, but please confirm this is all such recordings.
    a. Confirmed.

Plaintiffs' Topics

1. Plaintiffs' Interrogatories 28-31: Mariner will supplement its responses to Interrogatories 28, 30, and 31 with references, by Bates number, to the specific documents from which the answers to those interrogatories may be ascertained. Mariner will supplement its response to Interrogatory 29 with a substantive answer to the interrogatory.
    1. For Interrogatory 29, Mariner said it will supplement either by referring to documents or with a written answer.
2. Plaintiffs' Subpoena to Chris Ryan Video: Mariner will supplement its response to this request with other videos that relate to trainings.
    1. Mariner stated that it has produced all videos responsive to the request, which sought videos related to employee training. Mariner explained that Field Management Meetings are not trainings and are thus not responsive. Nonetheless, in the spirit of compromise, Mariner agreed to review those videos and produce any that address professional development topics.
3. Plaintiffs' requests for branch office reviews and credit and compliance audits: Mariner will bring these productions current and also produce the missing documents Plaintiffs have identified.
    1. Mariner stated that the audits identified in H. Kelly's October 5 email would be included in the supplement. Mariner agreed to look into the issues raised by plaintiffs on October 26 regarding BORs and follow-up.
4. Parties' joint motion to amend case scheduling order: Plaintiffs received Mariner's proposed revisions following the meet and confer and will respond in that separate email thread.

As an additional matter, please confirm that Mariner does not intend to proceed with the 30(b)(6) depositions on the dates noticed below:

1. North Carolina (noticed for November 2)
2. Wisconsin (noticed for November 9)
3. New Jersey (noticed for November 17)

Confirmed.

**Sarah J. Schultes**
She/Her/Hers
-----------------------------------------------------
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3423
**F** +1 212 446 4900
-----------------------------------------------------
sarah.schultes@kirkland.com

---

**From:** Davis Rigsby, Maddie (ATG) <Maddie.DavisRigsby@atg.wa.gov>
**Sent:** Wednesday, October 28, 2026 6:36 PM
**To:** Schultes, Sarah <sarah.schultes@kirkland.com>; Chapleau, Marianna C. <mchapleau@kirkland.com>; Summers, Matthew <matthew.summers@kirkland.com>; Silverio, Dayron <dayron.silverio@kirkland.com>; Miller, Dana R. Bucy <dana.miller@kirkland.com>; Brancato, Alexia Renee <alexia.brancato@kirkland.com>; Spiwak, Lauren <lauren.spiwak@kirkland.com>; Brunelli, Dylan <dylan.brunelli@kirkland.com>
**Cc:** Kelly, Heather <hkelly@attorneygeneral.gov>; Mary Mulvihill <mmulvihill@attorneygeneral.gov>; Kathleen MacFeeters <kmacfeeters@attorneygeneral.gov>; Bendesky, Kevin <kbendesky@attorneygeneral.gov>; tina.taboada@law.njoag.gov; Conor Vance <conor.vance@law.njoag.gov>; Mia.Dohrmann@law.njoag.gov; Morgan Beirne <morgan.beirne@law.njoag.gov>; Benjamin.Fishman@ag.ny.gov; Nora Van Horn <nora.vanhorn@ag.ny.gov>; Gibson, Patrick <patrick.gibson@ag.ny.gov>; M. Lynne Weaver <lweaver@ncdoj.gov>; Kern, Frances <frances.kern@wisdoj.gov>; Evan Steck <evan.steck1@wisdoj.gov>; Joseph Ferretti <joseph.ferretti@doj.oregon.gov>; Shannon Suehr <shannon.suehr@doj.oregon.gov>; brian.bowcut@doj.oregon.gov; Starr, Logan (ATG) <logan.starr@atg.wa.gov>; Stern, Rose (ATG) <rose.stern@atg.wa.gov>; McDorman, Camille (ATG) <camille.mcdorman@atg.wa.gov>
**Subject:** Pennsylvania et al. v. Mariner Finance - 10/28 Meet and Confer

Counsel,

Thank you for your time during today's meet and confer. I am writing to summarize our conversation. If you disagree with any of our characterizations herein, please let us know in writing.

Mariner's Topics

- Mariner's Interrogatory 25: Plaintiffs stand on their objections to this interrogatory, including relevancy and work product. Plaintiffs invite Mariner to provide a more robust proffer of relevance for consideration than was articulated during the meeting.
- Mariner's Interrogatory 26: Plaintiffs explained that Mary Mulvihill's email from earlier today addresses this request as to consumers, and Mariner's counsel will discuss whether it wants to follow up on this interrogatory further.
- Plaintiffs' RFPs 204, 208, and 215 (payment calculators): Mariner stated that it will not produce payment calculators in response to any of the 3 RFPs as drafted. Mariner stated that it could determine whether payment calculators are saved in GoldTrak and whether a payment calculator or its metadata contains any

information that identifies the employee who saved it.

- Plaintiffs' Interrogatory 3 (employee addresses, phone numbers, email addresses): Mariner will follow up with Plaintiffs whether it will provide this information for former employees.
- Mariner's production of loan by phone call recordings: Mariner stated that it will not produce any additional, broad categories of call recordings from prior to March 2025, and does not believe it has a duty to supplement. Mariner will follow up whether it can agree to produce specific call recordings that Plaintiffs identify by date and customer name. Mariner did not agree that it has an affirmative duty to supplement unproduced call recordings identified during depositions.
- Mariner's production of cancellation call recordings: Mariner stated that it has produced all such call recordings.
- Mariner's production of mystery shopper call recordings: Mariner agreed to confirm whether it has produced all such recordings. Since the meeting, Plaintiffs believe that we have identified these call recordings in Mariner's Production 100, but please confirm this is all such recordings.

Plaintiffs' Topics

- Plaintiffs' Interrogatories 28-31: Mariner will supplement its responses to Interrogatories 28, 30, and 31 with references, by Bates number, to the specific documents from which the answers to those interrogatories may be ascertained. Mariner will supplement its response to Interrogatory 29 with a substantive answer to the interrogatory.
- Plaintiffs' Subpoena to Chris Ryan Video: Mariner will supplement its response to this request with other videos that relate to trainings.
- Plaintiffs' requests for branch office reviews and credit and compliance audits: Mariner will bring these productions current and also produce the missing documents Plaintiffs have identified.
- Parties' joint motion to amend case scheduling order: Plaintiffs received Mariner's proposed revisions following the meet and confer and will respond in that separate email thread.

As an additional matter, please confirm that Mariner does not intend to proceed with the 30(b)(6) depositions on the dates noticed below:

- North Carolina (noticed for November 2)
- Wisconsin (noticed for November 9)
- New Jersey (noticed for November 17)

Thank you,
Maddie

Maddie Davis Rigsby (she/her)
Assistant Attorney General, Consumer Protection Division
Washington State Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 340-6773 (Office)
(206) 572-0465 (Cell)

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.