# EXHIBIT 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' SEVENTEENTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant Mariner Finance, LLC ("Mariner") hereby objects and responds to Plaintiffs' Seventeenth Set of Requests for Production (Nos. 206-212), served via electronic mail on September 23, 2026.

**GENERAL OBJECTIONS**

Mariner makes the following general objections to Plaintiffs' requests for production, which apply to each request for production regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Mariner objects to each request to the extent that it purports to impose upon Mariner discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders entered in this case, or agreements between the parties.

2. Mariner objects to the "Definitions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the

Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties. Mariner further objects to the "Definitions" to the extent they purport to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the request vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable. Mariner's responses to such requests shall not be construed as an admission, agreement, or acquiescence to any such Definition.

3. Mariner objects to the "Instructions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties, including the parties' Stipulated Order Regarding Discovery of Electronically Stored Information (ECF 108) and the Protective Order (ECF 107) entered in this case. Mariner specifically objects to Instruction No. 7 on this basis. Mariner is not obligated to generate or provide "estimates" in response to a request for production, nor is Mariner obligated to provide an explanation, a description, or an incomplete answer in response to a request for production.

4. Mariner objects to each request to the extent it calls for a legal conclusion, presents a legal question or question of pure law, and/or is vague or ambiguous.

5. Mariner objects to each request to the extent that it is cumulative or duplicative of Plaintiffs' requests, whether formal or informal, in this matter or in other proceedings, including any investigations that preceded the filing of this matter.

6. Mariner is responding to each request as it interprets and understands each request with respect to the issues in this action. If Plaintiffs assert a different interpretation of any request, Mariner reserves the right to supplement or amend its responses or objections.

7. Mariner objects to the definitions of "Mariner," "you," and "your" to the extent that the definitions are overly broad and require Mariner to produce documents or things that are not within the possession, custody, or control of Mariner. Mariner's response is on behalf of Mariner Finance, LLC and no other entity or person.

8. Mariner objects to Plaintiffs' use of the phrases "all Documents" and "all Communications" in its requests to the extent that they render a request overly broad and unduly burdensome, including to the extent those phrases imply a request that Mariner conduct a search beyond the location or locations where responsive documents are reasonably likely to be found. Mariner interprets these phrases to request production of responsive documents located after conducting a reasonable search of the location or locations where responsive documents are reasonably likely to be found.

9. Mariner objects to each request to the extent that it requires Mariner to search for and locate all documents that may be stored in its voluminous files or the files of its numerous employees. Mariner will conduct a reasonably diligent search of those locations where responsive documents are reasonably likely to be located.

10. Mariner objects to each request as premature to the extent it calls for documents or information that is the subject of later disclosure deadlines in the action and/or expert reports and testimony, including as required by the schedule governing this action.

11. Mariner objects to these requests to the extent they seek to impose an obligation to identify or search for information or documents at any location, or from any source other than where they would reasonably be expected to be stored in the ordinary course of business.

12. Mariner objects to each request to the extent that it requests documents and/or information outside of the geographic territory of the Plaintiff States.

13. Mariner objects to each request to the extent that it is overly broad, unduly burdensome, and/or calls for the production of documents or things that are neither relevant to any claim or defense in this action nor proportional to the needs of the case. Mariner agrees to meet and confer with Plaintiffs on an appropriate scope of Mariner's search for and production of documents in response to these requests, including an agreement on appropriate custodians, search terms, and the use of technology-assisted review.

14. Mariner objects to each request to the extent that it calls for production of documents and/or things that are not within the possession, custody, or control of Mariner, or calls for Mariner to prepare documents and/or things that do not already exist.

15. Mariner objects to each request to the extent that it calls for the production of documents and things that are publicly available or equally available to Plaintiffs, and therefore are of no greater burden for Plaintiffs to obtain than for Mariner to obtain.

16. Mariner objects to each request to the extent it seeks information or documents that Mariner is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Mariner will produce such responsive, non-privileged documents to the extent described herein in accordance with the Protective Order (ECF 107) entered in this action and after complying with its obligations to any relevant third parties and/or court(s).

17. Mariner objects to each request to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common interest privilege, and/or any other applicable privilege, immunity or protection (collectively, as used herein, "privileged"). Nothing contained in these responses should be considered a waiver of any attorney client privilege, work-product protection, or any other applicable privilege or doctrine. Mariner does not intend to produce documents that would divulge any privileged information. Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

18. Mariner objects to each request to the extent that it is vague, ambiguous, or confusing due to Plaintiffs' failure to define terms or failure to describe the documents sought with reasonable particularity.

