# EXHIBIT 12

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMM. OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH<br>Hon. Kelley Brisbon Hodge |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT MARINER FINANCE, LLC**

**A. YOU ARE HEREBY REQUESTED,** pursuant to Fed. R. Civ. P. 33 and in accordance with the Order entered on February 21, 2024 (ECF No. 69), to deliver to the Plaintiff States through the Pennsylvania Office of Attorney General, 1600 Arch Street, 3d Floor, Philadelphia, Pennsylvania 19103, on or before March 31, 2025 the information requested in Section D, below, in accordance with the definitions set forth in Section B and instructions set forth in Section C. Space for your responses has been provided after each request. If the space provided for the response is not sufficient, please attach additional pages, noting the question/request to which you are responding.

**B. DEFINITIONS**

For purposes of this First Set of Interrogatories ("Requests"), unless otherwise indicated or defined in these Requests, the following terms shall have these meanings:

1. "Add-on Products" means every insurance or other product that You offer or sell to Consumers in connection with Your loans, Including the credit insurance products and "non-credit" or "ancillary" products described in Paragraph 30 of the Second Amended Complaint (ECF No. 86).

2. "Add-on Providers" means any insurance company or other entity that provides, or has sought or discussed with Mariner the opportunity to provide, Add-on Products to Mariner's customers.

3. "And" and "Or" shall each be deemed to include and encompass the words "and" and "or."

4. "Communication(s)" shall have the broadest definition and scope and shall include any oral or written utterances, notation, or statement of any nature, by and to whomever made, Including correspondence, e-mails, conversations, discussions, interviews, consultations, agreements, oral discussions, or other understandings between or among two or more persons and shall include every disclosure, transfer, exchange, or transmission of information, whether oral, written, or electronic, by telephone, smart phone / computer (Including SMS, chat apps, social media, virtual meeting platforms (e.g., Zoom), or other messenger apps), email, fax, or otherwise.

5. "Consumer" means all person(s), individually or jointly, to whom Mariner markets or advertises any product or service, from whom Mariner solicits business, or to whom Mariner has sold any product or service.

6. "Data Dictionary" means the document produced by Mariner at MARINER00121471.

7. "Data Responses" means the documents produced by Mariner in response to Plaintiffs' First Set of Requests for Production of Documents from Mariner Finance, LLC (also referred to as "Plaintiffs' RFP 1" as set forth below), dated February 26, 2024, which documents are Bates numbered MARINER000000000353 to MARINER000000000397.

8. "Data Template" means the template served on Mariner by Plaintiffs on February 26, 2024 with Plaintiffs' First Set of Requests for Production from Mariner Finance, LLC (also referred to as "Plaintiffs' RFP 1" as set forth below), which Data Template was marked as Exhibit "5" at the deposition of Glenn Daughaday taken on January 30, 2025.

9. "Document" or "documents" shall be broadly interpreted as used in Fed. R. Civ. P. 34(a) and means all computer files and written, recorded, and graphic materials of every kind, Including all Communications, audio material, video material, and photographic material regardless of whether in digital, analog or another form, and "tangible things" as used in Fed. R. Civ. P. 34(a)(1)(B) in the possession, custody, or control of Mariner. Documents include electronic correspondence and drafts of documents, copies of documents that are not identical duplicates of the originals, and copies of documents the originals of which are not in the possession, custody, or control of Mariner.

10. "Electronic System" shall mean any computer system, Including for example any software, database, or online platform, used by Mariner during the Relevant Time Period that holds data referring, relating, or pertaining to borrower accounts, Mariner employees, Mariner employee compensation, vendors, or Add-on Products.

11. "Identify," when used with respect to a document, means to state with respect to each such document:

a. Title of the document;
b. Author;
c. Title or position of the addressee;
d. Type of document;
e. Date it was prepared;

f. Number of pages it comprises; and
g. Production number.

12. "Identify," when used with respect to an entity, means to state with respect to each such entity:

a. Full legal name or title;
b. Form of business (i.e. profit corporation, partnership);
c. Relationship to;
d. Complete business location and mailing address;
e. Telephone and facsimile numbers;
f. State of incorporation or juridical organization;
g. Address of headquarters or principal place of business; and
h. If the business is a corporation, then state the firm is incorporated

13. "Identify," when used with respect to a person, means to state with respect to each such person:

a. Name;
b. Last-known residence address;
c. Telephone number; and
d. Email address.

14. "Including" means "including without limitation" and "includes" means "includes without limitation."

15. "Mariner," "You," or "Your" means Mariner Finance, LLC, and any trustor, trustee, beneficiary, parent, affiliate, sister, subsidiary, predecessor (Including Regency Finance), successor, assignee of it, and its principals, present or former trustors, trustees, beneficiaries, owners, employees, servants, officers, directors, agents, representatives, attorneys, accountants, independent contractors, distributors, and any other persons or entities acting on behalf of or under the direction, authorization or control of Mariner or any of its principals.

16. "Plaintiffs' RFP 1" means Plaintiffs' First Set of Requests for Production of Documents from Mariner Finance, LLC, dated February 26, 2024.

17. "Requests" means these Interrogatories and others served by the Plaintiffs on Mariner.

18. "Relating to" or "Related to" means constituting, containing, concerning, discussing, describing, analyzing, identifying, referring to, or stating.

19. "Relevant Jurisdiction" means the states and jurisdictions relevant to the allegations in Plaintiffs' Second Amended Complaint, Including the Commonwealth of Pennsylvania, the Commonwealth of Virginia, the District of Columbia, and the States of Illinois, Indiana, Maryland, New Jersey, New York, North Carolina, Oregon, Tennessee, Washinton, Wisconsin.

