**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA, *et al.*,

Plaintiffs,

v.

MARINER FINANCE, LLC,

Defendant.

Case No. 2:22-cv-03253-KBH

Hon. Kelley Brisbon Hodge
(Electronically Filed)

**DEFENDANT'S MOTION FOR LEAVE TO FILE LIMITED MATERIAL UNDER SEAL AND SUPPORTING MEMORANDUM**

## I. INTRODUCTION

Defendant Mariner Finance, LLC ("Mariner") moves for leave to maintain redactions of, and file under seal the corresponding unredacted versions of, limited confidential commercial information included in (1) Plaintiffs' November 20, 2026 memorandum supporting their Motion to Compel and Exhibits 1–5 thereto and (2) Mariner's Opposition to Plaintiffs' Motion to Compel ("Opposition"), Exhibits 2 and 3 to the Opposition, and the Klapaska Declaration. The information consists of nonpublic financial information, internal business practices and systems information, and designated confidential deposition testimony discussing those matters. Mariner seeks targeted protection rather than a blanket seal over the parties' briefing of the discovery dispute. This motion is brought under Federal Rule of Civil Procedure 26(c)(1)(G), Local Civil Rules 5.1.2(6) and 5.1.5, and Section XII(e) of the Protective Order, ECF No. 107.

## II. ARGUMENT

### A. Governing Legal Standard

Rule 26(c)(1)(G) authorizes protection of "trade secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Because the materials were submitted in connection with a nondispositive discovery motion, Rule 26(c)'s good-cause standard applies. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164–66 (3d Cir. 1993); *Doe A.F. v. Lyft, Inc.*, No. 23-3990, 2024 WL 4466675, at *2–3 (E.D. Pa. Oct. 9, 2024). Good cause requires a particularized showing that disclosure would cause "a clearly defined and serious injury." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation omitted). A confidentiality designation alone does not suffice. Protective Order § XII(e), ECF No. 107.

Even if the Court applies the common-law presumption of access, the presumption is not absolute. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (citing *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). Courts may protect information where "the material is the kind of information that courts will protect," *id.* (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)), including records that are "sources of business information that might harm a litigant's competitive standing," *id.* at 679 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *see also Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

Mariner therefore identifies the information, the particular injury disclosure would cause, and the reasons narrower public redactions are appropriate below.

**B. Nature of the Materials and Interests Warranting Protection**

**Plaintiffs' memorandum and exhibits.** Mariner seeks protection of the nonpublic loan-volume, optional product sales, and parent-company revenue figures redacted on page 1 of Plaintiffs' memorandum; the nonpublic operational information redacted on pages 2–3; and the confidential underlying material in Exhibits 1–5, subject to the limitations below. The request does not extend to Plaintiffs' allegations, legal arguments, or information already disclosed in the public versions.

Exhibit 1 (MARINER00950738–MARINER00950744) is an excerpt from the consolidated financial report of WP Raven Acquisition, LLC and Subsidiaries. It contains nonpublic financial statements, including balance-sheet and income information. Exhibit 2 (MARINER00550800) contains Mariner's internal branch profit-projection tool and associated operating instructions. Exhibit 3 (MARINER00017973) contains a branch follow-up document recording internal performance, management instructions, and assessments. Mariner seeks

protection of the sensitive financial and operational content of these documents, with nonsensitive identifying material left public. Exhibits 4 and 5 contain excerpts of Lauran King's January 21, 2026 deposition and Eric Foss's August 7, 2025 deposition. The requested protection is limited to the redacted testimony revealing nonpublic internal sales instructions, branch practices, and calculator storage and use.

**Mariner's response materials.** Mariner seeks protection of the following designated confidential testimony contained in the deposition excerpts attached as Exhibits 2 and 3 to the Opposition, together with the corresponding quotations or descriptions on page 2 of the Opposition: Fred DeKeyser's April 1, 2026 deposition, 113:17–114:6 and 114:8–9; and Lauran King's January 21, 2026 deposition, 54:1–8. The deposition excerpts and corresponding passages in the Opposition describe Mariner's internal procedures for using payment calculators and retaining payment quotes.

Mariner also seeks protection of only the discrete sentences on pages 2–4 of the Opposition describing nonpublic system architecture and retrieval methods, and the corresponding substantive descriptions in paragraphs 2–4 of the Klapaska Declaration.

**Clearly defined and serious injury.** Public disclosure of this nonpublic information would enable competitors and commercial counterparties to exploit insights into Mariner's financial position and internal business processes to tailor competing offerings or commercial terms, placing Mariner at a competitive and negotiating disadvantage. *Leucadia, Inc.*, 998 F.2d at 166 (documents containing trade secrets or other confidential business information may be protected from disclosure); *Westinghouse*, 949 F.2d at 663 ("[t]he potential effects of the disclosure of business information that might harm the litigant's competitive standing may in some cases meet the burden of [justifying keeping] the judicial record under seal."). Mariner seeks to

redact only the specifically identified confidential information, rather than seal the parties' submissions wholesale, and will leave the remaining briefing and nonsensitive portions of the exhibits publicly accessible. These limited redactions are the least restrictive means of protecting that information while preserving public access to the substance of the discovery dispute.

## III. CONCLUSION

Mariner respectfully requests that the Court authorize the limited redactions identified above in Plaintiffs' November 20, 2026 memorandum and Exhibits 1–5 and in Mariner's Opposition and supporting materials and permit the corresponding unredacted versions to be filed under seal.

Dated: November 25, 2026

Respectfully submitted,

By: KIRKLAND & ELLIS LLP

*/s/ Atif Khawaja*

Atif Khawaja, P.C. (admitted *pro hac vice*)
Robert W. Allen, P.C. (admitted *pro hac vice*)
Alexia R. Brancato (admitted *pro hac vice*)
Sarah J. Schultes (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
atif.khawaja@kirkland.com
bob.allen@kirkland.com
alexia.brancato@kirkland.com
sarah.schultes@kirkland.com

Christopher B. Leach (admitted *pro hac vice*)
1301 Pennsylvania Avenue
Washington, D.C. 20004
(202) 389-5000
christopher.leach@kirkland.com

Matthew Summers (admitted *pro hac vice*)
2049 Century Park East
Los Angeles, California 90067
(310) 552-4200
matthew.summers@kirkland.com

Marianna C. Chapleau (admitted *pro hac vice*)
Dayron Silverio (admitted *pro hac vice*)
830 Brickell Plaza
Miami, Florida 33131
(305) 432-5600
mchapleau@kirkland.com
Dayron.silverio@kirkland.com

By: BALLARD SPAHR LLP

*/s/ Daniel JT McKenna*

Daniel JT McKenna
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8321
mckennad@ballardspahr.com

*Attorneys for Defendant Mariner Finance, LLC*