**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH<br><br>Hon. Kelley Brisbon Hodge<br>(Electronically Filed) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS**

## INTRODUCTION

Plaintiffs have once again sought the Court's intervention prematurely, on issues that are not ripe for decision. Over the past four years, Plaintiffs have served 229 requests for production, 41 interrogatories, and dozens of deposition notices. Defendant Mariner Finance, LLC ("Mariner") has responded to each one. Mariner has reviewed over four million documents across 94 custodians, at great expense, and produced over one million documents. Mariner has also produced ten-thousand hours of phone call recordings and other non-custodial documents that required extensive manual collection, including thousands of audits, personnel files, customer loan files, and comprehensive data on more than one million loans spanning eight years. Mariner even agreed to supplement multiple productions through the present, although fact discovery has extended well beyond the originally agreed-upon time period. Throughout, Mariner has conferred with Plaintiffs in good faith and repeatedly offered to work with Plaintiffs to avoid an impasse.

Plaintiffs nonetheless ask the Court to compel two categories of discovery. *See* Def.'s Ex. 1. For each one, Mariner explained either that it cannot comply with the request or that compliance would be unduly burdensome compared with a more specific request tailored to the needs of the case. In both instances, Mariner proposed reasonable compromises on November 4, 2026. Plaintiffs did not respond to either proposal, despite sitting across the table from Mariner's counsel at no fewer than 11 depositions and sending more than 20 emails to Mariner's counsel on other discovery issues between November 4 and the filing of their motion on November 20. Instead, Plaintiffs raced to the Court for the second time in two weeks, seeking relief without first engaging with Mariner's proposals, contrary to Rule 37(a)(1) and Judge Hodge's Local Rule I.B.

Plaintiffs' motion should be denied. As explained below, Mariner cannot reasonably produce the information sought by RFP No. 208. As to Interrogatory No. 3, Mariner maintains

that the request is overbroad and that a narrow response would have been appropriate. But to avoid burdening the Court with a dispute that could have been resolved between the parties, Mariner will provide the information requested by Interrogatory No. 3. The Court should therefore deny Plaintiffs' motion on the merits as to RFP No. 208 and deny it as moot as to Interrogatory No. 3.[1]

## ARGUMENT

### I. MARINER DOES NOT MAINTAIN PAYMENT CALCULATORS BY EMPLOYEE, AND COLLECTING THEM BROADLY WOULD BE GROSSLY DISPROPORTIONATE TO THE NEEDS OF THE CASE.

Plaintiffs' motion to compel the production of loan calculators in response to RFP No. 208 should be denied because it calls for information Mariner does not maintain in the ordinary course of business. RFP No. 208 seeks all payment calculators saved by 187 employees for loans those employees issued over the past eight years. Pls.' Ex. 10 at 7–8. [redacted] Def.'s Ex. 2, 113:17-114:9; Def.'s Ex. 3, 54:1–8. Payment calculators are not shown to customers and are oftentimes modified in real time rather than saved separately. Def.'s Ex. 4 at 19–20; Pls.' Ex. 10 at 8. Furthermore, as Mariner has repeatedly explained, saved calculators are not searchable [redacted] Klapaska Decl. [redacted]

[1] To remove any doubt, in response to RFP No. 204, Mariner will produce the saved payment calculators associated with Plaintiffs' remaining 58 disclosed customers. *See* Def.'s Ex. 4 at 19–20. Mariner does so even though the calculators have minimal probative value as a record of what any customer was actually quoted or what any specific employee presented to the customer, given how the calculators are used and saved. *See supra* Section I.

[redacted] Under Rule 34, a party responding to a document request is required to produce only those materials that are in its "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), and it is an "immutable rule" that "the court cannot compel the production of things that do not exist. Nor can the court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation." *Tech v. United States*, 284 F.R.D. 192, 198 (M.D. Pa. 2012); *see also Auto. Fin. Corp. v. DZ Motors, LLC*, 2018 WL 11446277, at *6 (D.N.J. Dec. 17, 2018) (collecting cases). As such, Plaintiffs' motion should be denied as to RFP No. 208.

Even if Plaintiffs identified the ***loans*** that the 187 employees closed over eight years, which would number in the tens of thousands, the burden on Mariner to collect those payment calculators would be out of proportion to the calculators' probative value. The saved calculators have limited probative value because they do not reliably show what any employee said or what any customer was quoted. [redacted] Klapaska Decl. [redacted] That is not achievable, much less proportionate to the low probative value of the requested data.

