# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMM. OF PENNSYLVANIA, *et al.*,
Plaintiffs,

Case No. 2:22-cv-03253-KBH
Hon. Kelley Brisbon Hodge

v.

MARINER FINANCE, LLC,

Defendant.

**PLAINTIFFS' SIXTEENTH SET OF REQUESTS FOR PRODUCTION FROM MARINER FINANCE, LLC**

A. **YOU ARE HEREBY REQUESTED,** pursuant to Fed. R. Civ. P. 34 and in accordance with the Order entered on February 21, 2024 (ECF No. 69), to deliver to the Wisconsin Department of Justice, 17 West Main Street, Madison, WI 53707, on or before September 28, the documents and information requested in Paragraph D, below, in accordance with the definitions set forth in Paragraph B and instructions set forth in Paragraph C.

**B. DEFINITIONS**

For purposes of this Fifteenth Set of Requests for Production ("Requests"), unless otherwise indicated or defined in these Requests, the following terms shall have these meanings:[1]

1. "Add-on Products" means every insurance or other product that You offer or sell to Consumers in connection with Your loans, including the credit insurance products and "non-credit" or "ancillary" products described in Paragraph 30 of the Second Amended Complaint (ECF No. 86).

2. "And" and "Or" shall each be deemed to include and encompass the words "and" and "or."

3. "Cancellation E-Form" means any form that Mariner employees complete upon receipt of a consumer request to cancel Add-On Products, as testified to by Tisha Brown at p. 109 of her deposition transcript, and an exemplar of which can be found at MARINER02106001.

4. "Communication(s)" shall have the broadest definition and scope and shall include any oral or written utterances, notation, or statement of any nature, by and to whomever made, including correspondence, e-mails, conversations, discussions, interviews, consultations, agreements, oral discussions, or other understandings between or among two or more persons and

[1] These definitions do not seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties.

193. Documents Relating to interest income from Add-on Products, Including Documents containing the source data for the slide titled "Insurance Revenue as % of ANR (Direct Loans)" in the Monthly Insurance Business Review, an exemplar of which can be found at p. 13 of MARINER00026654.

194. Documents Relating to Profitability Metrics for Add-on Products.

195. Recordings of all voicemails from consumers Relating to cancellation of Add-On Products.

196. Recordings of all voicemails that include any Complaint.

197. All Mariner policies or procedures that reference consumer protection laws, Including laws prohibiting unfair, deceptive, or abusive acts or practices (UDAAP).

198. All data identifying all Cancellation E-Forms during the Relevant Time Period, produced as an Excel spreadsheet in the same format at MARINER01631341 ("E-Form Cancellation Spreadsheet").

199. Documents that show every "Reason for Cancellation Documented in Notes" referenced in Column M of the E-Form Cancellation Spreadsheet produced in response to RFP 198.

200. Every "Cancellation Request Attached in File Services," referenced in Column M of the E-Form Cancellation Spreadsheet produced in response to RFP 198.

201. To the extent not already produced in response to RFP 199 or 200, Documents sufficient to show every documented reason for cancellation of Add-On Products.

202. All Documents that identify and/or describe Complaints logged into Mariner's Complaint Management System/IssueTrak, Including all notes in the Complaint Management System/IssueTrak (as described by Tisha Brown at pp. 266-67 of her deposition transcript) and all Documents that identify and/or describe action Mariner took in response to such Complaints.

203. All audio, visual, multimedia, or interactive electronic training materials from the Relevant Time Period, including all audio or video recordings of live training sessions, meetings, and workshops by Chris Ryan Creative on behalf of Mariner, as referenced in MARINER00017928 ("Each workshop will have one of its sessions recorded by Chris Ryan Creative.").

204. Documents sufficient to show every saved payment calculator for every consumer identified on Plaintiffs' Preliminary Consumer Witness Disclosures served on July 9, 2026.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA, *et al.*,

Plaintiffs,

v.

MARINER FINANCE, LLC,

Defendant.

Case No. 2:22-cv-03253-KBH

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' SIXTEENTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant Mariner Finance, LLC ("Mariner") hereby objects and responds to Plaintiffs' Sixteenth Set of Requests for Production (Nos. 191–205), served via electronic mail on August 27, 2026.

