# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH |

**DEFENDANT'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' SIXTEENTH SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant Mariner Finance, LLC ("Mariner") hereby objects and responds to Plaintiffs' Sixteenth Set of Requests for Production (Nos. 191–205), served via electronic mail on August 27, 2026.

## GENERAL OBJECTIONS

Mariner makes the following general objections to Plaintiffs' requests for production, which apply to each request for production regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Mariner objects to each request to the extent that it purports to impose upon Mariner discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders entered in this case, or agreements between the parties.

2. Mariner objects to the "Definitions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the

Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties. Mariner further objects to the "Definitions" to the extent they purport to alter the plain meaning and/or scope of any specific request, on the ground that such alteration renders the request vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable. Mariner's responses to such requests shall not be construed as an admission, agreement, or acquiescence to any such Definition.

3. Mariner objects to the "Instructions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties, including the parties' Stipulated Order Regarding Discovery of Electronically Stored Information (ECF 108) and the Protective Order (ECF 107) entered in this case. Mariner specifically objects to Instruction No. 7 on this basis. Mariner is not obligated to generate or provide "estimates" in response to a request for production, nor is Mariner obligated to provide an explanation, a description, or an incomplete answer in response to a request for production.

4. Mariner objects to each request to the extent it calls for a legal conclusion, presents a legal question or question of pure law, and/or is vague or ambiguous.

5. Mariner objects to each request to the extent that it is cumulative or duplicative of Plaintiffs' requests, whether formal or informal, in this matter or in other proceedings, including any investigations that preceded the filing of this matter.

6. Mariner is responding to each request as it interprets and understands each request with respect to the issues in this action. If Plaintiffs assert a different interpretation of any request, Mariner reserves the right to supplement or amend its responses or objections.

7. Mariner objects to the definitions of "Mariner," "you," and "your" to the extent that the definitions are overly broad and require Mariner to produce documents or things that are not within the possession, custody, or control of Mariner. Mariner's response is on behalf of Mariner Finance, LLC and no other entity or person.

8. Mariner objects to Plaintiffs' use of the phrases "all Documents" and "all Communications" in its requests to the extent that they render a request overly broad and unduly burdensome, including to the extent those phrases imply a request that Mariner conduct a search beyond the location or locations where responsive documents are reasonably likely to be found. Mariner interprets these phrases to request production of responsive documents located after conducting a reasonable search of the location or locations where responsive documents are reasonably likely to be found.

9. Mariner objects to each request to the extent that it requires Mariner to search for and locate all documents that may be stored in its voluminous files or the files of its numerous employees. Mariner will conduct a reasonably diligent search of those locations where responsive documents are reasonably likely to be located.

10. Mariner objects to each request as premature to the extent it calls for documents or information that is the subject of later disclosure deadlines in the action and/or expert reports and testimony, including as required by the schedule governing this action.

11. Mariner objects to these requests to the extent they seek to impose an obligation to identify or search for information or documents at any location, or from any source other than where they would reasonably be expected to be stored in the ordinary course of business.

12. Mariner objects to each request to the extent that it requests documents and/or information outside of the geographic territory of the Plaintiff States.

13. Mariner objects to each request to the extent that it is overly broad, unduly burdensome, and/or calls for the production of documents or things that are neither relevant to any claim or defense in this action nor proportional to the needs of the case. Mariner agrees to meet and confer with Plaintiffs on an appropriate scope of Mariner's search for and production of documents in response to these requests, including an agreement on appropriate custodians, search terms, and the use of technology-assisted review.

14. Mariner objects to each request to the extent that it calls for production of documents and/or things that are not within the possession, custody, or control of Mariner, or calls for Mariner to prepare documents and/or things that do not already exist.

15. Mariner objects to each request to the extent that it calls for the production of documents and things that are publicly available or equally available to Plaintiffs, and therefore are of no greater burden for Plaintiffs to obtain than for Mariner to obtain.

16. Mariner objects to each request to the extent it seeks information or documents that Mariner is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Mariner will produce such responsive, non-privileged documents to the extent described herein in accordance with the Protective Order (ECF 107) entered in this action and after complying with its obligations to any relevant third parties and/or court(s).