19. Mariner objects to any factual characterizations in Plaintiffs' requests. By responding, Mariner does not accept or admit any of Plaintiffs' factual characterizations.

20. Mariner's discovery and investigation in connection with this case are ongoing. As a result, Mariner's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in this response are subject to and without waiver of any right of Mariner to: (a) object to other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the requests; and (c) revise, correct, supplement, or clarify the contents of this response, after considering information obtained or reviewed through further discovery and investigation.

21. By identifying or producing any information, documents, or things in response to any request, Mariner does not stipulate, and expressly reserves all objections, to the authenticity, relevance, materiality, and admissibility of any such documents and things.

22. Any Mariner response that it will produce documents should not be construed to mean that responsive documents in fact exist. Rather, such a response indicates that if such responsive, non-privileged, non-objectionable documents exist, are in Mariner's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive documents are reasonably likely to be located, they will be produced in a timely manner.

23. Mariner objects to the requests because they do not provide sufficient time for Mariner to conduct a reasonably diligent search and produce responsive, non-privileged documents. Mariner further objects to the requests' October 23, 2026, response and production date as unduly burdensome. Mariner agrees to meet and confer with Plaintiffs concerning a reasonable time in which Mariner will respond to these requests, including an agreement on a rolling production schedule.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 206**

All written disclosures or documentation of consent made pursuant to Revised Code of Washington (RCW) 48.17.270(3) and (5).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 206**

Mariner objects to this request as vague and ambiguous, particularly as to the terms "written disclosures" and "documentation of consent." Mariner will respond based on its understanding of these terms. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across seventeen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless

targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

**REQUEST FOR PRODUCTION NO. 207**

The record of all transactions consummated under the insurance license belonging to any current or former Mariner employee located in Washington State made pursuant to RCW 48.17.470.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 207**

Mariner objects to this request as vague and ambiguous, particularly as to the terms "record," "transactions consummated." Mariner will respond based on its understanding of these terms. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across seventeen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

**REQUEST FOR PRODUCTION NO. 208**

All Payment Calculators saved by each Mariner employee listed in Appendix A to these requests, saved during the time period indicated for each employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 208**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case, particularly in that it requests that Mariner search for and produce "[a]ll Payment Calculators saved by each Mariner employee listed in Appendix A." Plaintiffs have served over 200 Requests for Production across seventeen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify "[a]ll Payment Calculators saved by" 187 employees over two years into discovery.

Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist. Mariner objects to this request as irrelevant to the issues in this case, including because not all payment calculators presented to a customer are saved, meaning to the extent responsive documents exist and could be produced, they will not provide a complete picture of what was presented to the customer.

**REQUEST FOR PRODUCTION NO. 209**

All call recordings reflecting Complaints from Consumers who reside in any of the Plaintiff States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 209**

Mariner objects to this request as vague and ambiguous, particularly as to the term "Complaints" as defined. Mariner will respond based on its understanding of this term. Mariner

Dated: October 23, 2026

By: KIRKLAND & ELLIS LLP

*/s/ Atif Khawaja*

Atif Khawaja, P.C. (admitted *pro hac vice*)
Robert W. Allen, P.C. (admitted *pro hac vice*)
Alexia R. Brancato, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, NY 10016
(212) 446-4800
akhawaja@kirkland.com
bob.allen@kirkland.com
alexia.brancato@kirkland.com

HUDSON COOK, LLP

Lucy E. Morris (admitted *pro hac vice*)
A. James Chareq (admitted *pro hac vice*)
Julia K. Whitelock (admitted *pro hac vice*)
Robert D. Tilley (admitted *pro hac vice*)
1909 K Street, NW, 4th Floor
Washington, DC 20006
202.327.9710 / 202.327.9711
lmorris@hudco.com
jchareq@hudco.com
jwhitelock@hudco.com
rtilley@hudco.com

BALLARD SPAHR LLP

Daniel JT McKenna
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599
215.864.8321
mckennad@ballardspahr.com

*Attorneys for Defendant Mariner Finance, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of October 2026, a copy of the foregoing was served via e-mail on all counsel of record.

*/s/ Matthew Summers*

Matthew Summers (admitted *pro hac vice*)
2049 Century Park East
Los Angeles, CA 90067
(213) 680-8215
matthew.summers@kirkland.com