20. "Second Amended Complaint" means the Second Amended Complaint for Permanent Injunction and Other Relief filed on April 1, 2024 (ECF No. 86).

## C. INSTRUCTIONS

For purposes of these Requests, unless otherwise indicated, your responses shall comply with the following instructions:

1. The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense. "Include" and "including," and variations thereof, shall not be interpreted as terms of limitation but shall be deemed to be followed by the words "without limitation." "Any" shall be construed as synonymous with "every" and "all" and shall be all inclusive."

2. Unless otherwise specified, the following requests seek information between January 1, 2018 to the present ("Relevant Time Period").

3. Pursuant to Fed. R. Civ. P. 33, please answer each interrogatory, to the extent it is not objected to, separately and fully in writing under oath.

4. These Requests seek production of all described information in your possession, custody, or control without regard to the person or persons by whom or for whom the information was prepared (e.g., your employees, distributors, representatives, competitors, or others).

5. These Requests include information in possession of your employees, agents, representatives, and attorneys, unless privileged. If any information is withheld under claim of privilege, identify the information and state the basis for the privilege, and provide a privilege log consistent with your obligations under the Stipulated Protective Order (ECF No. 107) entered in this lawsuit.

6. These Requests are deemed continuing in nature, and you must supplement your responses in accordance with Fed. R. Civ. P. 26(e).

7. In each instance in which a Document(s) is produced in response to a Request in lieu of a written response pursuant to Fed. R. Civ. P. 33(d), you must (a) specify the responsive Documents in sufficient detail to enable Plaintiffs to locate and identify them as readily as Defendant could; and (b) where applicable, provide Plaintiffs with a reasonable opportunity to examine and audit the records, and to make copies, compilations, abstracts, or summaries.

8. If you are unable to fully answer any particular Request, supply all of whatever information is actually available. Designate such incomplete information as incomplete and accompany the information with an explanation that includes the reasons for the incomplete answer; a description of any efforts to obtain the information; and the source from which Plaintiffs may obtain information to complete your response. If books, records, or other sources that provide accurate answers are not available, provide your best estimates and describe how

you derived the estimates, Including the sources or bases of such estimates. Designate estimated data as such by marking it with the “est.” notation. If there is no reasonable way for you to make an estimate, provide an explanation.

9. If information responsive to these Requests no longer exists or is unavailable for reasons other than the ordinary course of business, but you have reason to believe it has been in existence, describe the information, state the circumstances under which such information was lost or destroyed, and identify persons having knowledge of the information.

10. Unless otherwise specified, the Requests apply to all geographic locations where Mariner Consumers reside or do business with Mariner.

## D. INTERROGATORIES

1. With regard to Plaintiffs’ RFP 1 and the Data Responses:

   a. With specific reference to each applicable spreadsheet and column of the Data Responses, Identify every Electronic System from which Mariner exported data for the Data Responses;

   b. With specific reference to each applicable spreadsheet and column of the Data Responses, state each source table and data field in the Data Dictionary that Mariner used to populate the Data Responses;

   c. With specific reference to each applicable spreadsheet and column of the Data Responses, state each query performed to populate the Data Responses and describe each query with enough detail to enable someone to reperform that query; and

   d. Identify all persons who assisted in preparing the Data Responses and describe in detail the tasks performed and/or input provided by each such person. Where applicable, Your response should include specific reference to spreadsheets and columns in the Data Responses.

2. In addition to Your response to Interrogatory No. 1, Identify all persons who assisted in responding to discovery Requests in this case, Including the First, Second, Third, Fourth, and Fifth Sets of Requests for Production. Your response should specify each discovery Request for which each identified person provided documents or information. Your response should be supplemented for any future sets of requests for production that may be served on You in this litigation.

3. Identify all Mariner employees, contractors, or other agents who sold, or offered for sale, Add-on Products during the Relevant Time Period, and all municipal, state, and/or federal license(s) each such employee held associated with the sale of such products. For each identified license, Your response should include the date when the license was obtained, the dates the license remained valid, the licensing body, and all unique

date, location, and names of any individuals involved, as well as any documents or other evidence that substantiate Your claim.

Date: February 28, 2025

**FOR THE COMMONWEALTH OF PENNSYLVANIA:**
DAVID W. SUNDAY, JR.
Attorney General

*/s/ Nicholas F.B. Smyth*
Nicholas F. B. Smyth, PA 307972
Assistant Chief Deputy Attorney General
Heather Z. Kelly, PA 86291
Senior Deputy Attorney General
Kathleen M. MacFeeters, PA 334030
Deputy Attorney General

Attorneys for Plaintiff Commonwealth of Pennsylvania
Office of Attorney General
1600 Arch St, 3rd Floor
Philadelphia, PA 19103
(412) 880-0475
nsmyth@attorneygeneral.gov

**FOR THE DISTRICT OF COLUMBIA:**

BRIAN SCHWALB
Attorney General

BETH MELLEN
Assistant Deputy Attorney General
Public Advocacy Division

*/s/ Wendy J. Weinberg*
ADAM TEITELBAUM (#1015715)
Director, Office of Consumer Protection
WENDY J. WEINBERG (#44560)
Senior Assistant Attorney General

Attorneys for the District of Columbia
Office of Consumer Protection
Office of the Attorney General
400 Sixth Street, N.W., 10th Floor
Washington, D.C. 20001
(202) 717-1383
Wendy.Weinberg@dc.gov