Given this difficulty, Mariner offered to produce specific calculators that Plaintiffs identified by reference to employee testimony as part of more targeted requests. Pls.' Ex. 9 at 5–

6. But Plaintiffs never responded to Mariner's proposal and instead filed this motion. Proportionality exists precisely to guard against "imposing an inordinate and expensive burden" to obtain materials "marginally relevant at most." *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 118 (M.D. Pa. 2017). Plaintiffs' authorities are not to the contrary. In *Buechler v. Jones*, the defendant "assert[ed] no facts that would lead this court to conclude the discovery sought is unduly expensive or arduous to obtain." 2025 WL 2256894, at *3 (D.S.D. Aug. 7, 2025). And *Briddell v. Saint Gobain Abrasives, Inc.* and *Alliance to End Repression v. Rochford* hold only that poor recordkeeping does not excuse production. 233 F.R.D. 57, 61 (D. Mass. 2005); 75 F.R.D. 441, 447 (N.D. Ill. 1977). Mariner's recordkeeping is not deficient; [redacted] Here, the combination of the "high cost of producing the evidence and its minimal probative value" justifies denying any broad request for the production of payment calculators. *Reichard v. United of Omaha Life Ins. Co.*, 805 F. App'x 111, 116–17 (3d Cir. 2020) ("combing [the insurer's] databases" would impose "a substantial burden," while "the information's value" would be "minimal at best"). The Court should therefore deny any such broad request.[2]

## II. MARINER WILL PRODUCE THE REQUESTED CONTACT INFORMATION DESPITE THE REQUEST'S OVERBREADTH.

Plaintiffs likewise never engaged with Mariner's compromise on their request for former employee contact information. Plaintiffs served Interrogatory No. 3 on February 28, 2025, asking Mariner to "[i]dentify" all Mariner employees who sold optional products and their accompanying

---

2 For example, Plaintiffs reference RFP No. 215, which requests all payment calculators for all customers from the Plaintiff States. Complying with this overbroad request would be unduly burdensome and disproportionate to the needs of the case for the reasons stated.

licenses. Pls.' Ex. 12 at 5–6. Mariner responded by referring Plaintiffs to licensing records and a list of 3,375 employees with their employee identifiers. *Id.*; Def.'s Ex. 5 at 13–15; Def.'s Ex. 6 at 7–8. Plaintiffs later requested all contact information for the former employees on the produced list to enable them "to distinguish [former employees] from other licensees with the same name" when verifying licensure of Mariner employees. Def.'s Ex. 7. At the October 28 meet-and-confer, Mariner explained that doing so would be burdensome and offered to provide contact information for any employees Plaintiffs specifically requested, where the provided name alone was insufficient to verify licensure. Plaintiffs, however, never engaged with or responded to that offer.

Mariner continues to believe that its targeted offer was the proportionate solution. Mariner does not dispute that former employees' contact information could help distinguish same-name licensees in the same state, but that potential relevance does not entitle Plaintiffs to information for the entire population when collecting it is burdensome. *See Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 558 (D. Minn. 2008) (denying additional employee contact information where the burden and expense of production would not "serve much (if any) benefit"); *accord In re Sunrise Securities Litigation*, 138 F.R.D. 60, 63 (E.D. Pa. 1991). But, consistent with Mariner's good-faith approach to discovery throughout this case and to spare the Court a dispute the parties should have resolved on their own, Mariner will produce the requested contact information. The Court should therefore deny this portion of Plaintiffs' motion as moot.

## **CONCLUSION**

The Court should deny Plaintiffs' motion to compel and further direct the parties to confer in good faith on any targeted requests for calculators before seeking further judicial intervention.

November 25, 2026

Respectfully submitted,

By: KIRKLAND & ELLIS LLP

*/s/ Atif Khawaja*

Atif Khawaja, P.C. (admitted *pro hac vice*)
Robert W. Allen, P.C. (admitted *pro hac vice*)
Alexia R. Brancato (admitted *pro hac vice*)
Sarah J. Schultes (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
(212) 446-4800
atif.khawaja@kirkland.com
bob.allen@kirkland.com
alexia.brancato@kirkland.com
sarah.schultes@kirkland.com

Christopher B. Leach (admitted *pro hac vice*)
1301 Pennsylvania Avenue
Washington, D.C. 20004
(202) 389-5000
christopher.leach@kirkland.com

Matthew Summers (admitted *pro hac vice*)
2049 Century Park East
Los Angeles, California 90067
(310) 552-4200
matthew.summers@kirkland.com

Marianna C. Chapleau (admitted *pro hac vice*)
Dayron Silverio (admitted *pro hac vice*)
830 Brickell Plaza
Miami, Florida 33131
(305) 432-5600
mchapleau@kirkland.com
Dayron.silverio@kirkland.com

By: BALLARD SPAHR LLP

*/s/ Daniel JT McKenna*

Daniel JT McKenna
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 864-8321
mckennad@ballardspahr.com

*Attorneys for Defendant Mariner Finance, LLC*