## GENERAL OBJECTIONS

Mariner makes the following general objections to Plaintiffs' requests for production, which apply to each request for production regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Mariner objects to each request to the extent that it purports to impose upon Mariner discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders entered in this case, or agreements between the parties.

2. Mariner objects to the "Definitions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the

discovery. Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner agrees to meet and confer with Plaintiffs regarding this request.

**REQUEST FOR PRODUCTION NO. 204**

Documents sufficient to show every saved payment calculator for every consumer identified on Plaintiffs' Preliminary Consumer Witness Disclosures served on July 9, 2026.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 204**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist. Mariner objects to this request as irrelevant to the issues in this case, including because not all payment calculators presented to a customer are saved, meaning any document produced in response to this request will not provide a complete picture of what was presented to the customer.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMM. OF PENNSYLVANIA, *et al.*,
Plaintiffs,

Case No. 2:22-cv-03253-KBH
Hon. Kelley Brisbon Hodge

v.

MARINER FINANCE, LLC,

Defendant.

**PLAINTIFFS' SEVENTEENTH SET OF REQUESTS FOR PRODUCTION TO MARINER FINANCE, LLC**

A. **YOU ARE HEREBY REQUESTED,** pursuant to Fed. R. Civ. P. 34 and in accordance with the Order entered on February 21, 2024 (ECF No. 69), to deliver to the Plaintiff States through the Pennsylvania Office of Attorney General, 1600 Arch Street, 3rd Floor, Philadelphia, Pennsylvania 19103, on or before October 23, 2026, the documents and information requested in Section D, below, in accordance with the definitions set forth in Section B and instructions set forth in Section C.

**B. DEFINITIONS**

For purposes of this Seventeenth Set of Requests for Production ("Requests"), unless otherwise indicated or defined in these Requests, the following terms shall have these meanings:[1]

1. "Add-on Products" means every insurance or other product that You offer or sell to Consumers in connection with Your loans, including the credit insurance products and "non-credit" or "ancillary" products described in Paragraph 30 of the Second Amended Complaint (ECF No. 86).

2. "Add-on Product Negotiations" means any discussions, whether written, electronic, or oral, between Mariner and any Add-on Provider concerning the terms, pricing, commissions, structure, offering, sale, and provision of Add-on Products.

3. "Add-on Product Performance Materials" means any Documents, including reports, analyses, and reviews, that assess the sales performance, consumer response, profitability, and impact of Add-on Products.

[1] These definitions do not seek the impose requirements or obligations on Mariner in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties.

answer; a description of any efforts to obtain the information; and the source from which Plaintiffs may obtain information to complete your response. If books, records, or other sources that provide accurate answers are not available, provide your best estimates and describe how you derived the estimates, including the sources or bases of such estimates. Designate estimated data as such by marking it with the "est." notation. If there is no reasonable way for you to make an estimate, provide an explanation.

8. If particular Documents responsive to these Requests no longer exist for reasons other than the ordinary course of business, but you have reason to believe they have been in existence, describe the Documents, state the circumstances under which such Documents were lost or destroyed, and identify persons having knowledge of the content of the Documents.

9. The Requests apply to all geographic locations where Mariner Consumers reside or do business with Mariner.

10. For each of the Policies and Procedures produced in response to any Request, indicate the following: (1) the time period in which it was in use; (2) when it changed during the time period it was in use; and (3) every State in which it was in effect at any time.

11. Mariner should produce the Customer Files and Tables responsive to these Requests in a manner that readily identifies the Consumer related to those files. For example, Mariner may create a new field in its load files to identify the Consumer related to each Customer File and Table produced in response to these Requests. Alternatively, Mariner may collect and produce separate production volumes for each Consumer identified in Attachment A. Each Table produced in response to these Requests must be produced in Excel spreadsheet format and contain only a single Table for only a single Consumer.

## D. DOCUMENT REQUESTS

206. All written disclosures or documentation of consent made pursuant to Revised Code of Washington (RCW) 48.17.270(3) and (5).

207. The record of all transactions consummated under the insurance license belonging to any current or former Mariner employee located in Washington State made pursuant to RCW 48.17.470.