17. Mariner objects to each request to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common interest privilege, and/or any other applicable privilege, immunity or protection (collectively, as used herein, "privileged"). Nothing contained in these responses should be considered a waiver of any attorney client privilege, work-product protection, or any other applicable privilege or doctrine. Mariner does not intend to produce documents that would divulge any privileged information. Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

18. Mariner objects to each request to the extent that it is vague, ambiguous, or confusing due to Plaintiffs' failure to define terms or failure to describe the documents sought with reasonable particularity.

19. Mariner objects to any factual characterizations in Plaintiffs' requests. By responding, Mariner does not accept or admit any of Plaintiffs' factual characterizations.

20. Mariner's discovery and investigation in connection with this case are ongoing. As a result, Mariner's responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in this response are subject to and without waiver of any right of Mariner to: (a) object to other discovery requests directed to the subject matter of the requests and this response; (b) make additional or supplementary objections to the requests; and (c) revise, correct, supplement, or clarify the contents of this response, after considering information obtained or reviewed through further discovery and investigation.

21. By identifying or producing any information, documents, or things in response to any request, Mariner does not stipulate, and expressly reserves all objections, to the authenticity, relevance, materiality, and admissibility of any such documents and things.

22. Any Mariner response that it will produce documents should not be construed to mean that responsive documents in fact exist. Rather, such a response indicates that if such responsive, non-privileged, non-objectionable documents exist, are in Mariner's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive documents are reasonably likely to be located, they will be produced in a timely manner.

23. Mariner objects to the requests because they do not provide sufficient time for Mariner to conduct a reasonably diligent search and produce responsive, non-privileged documents. Mariner further objects to the requests' September 28, 2026, response and production date as unduly burdensome. Mariner agrees to meet and confer with Plaintiffs concerning a reasonable time in which Mariner will respond to these requests, including an agreement on a rolling production schedule.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 191**

Each Monthly Insurance Business Review, not already produced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome

searches to identify additional documents over two years into discovery. Mariner further objects to this request as seeking information already produced to Plaintiffs.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner has already produced documents responsive to this request, which are listed in Appendix A at the tab titled "RFP No. 191." Mariner will conduct a reasonably diligent search and produce additional responsive, non-privileged documents in its possession, custody, or control to the extent they exist in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 192**

All monthly income statements specific to Add-on Products, as described by Laird Oskin at pp. 222-223 of his deposition transcript.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 192**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery. Mariner further objects to this request as seeking information already produced to Plaintiffs.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner has already produced documents responsive to this request, which are listed in Appendix A at the tab titled "RFP No. 192." Mariner will conduct a reasonably diligent search

and produce additional responsive, non-privileged documents in its possession, custody, or control to the extent they exist in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 193**

Documents Relating to interest income from Add-on Products, Including Documents containing the source data for the slide titled "Insurance Revenue as % of ANR (Direct Loans)" in the Monthly Insurance Business Review, an exemplar of which can be found at p. 13 of MARINER00026654.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 193**

Mariner objects to this request as vague and ambiguous, particularly as to the term "source data." Mariner will respond based on its understanding of this term. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request as seeking information that is cumulative of what has already been produced to Plaintiffs. Mariner objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner will conduct a reasonably diligent search and produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 194**

Documents Relating to Profitability Metrics for Add-on Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 194**

Mariner objects to this request as vague and ambiguous, particularly as to the term "Profitability Metrics" as defined. Mariner will respond based on its understanding of this term. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request as seeking information duplicative and cumulative of the information sought by Plaintiffs' Request for Production No. 193 and as seeking information already produced to Plaintiffs. Mariner objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner agrees to meet and confer with Plaintiffs regarding this request following its completion of production of other documents in response to Plaintiffs' Sixteenth Set of Requests for Production.

**REQUEST FOR PRODUCTION NO. 195**

Recordings of all voicemails from consumers Relating to cancellation of Add-On Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 195**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Plaintiffs have already requested, and Mariner has already produced, call recordings regarding optional product cancellations. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request as seeking information cumulative of the information sought by Plaintiffs' Second Set of Requests for Production, particularly Request No. 2. Mariner objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner agrees to meet and confer with Plaintiffs regarding this request following its completion of production of documents in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 196**

Recordings of all voicemails that include any Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 196**

Mariner objects to this request as vague and ambiguous, particularly as to the term "Complaint" as defined. Mariner will respond based on its understanding of this term. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case, particularly in that this request seeks recordings of voicemails that include "any Complaint" regardless of whether or not such Complaints are relevant to any issues in this litigation.

Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request as seeking information cumulative of the information sought by Plaintiffs' Requests for Production Nos. 31, 45, 52, and 112. Mariner objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner agrees to meet and confer with Plaintiffs regarding this request.

**REQUEST FOR PRODUCTION NO. 197**

All Mariner policies or procedures that reference consumer protection laws, Including laws prohibiting unfair, deceptive, or abusive acts or practices (UDAAP).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 197**

Mariner objects to this request as vague and ambiguous, particularly as to the terms "policies," "procedures," and "consumer protection laws." Mariner will respond based on its understanding of these terms. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request as seeking information cumulative of what has already been produced to Plaintiffs. In 2024, Mariner produced over one thousand policies and procedures and a chart identifying all of Mariner's policies and procedures, both active and obsolete. Mariner objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner has already produced documents responsive to this request, which are listed in Appendix A at the tab titled "RFP No. 197."

**REQUEST FOR PRODUCTION NO. 198**

All data identifying all Cancellation E-Forms during the Relevant Time Period, produced as an Excel spreadsheet in the same format at MARINER01631341 ("E-Form Cancellation Spreadsheet").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 198**

Mariner objects to this request as vague and ambiguous, particularly as to the phrase "data identifying." Mariner will respond based on its understanding of this phrase. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request as seeking information cumulative of the information sought by Plaintiffs' Request for Production No. 88. Mariner objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner will conduct a reasonably diligent search and produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 199**

Documents that show every "Reason for Cancellation Documented in Notes" referenced in Column M of the E-Form Cancellation Spreadsheet produced in response to RFP 198.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner objects to this request as seeking information cumulative of the information sought by Plaintiffs' Request for Production No. 88. Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner will conduct a reasonably diligent search and produce responsive, non-privileged

documents in its possession, custody, or control to the extent they exist in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 200**

Every "Cancellation Request Attached in File Services," referenced in Column M of the E-Form Cancellation Spreadsheet produced in response to RFP 198.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 200**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner objects to this request as seeking information cumulative of the information sought by Plaintiffs' Request for Production No. 88. Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner will conduct a reasonably diligent search and produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 201**

To the extent not already produced in response to RFP 199 or 200, Documents sufficient to show every documented reason for cancellation of Add-On Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 201**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner objects to this request as seeking information cumulative of the information sought by Plaintiffs' Requests for Production Nos. 88, 199, and 200. Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner directs Plaintiffs to documents produced in response to Plaintiffs' Requests for Production Nos. 88, 199, and 200.

**REQUEST FOR PRODUCTION NO. 202**

All Documents that identify and/or describe Complaints logged into Mariner's Complaint Management System/IssueTrak, Including all notes in the Complaint Management

System/IssueTrak (as described by Tisha Brown at pp. 266-67 of her deposition transcript) and all Documents that identify and/or describe action Mariner took in response to such Complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 202**

Mariner objects to this request as vague and ambiguous, particularly as to the terms "notes," "action," and "Complaints" as defined. Mariner will respond based on its understanding of these terms. Mariner further objects to this request as overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case, particularly as it requests documents related to "Complaints logged into Mariner's Complaint Management System" regardless of whether or not such Complaints are relevant to any issues in this litigation.

Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request as seeking information cumulative of the information sought by Plaintiffs' Requests for Production Nos. 31, 45, 52, and 112. Mariner objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner agrees to meet and confer with Plaintiffs regarding this request following its

completion of production of other documents in response to Plaintiffs' Sixteenth Set of Requests for Production.