208. All Payment Calculators saved by each Mariner employee listed in Appendix A to these requests, saved during the time period indicated for each employee.

209. All call recordings reflecting Complaints from Consumers who reside in any of the Plaintiff States.

210. All Life of the South Insurance Company forms titled LS-3497-WA that include a consumer/debtor signature.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' SEVENTEENTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant Mariner Finance, LLC ("Mariner") hereby objects and responds to Plaintiffs' Seventeenth Set of Requests for Production (Nos. 206-212), served via electronic mail on September 23, 2026.

**GENERAL OBJECTIONS**

Mariner makes the following general objections to Plaintiffs' requests for production, which apply to each request for production regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Mariner objects to each request to the extent that it purports to impose upon Mariner discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders entered in this case, or agreements between the parties.

2. Mariner objects to the "Definitions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the

targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

**REQUEST FOR PRODUCTION NO. 207**

The record of all transactions consummated under the insurance license belonging to any current or former Mariner employee located in Washington State made pursuant to RCW 48.17.470.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 207**

Mariner objects to this request as vague and ambiguous, particularly as to the terms "record," "transactions consummated." Mariner will respond based on its understanding of these terms. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across seventeen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

**REQUEST FOR PRODUCTION NO. 208**

All Payment Calculators saved by each Mariner employee listed in Appendix A to these requests, saved during the time period indicated for each employee.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 208**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case, particularly in that it requests that Mariner search for and produce "[a]ll Payment Calculators saved by each Mariner employee listed in Appendix A." Plaintiffs have served over 200 Requests for Production across seventeen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify "[a]ll Payment Calculators saved by" 187 employees over two years into discovery.

Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist. Mariner objects to this request as irrelevant to the issues in this case, including because not all payment calculators presented to a customer are saved, meaning to the extent responsive documents exist and could be produced, they will not provide a complete picture of what was presented to the customer.

**REQUEST FOR PRODUCTION NO. 209**

All call recordings reflecting Complaints from Consumers who reside in any of the Plaintiff States.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 209**

Mariner objects to this request as vague and ambiguous, particularly as to the term "Complaints" as defined. Mariner will respond based on its understanding of this term. Mariner

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMM. OF PENNSYLVANIA, *et al.,*
Plaintiffs,

Case No. 2:22-cv-03253-KBH
Hon. Kelley Brisbon Hodge

v.

MARINER FINANCE, LLC,

Defendant.

**PLAINTIFFS' EIGHTEENTH SET OF REQUESTS FOR PRODUCTION TO MARINER FINANCE, LLC**

A. **YOU ARE HEREBY REQUESTED,** pursuant to Fed. R. Civ. P. 34 and in accordance with the Order entered on February 21, 2024 (ECF No. 69), to deliver to the Plaintiff States through the Pennsylvania Office of Attorney General, 1600 Arch Street, 3rd Floor, Philadelphia, Pennsylvania 19103, on or before November 13, 2026, the documents and information requested in Section D, below, in accordance with the definitions set forth in Section B and instructions set forth in Section C.

**B. DEFINITIONS**

For purposes of this Eighteenth Set of Requests for Production (Requests), unless otherwise indicated or defined in these Requests, the following terms shall have these meanings:[1]

1. "Add-on Products" means every insurance or other product that You offer or sell to Consumers in connection with Your loans, including the credit insurance products and "non-credit" or "ancillary" products described in Paragraph 30 of the Second Amended Complaint (ECF No. 86).

2. "Add-on Product Negotiations" means any discussions, whether written, electronic, or oral, between Mariner and any Add-on Provider concerning the terms, pricing, commissions, structure, offering, sale, and provision of Add-on Products.

3. "Add-on Product Performance Materials" means any Documents, including reports, analyses, and reviews, that assess the sales performance, consumer response, profitability, and impact of Add-on Products.