**REQUEST FOR PRODUCTION NO. 203**

All audio, visual, multimedia, or interactive electronic training materials from the Relevant Time Period, including all audio or video recordings of live training sessions, meetings, and workshops by Chris Ryan Creative on behalf of Mariner, as referenced in MARINER00017928 ("Each workshop will have one of its sessions recorded by Chris Ryan Creative.").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 203**

Mariner objects to this request as vague and ambiguous, particularly as to the terms "interactive," "electronic training materials," and "sessions." Mariner will respond based on its understanding of these terms. Mariner further objects to this request as unduly burdensome and seeking irrelevant documents. Mariner objects to this request as overbroad and disproportionate to the needs of the case, particularly in that it requests that Mariner search for and produce "[a]ll audio, visual, multimedia, or interactive electronic training materials from the Relevant Time Period," regardless of their relevance to the claims and defenses in this matter.

Mariner further objects to this request as seeking information duplicative and/or cumulative of the information sought by Plaintiffs' Requests for Production Nos. 32, 33, 42, 142, and 143. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into

discovery. Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner agrees to meet and confer with Plaintiffs regarding this request.

**REQUEST FOR PRODUCTION NO. 204**

Documents sufficient to show every saved payment calculator for every consumer identified on Plaintiffs' Preliminary Consumer Witness Disclosures served on July 9, 2026.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 204**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist. Mariner objects to this request as irrelevant to the issues in this case, including because not all payment calculators presented to a customer are saved, meaning any document produced in response to this request will not provide a complete picture of what was presented to the customer.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner will conduct a reasonably diligent search and produce responsive, non-privileged documents in its possession, custody, or control to the extent they exist in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 205**

All recordings of loan by phone closings and Add-On Product cancellations, not already produced.[1]

**RESPONSE TO REQUEST FOR PRODUCTION NO. 205**

Mariner objects to this request as vague, overbroad, unduly burdensome, seeking irrelevant documents, and disproportionate to the needs of the case. Plaintiffs have served over 200 Requests for Production across sixteen sets. Mariner has reviewed over four million documents, produced over one million documents, made countless targeted collections in addition to custodial collections, produced nearly ten thousand hours of phone call recordings, produced over thirty company witnesses for deposition, and produced bespoke and comprehensive data on over one million loans spanning eight years. Mariner objects to conducting further expansive, burdensome searches to identify additional documents over two years into discovery.

Mariner further objects to this request as seeking information cumulative of the information sought by Plaintiffs' Second Set of Requests for Production, particularly Request No. 2. Mariner has already produced over sixty thousand recordings in response to Request No. 2 and continues to search for and produce recordings through March 2025. Collecting, reviewing, and producing the same type of recordings for an additional eighteen months would provide limited to no new

[1] This Request for Production is for a targeted search and production of all such recordings for the entirety of the Relevant Time Period, not just as of the collection date of prior call recordings that have been produced in response to RFP 2.

information which is far outweighed by the burden of doing so. Mariner objects to this request to the extent it calls for information not maintained in the ordinary course of business or calls for Mariner to prepare documents and/or things that do not already exist.

Subject to and without waiving its General and Specific Objections, Mariner responds as follows: Mariner agrees to meet and confer with Plaintiffs regarding this request.

Dated: September 28, 2026

By: KIRKLAND & ELLIS LLP

*/s/ Atif Khawaja*

Atif Khawaja, P.C. (admitted *pro hac vice*)
Robert W. Allen, P.C. (admitted *pro hac vice*)
Alexia R. Brancato, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, NY 10016
(212) 446-4800
akhawaja@kirkland.com
bob.allen@kirkland.com
alexia.brancato@kirkland.com

HUDSON COOK, LLP

Lucy E. Morris (admitted *pro hac vice*)
A. James Chareq (admitted *pro hac vice*)
Julia K. Whitelock (admitted *pro hac vice*)
Robert D. Tilley (admitted *pro hac vice*)
1909 K Street, NW, 4th Floor
Washington, DC 20006
202.327.9710 / 202.327.9711
lmorris@hudco.com
jchareq@hudco.com
jwhitelock@hudco.com
rtilley@hudco.com

BALLARD SPAHR LLP

Daniel JT McKenna
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599
215.864.8321
mckennad@ballardspahr.com

*Attorneys for Defendant Mariner Finance, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September 2026, a copy of the foregoing was served via e-mail on all counsel of record.

*/s/ Matthew Summers*______________________
Matthew Summers (admitted *pro hac vice*)
2049 Century Park East
Los Angeles, CA 90067
(213) 680-8215
matthew.summers@kirkland.com