[1] These definitions do not seek the impose requirements or obligations on Mariner in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties.

including, but not limited to, all Branch Office Reviews and Credit and Compliance Audits completed within the Relevant Time Period for branches located in any of the Plaintiff States.[3]

214. An updated Appendix A to Mariner's 7/31/2025 Supplemental Responses to Plaintiff's First Set of Interrogatories. The updated Appendix A should contain employee numbers for every Mariner employee employed during the Relevant Time Period (January 1, 2018, through the present).[4]

215. All Customer Files for all Consumers from each of the Plaintiff States, including, but not limited to, all Payment Calculators.

216. All Personal Property Contents Coverage Type Data for all loans originated during the Relevant Time Period.[5]

217. Documents sufficient to identify the business reasons for, and benefits to Mariner from, including premiums for Add-on Products in loan principal.

218. The Personnel File for every branch employee of Mariner who worked in the Plaintiff States during the Relevant Time Period, including, but not limited to, the employees identified in the attached Exhibit A.

219. All Corrective Action Reports for branches in the Plaintiff States from the Relevant Time Period. If not apparent on the face of the Documents responsive to this Request, also produce Documents or information sufficient to identify the date, title, subject matter, scope, and persons or entities that prepared such Corrective Action Reports.

220. All Regulatory Filings or other reports submitted to state or federal government agencies stating loss ratios for any Insurance Product.

221. Documents sufficient to show results of all Post-Close Loan Verification Calls, including number of calls made, response rates, and issues identified. For issues identified, produce Documents sufficient to show the associated branch, account number, issue, issue category, date of the verification call, and resolution comments.

[3] By propounding this RFP, Plaintiffs are not waiving their position that Mariner is under a continuing duty to supplement prior productions pursuant to Fed. R. Civ. P. 26(e), as well as based on the express Instructions set forth in the Requests for Production.

[4] By propounding this RFP, Plaintiffs are not waiving their position that Mariner is under a continuing duty to supplement its prior response to Interrogatory No. 3 and all other Interrogatories pursuant to Fed. R. Civ. P. 26(e), as well as based on the express Instructions set forth in the Interrogatories.

[5] By propounding this RFP, Plaintiffs are not waiving their position that Mariner is under a continuing duty to supplement its responses to prior Requests for Production, including Plaintiffs' RFPs 1 and 140, which the parties narrowed and tailored during the meet and confer process for data sampling and analysis based upon the agreement that Mariner would produce further responsive data upon request of Plaintiffs.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**<u>PLAINTIFFS' EIGHTEENTH SET OF REQUESTS FOR PRODUCTION</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant Mariner Finance, LLC ("Mariner") hereby objects and responds to Plaintiffs' Eighteenth Set of Requests for Production (Nos. 213-229), served via electronic mail on October 14, 2026.

**<u>GENERAL OBJECTIONS</u>**

Mariner makes the following general objections to Plaintiffs' requests for production, which apply to each request for production regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Mariner objects to each request to the extent that it purports to impose upon Mariner discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders entered in this case, or agreements between the parties.

2. Mariner objects to the "Definitions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the

and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across eighteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner provided an updated Appendix A to Mariner's 7/31/2025 Supplemental Responses to Plaintiffs' First Set of Interrogatories on October 29, 2026.

**REQUEST FOR PRODUCTION NO. 215**

All Customer Files for all Consumers from each of the Plaintiff States, including, but not limited to, all Payment Calculators.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 215**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case, particularly in that it requests that Mariner search for and produce "all documents that refer, relate, or pertain to a Consumer, including all loan documents, Add-On Product information, call recordings, [and] Communications with and about the consumer." Plaintiffs have served over 200 Requests for Production across eighteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one

million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify "all Customer Files" and "all Payment Calculators" associated with "all Consumers from the Plaintiff States." Mariner has already provided loan files for over 400 customers.

Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist. Mariner objects to this request as irrelevant to the issues in this case, including because not all payment calculators presented to a customer are saved, meaning to the extent responsive documents exist and could be produced, they will not provide a complete or accurate picture of what was presented to the customer.

**REQUEST FOR PRODUCTION NO. 216**

All Personal Property Contents Coverage Type Data for all loans originated during the Relevant Time Period.[3]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 216**

Mariner objects to this request as vague and ambiguous, particularly as to the term "Personal Property Contents Coverage Type Data" as defined. Mariner will respond based on its understanding of this term. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across eighteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless

---

[3] By propounding this RFP, Plaintiffs are not waiving their position that Mariner is under a continuing duty to supplement its responses to prior Requests for Production, including Plaintiffs' RFPs 1 and 140, which the parties narrowed and tailored during the meet and confer process for data sampling and analysis based upon the agreement that Mariner would produce further responsive data upon request of Plaintiffs.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMM. OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH<br>Hon. Kelley Brisbon Hodge |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT MARINER FINANCE, LLC**

**A. YOU ARE HEREBY REQUESTED,** pursuant to Fed. R. Civ. P. 33 and in accordance with the Order entered on February 21, 2024 (ECF No. 69), to deliver to the Plaintiff States through the Pennsylvania Office of Attorney General, 1600 Arch Street, 3d Floor, Philadelphia, Pennsylvania 19103, on or before March 31, 2025 the information requested in Section D, below, in accordance with the definitions set forth in Section B and instructions set forth in Section C. Space for your responses has been provided after each request. If the space provided for the response is not sufficient, please attach additional pages, noting the question/request to which you are responding.

**B. DEFINITIONS**

For purposes of this First Set of Interrogatories ("Requests"), unless otherwise indicated or defined in these Requests, the following terms shall have these meanings:

1. "Add-on Products" means every insurance or other product that You offer or sell to Consumers in connection with Your loans, Including the credit insurance products and "non-credit" or "ancillary" products described in Paragraph 30 of the Second Amended Complaint (ECF No. 86).

2. "Add-on Providers" means any insurance company or other entity that provides, or has sought or discussed with Mariner the opportunity to provide, Add-on Products to Mariner's customers.

3. "And" and "Or" shall each be deemed to include and encompass the words "and" and "or."

you derived the estimates, Including the sources or bases of such estimates. Designate estimated data as such by marking it with the "est." notation. If there is no reasonable way for you to make an estimate, provide an explanation.

9. If information responsive to these Requests no longer exists or is unavailable for reasons other than the ordinary course of business, but you have reason to believe it has been in existence, describe the information, state the circumstances under which such information was lost or destroyed, and identify persons having knowledge of the information.

10. Unless otherwise specified, the Requests apply to all geographic locations where Mariner Consumers reside or do business with Mariner.

## D. INTERROGATORIES

1. With regard to Plaintiffs' RFP 1 and the Data Responses:

   a. With specific reference to each applicable spreadsheet and column of the Data Responses, Identify every Electronic System from which Mariner exported data for the Data Responses;

   b. With specific reference to each applicable spreadsheet and column of the Data Responses, state each source table and data field in the Data Dictionary that Mariner used to populate the Data Responses;

   c. With specific reference to each applicable spreadsheet and column of the Data Responses, state each query performed to populate the Data Responses and describe each query with enough detail to enable someone to reperform that query; and

   d. Identify all persons who assisted in preparing the Data Responses and describe in detail the tasks performed and/or input provided by each such person. Where applicable, Your response should include specific reference to spreadsheets and columns in the Data Responses.

2. In addition to Your response to Interrogatory No. 1, Identify all persons who assisted in responding to discovery Requests in this case, Including the First, Second, Third, Fourth, and Fifth Sets of Requests for Production. Your response should specify each discovery Request for which each identified person provided documents or information. Your response should be supplemented for any future sets of requests for production that may be served on You in this litigation.

3. Identify all Mariner employees, contractors, or other agents who sold, or offered for sale, Add-on Products during the Relevant Time Period, and all municipal, state, and/or federal license(s) each such employee held associated with the sale of such products. For each identified license, Your response should include the date when the license was obtained, the dates the license remained valid, the licensing body, and all unique

identifiers (e.g., license number) associated with the license, Including those identifiers assigned by the licensing body.

4. List every sale of an Add-on Product during the Relevant Period made by a Mariner employee, contractor, or other agent who lacked one or more valid licenses required to sell that product for Mariner in the Relevant Jurisdiction, Including where no record of the Mariner employee, contractor, or other agent is identifiable. Your response should include the Add-on Product, the date the sale occurred, the premium amount, any subsequent refund of unearned premium, the Mariner employee, contractor, or other agent who sold that Add-on Product, and the loan number in connection with the sale.

5. Identify all Add-on Products offered by Mariner during the Relevant Time Period. For each identified Add-on Product, Identify the Add-on Provider, the Relevant Jurisdiction(s) in which it was offered, and the dates each such Add-on Product was offered in each identified Relevant Jurisdiction.

6. Identify all agreements between You and any Add-on Provider during the Relevant Time Period.

7. Describe how You calculate interest on loans issued to consumers in each of the Relevant Jurisdictions, Including precomputed interest. Your response should include all aspects of interest calculation, Including, the calculation of interest, pro rata or otherwise, in the event of a refund. To the extent such calculation varies by Relevant Jurisdiction, loan product, or other variable, your response should explain such variations with specificity.

8. Identify and describe all sales incentive programs or bonus programs implemented during the Relevant Time Period, Including such programs related to the origination of new loans, the sale of Add-on Products, and the extension, renewal, conversion, or refinance of existing loans. Your response should include any branding (e.g., "Baceball" or "Fast and Furious") of the program; how the program was structured, implemented, and communicated to employees; whether any component of the program included competitive or comparative elements between branches or employees; the dates each program was in place; and, if applicable, the Relevant Jurisdiction(s) in which it was implemented.

9. Identify and describe all actions taken by Mariner to change any of Your business practices in response to or as a result of the July 1, 2018 Washington Post article by Peter Whoriskey, titled "'A Way of Monetizing Poor People': How Private Equity Firms Make Money Offering Loans to Cash-Strapped Americans." Your answer should include a description of any analyses performed by Mariner related to such actions and changed business practices.

10. For each affirmative defense asserted in Your Answer to Second Amended Complaint for Permanent Injunction and Other Relief (ECF No. 89) that has not been stricken by the Court, please state all facts upon which You rely to support that defense, Including the

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH |

**DEFENDANT'S OBJECTIONS AND SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 3 AND 5)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant Mariner Finance, LLC ("Mariner") hereby objects and supplementally responds to Plaintiffs' First Set of Interrogatories (Nos. 3 and 5), served via electronic mail on February 28, 2025.

## GENERAL OBJECTIONS

Mariner makes the following general objections to Plaintiffs' interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and supplemental responses below.

1. Mariner objects to each interrogatory to the extent that it purports to impose upon Mariner discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders entered in this case, or agreements between the parties.

2. Mariner objects to the "Definitions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the

in each response.

15. Mariner's discovery and investigation in connection with this case are ongoing. As a result, Mariner's supplemental responses are based on information obtained and reviewed to date, and the objections, limitations, and responses contained in this supplemental response are subject to and without waiver of any right of Mariner to: (a) object to other discovery requests directed to the subject matter of the interrogatories and this response; (b) make additional or supplementary objections to the interrogatories; and (c) revise, correct, supplement, or clarify the contents of this supplemental response, after considering information obtained or reviewed through further discovery and investigation.

16. Mariner objects to the March 31, 2025 return date as unduly burdensome as it does not provide Mariner sufficient time to investigate and fully respond to each of the interrogatories.

17. If Mariner provides a supplemental response, partial or otherwise, to an interrogatory such supplemental response is not intended to be, and shall not be construed to be, a waiver of any objections Mariner may have as to that interrogatory.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 3**

Identify all Mariner employees, contractors, or other agents who sold, or offered for sale, Add-on Products during the Relevant Time Period, and all municipal, state, and/or federal license(s) each such employee held associated with the sale of such products. For each identified license, Your response should include the date when the license was obtained, the dates the license remained valid, the licensing body, and all unique identifiers (e.g., license number) associated with the license, Including those identifiers assigned by the licensing body.

**RESPONSE TO INTERROGATORY NO. 3**

Mariner objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case. Specifically, Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information.

Mariner further objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Request for Production No. 83, which requests "All Documents sufficient to identify: "a. The name and job title of every Mariner employee who sold one or more Add-on Products during the relevant time period; b. Which Add-on Product(s) that employee sold; c. The name of the customer to whom such Add-on Product(s) was/were sold; d. The date of each sale; and e. Any contract or certificate of insurance issued to the customer for each Add-on Product, including signature pages, if any."

Subject to and without waiving its General or Specific Objections, Mariner states as follows: pursuant to Federal Rule of Civil Procedure 33(d), Mariner identifies the following documents containing information responsive to this interrogatory: MARINER00433724 and the Master License Tracking report attached to these responses as Appendix A. Additionally, information responsive to this interrogatory may be contained in documents that are the subject of future production pursuant to the parties' ongoing meet and confers, including historical insurance licensing trackers maintained by Mariner's Insurance Department. Mariner reserves the right to supplement its response to this interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Mariner objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case. Specifically, Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information. Mariner further objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the

information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Request for Production No. 83, which requests "All Documents sufficient to identify: "a. The name and job title of every Mariner employee who sold one or more Add-on Products during the relevant time period; b. Which Add-on Product(s) that employee sold; c. The name of the customer to whom such Add-on Product(s) was/were sold; d. The date of each sale; and e. Any contract or certificate of insurance issued to the customer for each Add-on Product, including signature pages, if any."

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows pursuant to Federal Rule of Civil Procedure 33(d): information identifying the Mariner employee's teller number associated with optional product sales during the Relevant Time Period in the Plaintiff states can be found in the FPUF Tables, specifically in column CD (field name: UFC31), produced at:

- MARINER00433724
- MARINER00756010
- MARINER00756171
- MARINER00756290
- MARINER00756273
- MARINER00755967
- MARINER00756012
- MARINER00755905
- MARINER00755976
- MARINER00755894
- MARINER00756254
- MARINER00756220

Additionally, attached as Appendix A to these responses is a reference table identifying the teller number of Mariner employees during the Relevant Time Period, and information identifying Branch Managers of branches in the Plaintiff states can be found in the Branch Directory, located at MARINER00949032, and in the list of current and former Branch Managers provided to Plaintiffs via e-mail on September 12, 2024.

Information on employee license status can be found in the Master License Tracking report attached to these responses as Appendix B, as well as in the following documents:

- MARINER00755803
- MARINER00755584
- MARINER00755839
- MARINER00755859
- MARINER00755639
- MARINER00755674
- MARINER00755747
- MARINER00755868
- MARINER00755577
- MARINER00755561
- MARINER00755703
- MARINER00755642
- MARINER00755668
- MARINER00755772
- MARINER00949036
- MARINER00949037

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Mariner objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case. Specifically, Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information. Mariner further objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Request for Production No. 83, which requests "All Documents sufficient to identify: "a. The name and job title of every Mariner employee who sold one or more Add-on Products during the relevant time period; b. Which Add-on Product(s) that employee sold; c. The name of the customer to whom such Add-on Product(s) was/were sold; d. The date of each sale; and e. Any contract or certificate of insurance issued to the customer for each Add-on Product, including signature pages, if any."

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows: the Master License Tracking report, attached as Appendix B to Mariner's July 31, 2025 Supplemental Response to this Interrogatory, was created in or around May of 2019, and was used and updated through the implementation of Mariner's Insurance License Tracking system in or around January of 2023. Additionally, pursuant to Federal Rule of Civil Procedure 33(d), further information on Mariner employee licenses, license applications, and license status can be found in Mariner Production Volume 68 at MARINER01891838 – MARINER01896365.

**INTERROGATORY NO. 5**

Identify all Add-on Products offered by Mariner during the Relevant Time Period. For each identified Add-on Product, Identify the Add-on Provider, the Relevant Jurisdiction(s) in which it was offered, and the dates each such Add-on Product was offered in each identified Relevant Jurisdiction.

**RESPONSE TO INTERROGATORY NO. 5**

Mariner objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Plaintiffs' Requests for Production and as seeking information that Mariner has previously provided to Plaintiffs, including during Plaintiffs' pre-litigation investigations into Mariner that spanned several years.

Subject to and without waiving its General or Specific Objections, Mariner states as follows: in general, Mariner has offered the following optional products to consumers in the Plaintiff states in conjunction with the issuance of consumer loans during the Relevant Time Period where allowed under state law:

- Credit Life Insurance
- Credit Disability Insurance