# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH |

**DEFENDANT'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO**
**<u>PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1–5)</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant Mariner Finance, LLC ("Mariner") hereby objects and supplementally responds to Plaintiffs' First Set of Interrogatories (Nos. 1–5), served via electronic mail on February 28, 2025.

**<u>GENERAL OBJECTIONS</u>**

Mariner makes the following general objections to Plaintiffs' interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and supplemental responses below.

1. Mariner objects to each interrogatory to the extent that it purports to impose upon Mariner discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders entered in this case, or agreements between the parties.

2. Mariner objects to the "Definitions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the

Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties. Mariner further objects to the "Definitions" to the extent they purport to alter the plain meaning and/or scope of any specific interrogatory, on the ground that such alteration renders the interrogatory vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable. Mariner further objects to the following Definitions and terms as vague and ambiguous: "Electronic System," "Relating to," and "Related to." Mariner's supplemental responses to such interrogatories shall not be construed as an admission, agreement, or acquiescence to any such Definition.

3. Mariner objects to the "Instructions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties. Mariner specifically objects to Instruction No. 8 on this basis.

4. Mariner objects to each interrogatory to the extent that it is overly broad, unduly burdensome, and/or neither relevant to any claim or defense in this action nor proportional to the needs of the case.

5. Mariner objects to each interrogatory to the extent it calls for a legal conclusion, presents a legal question or question of pure law, and/or is vague or ambiguous.

6. Mariner objects to each interrogatory to the extent that it seeks information that is not in the possession, custody, or control of Mariner.

7. Mariner objects to each interrogatory to the extent it calls for information already known to Plaintiffs or equally available to Plaintiffs from sources other than Mariner, including

publicly available information.

8. Mariner is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this action. If Plaintiffs assert a different interpretation of any interrogatory, Mariner reserves the right to supplement or amend its responses or objections.

9. Mariner objects to each interrogatory as premature to the extent it calls for information that is the subject of later disclosure deadlines in the action and/or expert reports and testimony, including as required by the schedule governing this action.

10. Mariner objects to each interrogatory to the extent that it requests information outside of the geographic territory of the Plaintiff States. Mariner specifically objects to Instruction No. 10 on this basis.

11. Mariner objects to each interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, common interest privilege, and/or any other applicable privilege, immunity, or protection (collectively, as used herein, "privileged"). Nothing contained in these supplemental responses should be considered a waiver of any attorney client privilege, work-product protection, or any other applicable privilege or doctrine.

12. Mariner objects to each interrogatory to the extent it seeks confidential or proprietary information, trade secrets, or other confidential business, financial or otherwise commercially sensitive or commercially competitive information.

13. Mariner objects to any factual characterizations in Plaintiffs' interrogatories. By responding, Mariner does not accept or admit any of Plaintiffs' factual characterizations.

14. By responding to any interrogatory, Mariner does not stipulate, and expressly reserves all objections, to the relevance, materiality, and admissibility of the information contained

in each response.

15. Mariner's discovery and investigation in connection with this case are ongoing. As a result, Mariner's supplemental responses are based on information obtained and reviewed to date, and the objections, limitations, and responses contained in this supplemental response are subject to and without waiver of any right of Mariner to: (a) object to other discovery requests directed to the subject matter of the interrogatories and this response; (b) make additional or supplementary objections to the interrogatories; and (c) revise, correct, supplement, or clarify the contents of this supplemental response, after considering information obtained or reviewed through further discovery and investigation.

16. Mariner objects to the March 31, 2025 return date as unduly burdensome as it does not provide Mariner sufficient time to investigate and fully respond to each of the interrogatories.

17. If Mariner provides a supplemental response, partial or otherwise, to an interrogatory such supplemental response is not intended to be, and shall not be construed to be, a waiver of any objections Mariner may have as to that interrogatory.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

With regard to Plaintiffs' RFP 1 and the Data Responses:

a. With specific reference to each applicable spreadsheet and column of the Data Responses, Identify every Electronic System from which Mariner exported data for the Data Responses;

b. With specific reference to each applicable spreadsheet and column of the Data Responses, state each source table and data field in the Data Dictionary that Mariner used to populate the Data Responses;

c. With specific reference to each applicable spreadsheet and column of the Data Responses, state each query performed to populate the Data Responses and describe each query with enough detail to enable someone to reperform that query; and

d. Identify all persons who assisted in preparing the Data Responses and describe in detail

the tasks performed and/or input provided by each such person. Where applicable, Your response should include specific reference to spreadsheets and columns in the Data Responses.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

Mariner objects that this interrogatory calls for information subject to the attorney-client privilege and work-product doctrine. Mariner further objects to this interrogatory as unduly burdensome, irrelevant, and disproportionate to the needs of the case, particularly because it seeks improper discovery on discovery. Mariner further objects to the terms "query" and "input" as vague, ambiguous, and insufficiently defined. Mariner objects to this interrogatory as compound in that it contains multiple subparts, each of which constitutes a separate interrogatory.

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows: Mariner provides the following table that identifies the data field and, where applicable, the logic used to generate data for the corresponding fields in the Data Responses:

| Data Response Field | Data Dictionary Field/Logic |
|---|---|
| One row per loan | where (LNRLSD = 0 or (LNRLSD <> 0 and M1IOTA = 0)) and LNUNOP = 0 and LNOPND >= 2018-01-01 |
| loanID is a unique identifier | ***run separate extracts for all loan types for each state based class code (LNCLAS) for the following states: 11 (DC), 17 (IL), 18 (IN), 34 (NJ), 36 (NY), 37 (NC), 41 (OR), 42 (PA), 47 (TN), WA (53), WI (55) |
| branchID | LNOFFC |
| accountNum | LN4NBR |
| initialBalance | LNOBAL |
| refi | if OTPOA1 <> 0 then 1 else 0 |
| prev_loanID | concatenate(OTPAO1,OTPAA1) into 10 digit account number format |
| refi_amt | OTPOA1 |
| accrued_interest | select POACIN/100 from prior renewed loan join OTPAO1 = LNOFFC and OTPAA1 = LNACT6 where LNCLSD <> 0 and PORNWL = 4 |
| cashToBrwr | OTCASH |
| loanType | LNTYPE |

| | |
|---|---|
| loanByPhone | if UFC04 <> "" and LNOPND >= 1/1/2020 then 1 else 0 |
| liveCheck | if LNTYPE in (12,13) then 1 else 0 |
| liveCheckStream | if join OTPAO1 = LNOFFC and OTPAA1 = LNACT6 where LNCLSD <> 0 and PORNWL = 4 and LNTYPE in (12,13) then 1 else 0 |
| openDate | LNOPND |
| APR | LNAPRO |
| InterestRate | if OTORAT = 0 then LNORTE else OTORAT |
| financeCharge | OTXINT + OTOINT + OTPC8A + OTPC4A + OTPPF3 + OTPPF4 + OTPPF5 + OTMNTA |
| origFees | OTPC8A + OTPC4A + OTPPF3 + OTPPF4 + OTPPF5 |
| number_payments | LNTRMO |
| payment_period | "Monthly" |
| amount_payments | LNOPIC |
| B1_name | NDFNAM&" "&NDLNAM where IRSOWNR = Y |
| B2_name | NDFNAM&" "&NDLNAM where IRSOWNR = N |
| B3_name | NDFNAM&" "&NDLNAM where IRSOWNR = N |
| address1 | if MAIL_ADDRESS from PARTY_TO_LOAN where PTL_SEQUENCE_PTL = 1 is null use NAADD1 where ADDTYPE = M and IRSOWNR = Y |
| address2 | if MAIL_ADDRESS2 from PARTY_TO_LOAN where PTL_SEQUENCE_PTL = 1 is null use NAADD2 where ADDTYPE = M and IRSOWNR = Y |
| city | if MAIL_CITY from PARTY_TO_LOAN where PTL_SEQUENCE_PTL = 1 is null use NACITY where ADDTYPE = M and IRSOWNR = Y |
| state | if MAIL_STATE from PARTY_TO_LOAN where PTL_SEQUENCE_PTL = 1 is null use NACITY where ADDTYPE = M and IRSOWNR = Y |
| zip | if MAIL_ZIP from PARTY_TO_LOAN where PTL_SEQUENCE_PTL = 1 is null use NAZIPC where ADDTYPE = M and IRSOWNR = Y |
| email | E0EMEL where E0PEML <> 0 and IRSOWNR = Y |
| mobilePh | P0PHAC, P0PHPF, P0PHON where P0PHTP = 2 and IRSOWNR = Y |
| homePh | P0PHAC, P0PHPF, P0PHON where P0PHTP = 200 and IRSOWNR = Y |
| addGAP | if INTYPC in (40,41,42) and INOBAL <> 0 then 1 else 0 |
| GAPPrem | if addGAP = 0 then blank else sum(INOBAL) where INTYPC in (40,41,42) |
| GAPCancelDate | if addGAP = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 in (40,41,42) THEN TF10KDT |

| | |
|---|---|
| GAPRefund | if addGAP = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 in (40,41,42) THEN sum(TF10TMT) |
| addLife | if INTYPC = 50 and INOBAL <> 0 then 1 else 0 |
| LifePrem | if addLife = 0 then 0 else INOBAL where INTYPC = 50 |
| LifeType | if addLife = 0 then blank else if INTYPC = 50 and INOBAL <> 0 and INJORI = "S" then "Single" else if INJORI = "I" THEN "SINGLE" else if INTYPC = 50 and INOBAL <> 0 and INJORI = "J" then "Joint" |
| LifeCancelDate | if addLife = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 50 THEN TF10KDT |
| LifeRefund | if addLife = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 50 THEN sum(TF10TMT) |
| addAH | if INTYPC = 60 and INOBAL <> 0 then 1 else 0 |
| AHPrem | if addAH = 0 then blank else INOBAL where INTYPC = 60 |
| AHCancelDate | if addAH = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 60 THEN TF10KDT |
| AHRefund | if addAH = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 60 THEN sum(TF10TMT) |
| addPropAuto | if INTYPC = 71 and INOBAL <> 0 then 1 else 0 |
| PropAutoPrem | if addPropAuto = 0 then blank else sum(INOBAL) where INTYPC = 71 |
| PropAutoCancelDate | if addPropAuto = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 71 THEN TF10KDT |
| PropAutoRefund | if addPropAuto = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 71 THEN sum(TF10TMT) |
| addPropCont | if INTYPC = 70 and INOBAL <> 0 then 1 else 0 |
| PropContPrem | if addPropCont = 0 then blank else INOBAL where INTYPC = 70 |
| PropContCancelDate | if addPropCont = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 70 THEN TF10KDT |
| PropContRefund | if addPropCont = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 70 THEN sum(TF10TMT) |
| addIUI | if INTYPC = 80 and INOBAL <> 0 then 1 else 0 |
| IUIPrem | if addIUI = 0 then blank else INOBAL where INTYPC = 80 |
| IUICancelDate | if addIUI = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 80 THEN TF10KDT |
| IUIRefund | if addIUI = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 80 THEN sum(TF10TMT) |
| addADD | if INTYPC = 65 and INOBAL <> 0 then 1 else 0 |
| ADDPrem | if addADD = 0 then blank else INOBAL where INTYPC = 65 |
| ADDCancelDate | if addADD = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 65 THEN TF10KDT |

| | |
|---|---|
| ADDRefund | if addADD = 0 then blank else iF TF10TCD in (920,940) and TF10PFD_5 = 65 THEN sum(TF10TMT) |
| addAutoClub | if MCPDCD in (1,4,6,7,8,11,13) and MCPDCP <> 0 then 1 else 0 |
| AutoClubCost | if addAutoClub = 0 then blank else MCPDCP where MCPDCD in (1,4,6,7,8,11,13) |
| currentStatus | if LNCLSD <> 0 then "Closed" else if LNGENL in (80,82,83,84,86,87,88,89) then "Charged Off" else if (LNHLD1= 91 or LNHLD2 = 91 or LNHLD3 = 91 or LNHLD4 = 91) then "Collections" else if year(LNDUDT) = year(Rundate()) and month(LNDUDT) = month(Rundate()) and MRDCAT < 3 then "Current" else if LNDUDT > rundate() then "Current" else MRDCAT *10 |
| DPD | WKDAYSLT where LNDUDT < Rundate() |
| pmtPrincipal | LNOBAL - LNPBAL |
| pmtInterest | LNAIPD |
| pmtLate | LNLLTC |
| pmtFees | sum(FOAMPA) |
| dateFirstDQ | BUDFDL |
| dateRefi | if LNCLSD <> 0 and PORNWL = 4 then LNCLDT else blank |
| datePaid | if LNCLSD <> 0 and (PORNWL = 0 or PORNWL = null) then LNCLDT else blank |
| dateCO | LNCODT |

Mariner further states that the Electronic Systems used to export data in the Data Responses include CIM and the Insurance License Tracking Database, and that, while discovery is ongoing and the parties are continuing to discuss the need for supplemental data, the following individuals have generally assisted with the Data Responses:

- Bonnie Klapaska
- Laird Oskin
- Robert Stephens (GOLDPoint Systems, Inc.)
- Gary Cloward (GOLDPoint Systems, Inc.)
- Jerry Black (GOLDPoint Systems, Inc.)

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1**

Mariner objects that this interrogatory calls for information subject to the attorney-client privilege and work-product doctrine. Mariner further objects to this interrogatory as unduly burdensome, irrelevant, and disproportionate to the needs of the case, particularly because it seeks

improper discovery on discovery. Mariner further objects to the terms "query" and "input" as vague, ambiguous, and insufficiently defined. Mariner objects to this interrogatory as compound in that it contains multiple subparts, each of which constitutes a separate interrogatory.

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows:

| Name | Subject Matter | Role |
|---|---|---|
| Bonnie Klapaska | Loan and insurance claims data | Facilitate Data Pulls |
| Laird Oskin | Insurance claims data | Facilitate Data Pulls |
| Robert Stephens | Loan data | Design Search Logic |
| Gary Cloward | Loan data | Execute Search Logic |
| Jerry Black | Loan data | Execute Search Logic |

**INTERROGATORY NO. 2**

In addition to Your response to Interrogatory No. 1, Identify all persons who assisted in responding to discovery Requests in this case, Including the First, Second, Third, Fourth, and Fifth Sets of Requests for Production. Your response should specify each discovery Request for which each identified person provided documents or information. Your response should be supplemented for any future sets of requests for production that may be served on You in this litigation.

**RESPONSE TO INTERROGATORY NO. 2**

Mariner objects to this interrogatory in that it calls for information subject to the attorney-client privilege, work-product doctrine, and any other applicable privilege. Mariner further objects to this interrogatory as improper discovery on discovery and thus as unduly burdensome, irrelevant, and disproportionate to the needs of the case. Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information. Mariner further objects to the term "assisted in responding" as vague, ambiguous, and insufficiently defined. Mariner's response is based on its understanding of that term.

Subject to and without waiving its General or Specific Objections, Mariner states as follows: the following individuals generally assisted Mariner in responding to Plaintiffs' currently-

served Interrogatories and Requests for Production:

Billy Haikalis
Bonnie Klapaska
Brent Nau
Brian Cagle
Carol Young
Catherine Renelle
Chad Duet
Daniel Angus
Darcy Smith
Desiree Griffis
Dillon Burford
Don Wiegner
Dwayne Jones
Elizabeth Rohme
Eve Kedzierski
Gary Cloward
Gene Kelly
Glenn Daughaday
James Quick
Jamie Myers
Jared Domhoff
Jeff Casey
Jerry Black
Ji Lu
John Stack
Julia Timofeyeva
Kelly Shuman
Kevin Schreffler
Kirsten Schneider
Kristen Crocetti
Laird Oskin
Lisa Ford
Mary Younker
Matt Emmons
Matthew Coogan
Megan Rajchel
Michael McMillan
Monica Lewis
Nathaniel Leighton
Nicholas Mulcare
Rich O'Steen
Robert Ghirardello
Robert Stephens
Russell Brocato
Shannon Boone
Steve La Peruta
Tatiana Pacheco
Tisha Brown
William Bartholomay

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2**

Mariner objects to this interrogatory in that it calls for information subject to the attorney-client privilege, work-product doctrine, and any other applicable privilege. Mariner further objects to this interrogatory as improper discovery on discovery and thus as unduly burdensome, irrelevant, and disproportionate to the needs of the case. Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information. Mariner further objects to the term "assisted in responding" as vague, ambiguous, and insufficiently defined. Mariner's response is based on its understanding of that term.

Subject to and without waiving its General or Specific Objections, Mariner states as follows: the following individuals generally assisted Mariner in responding to Plaintiffs' currently-served Interrogatories and Requests for Production:

| Name | Subject Matter | Role |
| --- | --- | --- |
| Billy Haikalis | Information Technology | Document Collection |

| | | |
|---|---|---|
| | | and/or Identification |
| Bonnie Klapaska | Insurance Data<br>Loan Data<br>Compliance/Auditing | Facilitate Data Pulls<br>Document Collection and/or Identification<br>Interrogatory Responses |
| Brent Nau | Policies and Procedures<br>Compliance | Document Collection and/or Identification<br>Interrogatory Responses |
| Brian Cagle | Branch Audits<br>Branch Operations Reviews | Document Collection and/or Identification |
| Carol Young | Insurance | Document Collection and/or Identification |
| Catherine Renelle | Information Technology | Document Collection and/or Identification |
| Chad Duet | Branch Audits<br>Branch Operations Reviews | Document Collection and/or Identification |
| Daniel Angus | Marketing | Document Collection and/or Identification |
| Darcy Smith | Information Technology | Document Collection and/or Identification |
| Desiree Griffis | Branch Audits<br>Branch Operations Reviews | Document Collection and/or Identification |
| Dillon Burford | Third Party Audits | Document Collection and/or Identification |
| Don Wiegner | Information Technology | Document Collection and/or Identification |
| Dwayne Jones | State Examinations | Document Collection and/or Identification |
| Elizabeth Rohme | Branch Audits<br>Branch Operations Reviews | Document Collection and/or Identification |
| Eve Kedzierski | Branch Audits<br>Branch Operations Reviews | Document Collection and/or Identification |
| Gary Cloward | Loan Data | Execute Search Logic |
| Gene Kelly | Information Technology | Document Collection and/or Identification |
| Glenn Daughaday | Information Technology | Document Collection and/or Identification |
| James Quick | Branch Audits<br>Branch Operations Reviews | Document Collection and/or Identification |
| Jamie Myers | Policies and Procedures | Document Collection and/or Identification |
| Jared Domhoff | Bonuses/Incentives | Document Collection and/or Identification |
| Jeff Casey | Training | Document Collection and/or Identification |
| Jerry Black | Loan Data | Execute Search Logic |

| | | |
|---|---|---|
| Ji Lu | Bonuses/Incentives | Document Collection and/or Identification |
| John Stack | Information Technology | Document Collection and/or Identification |
| Julia Timofeyeva | Marketing | Document Collection and/or Identification |
| Kelly Shuman | Branch Audits<br>Branch Operations Reviews | Document Collection and/or Identification |
| Kevin Schreffler | Branch Audits<br>Branch Operations Reviews | Document Collection and/or Identification |
| Kirsten Schneider | Bonuses/Incentives | Document Collection and/or Identification |
| Kristen Crocetti | Insurance/Licensing | Document Collection and/or Identification |
| Laird Oskin | Insurance/Licensing | Document Collection and/or Identification |
| Lisa Ford | Branch Audits<br>Branch Operations Reviews | Document Collection and/or Identification |
| Mary Younker | Enterprise Audits | Document Collection and/or Identification |
| Matt Emmons | Third Party Audits | Document Collection and/or Identification |
| Matthew Coogan | Human Resources | Document Collection and/or Identification |
| Megan Rajchel | Marketing | Document Collection and/or Identification |
| Michael McMillan | Information Technology | Document Collection and/or Identification |
| Monica Lewis | Human Resources | Document Collection and/or Identification |
| Nathaniel Leighton | Policies and Procedures<br>Third Party Audits | Document Collection and/or Identification |
| Nicholas Mulcare | Information Technology | Document Collection and/or Identification |
| Rich O'Steen | Board Materials<br>Bonuses/Incentives | Document Collection and/or Identification<br>Interrogatory Responses |
| Robert Ghirardello | Information Technology | Document Collection and/or Identification |
| Robert Stephens | Loan Data | Design Search Logic |
| Russell Brocato | Third Party Audits | Document Collection and/or Identification |
| Shannon Boone | Training | Document Collection and/or Identification |
| Steve La Peruta | Information Technology | Document Collection and/or Identification |

| | | |
|---|---|---|
| Tatiana Pacheco | Policies and Procedures | Document Collection and/or Identification |
| Tisha Brown | Customer Complaints | Document Collection and/or Identification |
| William Bartholomay | Marketing | Document Collection and/or Identification |

**INTERROGATORY NO. 3**

Identify all Mariner employees, contractors, or other agents who sold, or offered for sale, Add-on Products during the Relevant Time Period, and all municipal, state, and/or federal license(s) each such employee held associated with the sale of such products. For each identified license, Your response should include the date when the license was obtained, the dates the license remained valid, the licensing body, and all unique identifiers (e.g., license number) associated with the license, Including those identifiers assigned by the licensing body.

**RESPONSE TO INTERROGATORY NO. 3**

Mariner objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case. Specifically, Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information. Mariner further objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Request for Production No. 83, which requests "All Documents sufficient to identify: "a. The name and job title of every Mariner employee who sold one or more Add-on Products during the relevant time period; b. Which Add-on Product(s) that employee sold; c. The name of the customer to whom such Add-on Product(s) was/were sold; d. The date of each sale; and e. Any contract or certificate of insurance issued to the customer for each Add-on Product, including signature pages, if any."

Subject to and without waiving its General or Specific Objections, Mariner states as follows: pursuant to Federal Rule of Civil Procedure 33(d), Mariner identifies the following

documents containing information responsive to this interrogatory: MARINER00433724 and the Master License Tracking report attached to these responses as Appendix A. Additionally, information responsive to this interrogatory may be contained in documents that are the subject of future production pursuant to the parties' ongoing meet and confers, including historical insurance licensing trackers maintained by Mariner's Insurance Department. Mariner reserves the right to supplement its response to this interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Mariner objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case. Specifically, Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information. Mariner further objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Request for Production No. 83, which requests "All Documents sufficient to identify: "a. The name and job title of every Mariner employee who sold one or more Add-on Products during the relevant time period; b. Which Add-on Product(s) that employee sold; c. The name of the customer to whom such Add-on Product(s) was/were sold; d. The date of each sale; and e. Any contract or certificate of insurance issued to the customer for each Add-on Product, including signature pages, if any."

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows pursuant to Federal Rule of Civil Procedure 33(d): information identifying the Mariner employee's teller number associated with credit for the loan during the Relevant Time Period in the Plaintiff states can be found in the FPUF Tables, specifically in column CD (field

name: UFC31), produced at:

- MARINER00433724
- MARINER00756010
- MARINER00756171
- MARINER00756290
- MARINER00756273
- MARINER00755967
- MARINER00756012
- MARINER00755905
- MARINER00755976
- MARINER00755894
- MARINER00756254
- MARINER00756220

Additionally, attached as Appendix A to these responses is a reference table identifying the teller number of Mariner employees during the Relevant Time Period, and information identifying Branch Managers of branches in the Plaintiff states can be found in the Branch Directory, located at MARINER00949032, and in the list of current and former Branch Managers provided to Plaintiffs via e-mail on September 12, 2024.

Information on employee license status can be found in the Master License Tracking report attached to these responses as Appendix B, as well as in the following documents:

- MARINER00755803
- MARINER00755584
- MARINER00755839
- MARINER00755859
- MARINER00755639
- MARINER00755674
- MARINER00755747
- MARINER00755868
- MARINER00755577
- MARINER00755561
- MARINER00755703
- MARINER00755642
- MARINER00755668
- MARINER00755772
- MARINER00949036
- MARINER00949037

**INTERROGATORY NO. 4**

List every sale of an Add-on Product during the Relevant Period made by a Mariner employee, contractor, or other agent who lacked one or more valid licenses required to sell that product for Mariner in the Relevant Jurisdiction, Including where no record of the Mariner employee, contractor, or other agent is identifiable. Your response should include the Add-on Product, the date the sale occurred, the premium amount, any subsequent refund of unearned premium, the Mariner employee, contractor, or other agent who sold that Add-on Product, and the loan number in connection with the sale.

**RESPONSE TO INTERROGATORY NO. 4**

Mariner objects to this interrogatory as vague, ambiguous, and overbroad, particularly with respect to its use of the term "Add-on Product," which as defined includes non-insurance products for which no state license is required. Mariner further objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case, particularly given that Mariner has issued over 1.8 million loans and employed hundreds of branch-level employees during the Relevant Time Period, which goes back over six years. Information on which specific employee "sold" any particular insurance product across those 1.8 million loans going back over six years is not readily ascertainable, particularly because multiple employees are often involved with the process of offering and selling insurance products. Mariner further objects to this interrogatory as duplicative of Request for Production No. 84, which requests "[a]ll internal Communications Relating to: a. All Mariner employees' insurance sales activity without an active license to sell insurance; b. All Mariner employees' applications for licenses to sell insurance that were submitted after the employees had already sold insurance; and c. Compliance with State testing and/or licensing requirements for insurance sales." Mariner further objects to Plaintiffs' request that Mariner identify instances "where no record . . . is identifiable" as vague, ambiguous, and exceeding Mariner's obligations under the Federal Rules of Civil Procedure.

Subject to and without waiving its General or Specific Objections, Mariner states as follows: Mariner has a strict policy that employees that do not hold a required valid state license

cannot sell insurance products. To ensure compliance with this policy, Mariner has an Insurance Department that manages a robust compliance program so that Mariner employees that sell insurance products hold all required state licenses before doing so. Before new employees can sell insurance products, they must review applicable state licensing requirements and submit a request for licensure through Mariner's Insurance Licensing Tracking system. *See*, *e.g.*, MARINER00166550. Mariner tracks insurance licensing for new and current employees, including the prerequisites for licensure, the dates and results of any state licensing examinations, and the expiration date of any existing licenses. Mariner sends automated alerts to employees whose license is set to expire, which includes step-by-step instructions on how to renew the license(s) along with details of any continuing education the employee must perform to be eligible for license renewal. *See*, *e.g.*, MARINER00022878. Mariner also has policies and procedures related to the display and/or posting of applicable insurance licenses in each Mariner branch where optional products are sold. *See*, *e.g.*, MARINER00008432. Mariner imposes consequences—including coaching plans, performance improvement plans, or termination—for violations of its licensing policies.

In addition, Mariner's third-party providers of insurance products supply information on state licensing requirements—*see*, *e.g.*, MARINER00329912—and themselves have eligibility requirements and approval processes before a Mariner employee can sell their applicable insurance product.

Mariner's investigation into whether further information responsive to this interrogatory exists is ongoing. Mariner reserves the right to supplement its response to this interrogatory.

**<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4</u>**

Mariner objects to this interrogatory as vague, ambiguous, and overbroad, particularly with

respect to its use of the term "Add-on Product," which as defined includes non-insurance products for which no state license is required. Mariner further objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case, particularly given that Mariner has issued over 1.8 million loans and employed hundreds of branch-level employees during the Relevant Time Period, which goes back over six years. Information on which specific employee "sold" any particular insurance product across those 1.8 million loans going back over six years is not readily ascertainable, particularly because multiple employees are often involved with the process of offering and selling insurance products. Mariner further objects to this interrogatory as duplicative of Request for Production No. 84, which requests "[a]ll internal Communications Relating to: a. All Mariner employees' insurance sales activity without an active license to sell insurance; b. All Mariner employees' applications for licenses to sell insurance that were submitted after the employees had already sold insurance; and c. Compliance with State testing and/or licensing requirements for insurance sales." Mariner further objects to Plaintiffs' request that Mariner identify instances "where no record . . . is identifiable" as vague, ambiguous, and exceeding Mariner's obligations under the Federal Rules of Civil Procedure.

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows: Mariner incorporates by reference its supplemental response to Interrogatory No. 3.

**INTERROGATORY NO. 5**

Identify all Add-on Products offered by Mariner during the Relevant Time Period. For each identified Add-on Product, Identify the Add-on Provider, the Relevant Jurisdiction(s) in which it was offered, and the dates each such Add-on Product was offered in each identified Relevant Jurisdiction.

**RESPONSE TO INTERROGATORY NO. 5**

Mariner objects to this interrogatory in that it requires Mariner to compile and/or

summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Plaintiffs' Requests for Production and as seeking information that Mariner has previously provided to Plaintiffs, including during Plaintiffs' pre-litigation investigations into Mariner that spanned several years.

Subject to and without waiving its General or Specific Objections, Mariner states as follows: in general, Mariner has offered the following optional products to consumers in the Plaintiff states in conjunction with the issuance of consumer loans during the Relevant Time Period where allowed under state law:

- Credit Life Insurance
- Credit Disability Insurance
- Credit Involuntary Unemployment Insurance
- Personal Property Insurance – Auto
- Personal Property Insurance – Home
- Accidental Death & Dismemberment Insurance
- Guaranteed Asset Protection Waiver
- Home & Auto
- Auto Club

The provider for each of these products is contained in business records Mariner previously produced to Plaintiffs and that are identified in Mariner's response to Interrogatory No. 6 *infra*, which is fully incorporated herein. The time frames and specific states in which each product was offered has varied during the Relevant Time Period. Pursuant to Federal Rule of Civil Procedure 33(d), Mariner identifies the following documents containing additional information responsive to this interrogatory:

| | | |
|---|---|---|
| MARINER00010322 | MARINER00009851 | MARINER00009690 |
| MARINER00006590 | MARINER00010073 | MARINER00009665 |
| MARINER00009504 | MARINER00009309 | MARINER00009656 |
| MARINER00006935 | MARINER00009967 | MARINER00009874 |
| MARINER00009449 | MARINER00005898 | MFILL0015905 |
| MARINER00010317 | MARINER00006441 | MFILL0015985 |
| MARINER00009723 | MARINER00010668 | MFILL0016065 |
| MARINER00010286 | MARINER00010674 | MFILL0016150 |
| MARINER00010143 | MARINER00228999 | MFWA000035391 |
| MARINER00009238 | MARINER00009676 | MFILL0016291 |
| MARINER00010142 | MARINER00225833 | MFILL0016318 |
| MARINER00010577 | MARINER00195210 | MFILL0016361 |
| MARINER00010018 | MARINER00253408 | MFNY0004421 |
| MARINER00008989 | MARINER00256486 | MFWA000035437 |

Further information responsive to this interrogatory may be contained in documents that are the subject of future production pursuant to the parties' ongoing meet and confers. Mariner reserves the right to supplement its response to this interrogatory.

**SUPPLMENETAL RESPONSE TO INTERROGATORY NO. 5**

Mariner objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Plaintiffs' Requests for Production and as seeking information that Mariner has previously provided to Plaintiffs, including during Plaintiffs' pre-litigation investigations into Mariner that spanned several years.

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows: while optional product availability is dependent on each customer and loan type, Mariner has generally offered the following optional products at some point during the Relevant Time Period in each of the Plaintiff states:

| State | Life | Disability | Property (Auto) | Property (Home) | IUI | AD&D | GAP | Auto Club |
|---|---|---|---|---|---|---|---|---|
| IL | x | x | x | x | x | | x | x |
| IN | x | x | x | x | x | x | x | x |
| NC | x | x | x | x | x | | x | x |
| NJ | x | x | | x | x | | x | x |
| NY | x | x | x | x | | | | x |
| OR | x | x | | x | x | | | x |
| PA | x | x | | x | x | x | | x |
| TN | x | x | x | x | x | x | x | x |
| WA | x | x | | x | x | | x | x |
| WI | x | x | x | x | x | | | x |

Dated: July 31, 2025

By: KIRKLAND & ELLIS LLP

*/s/ Atif Khawaja*

Atif Khawaja, P.C. (admitted *pro hac vice*)
Robert W. Allen, P.C. (admitted *pro hac vice*)
Alexia R. Brancato, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, NY 10016
(212) 446-4800
akhawaja@kirkland.com
bob.allen@kirkland.com
alexia.brancato@kirkland.com

HUDSON COOK, LLP

Lucy E. Morris (admitted *pro hac vice*)
A. James Chareq (admitted *pro hac vice*)
Julia K. Whitelock (admitted *pro hac vice*)
Robert D. Tilley (admitted *pro hac vice*)
1909 K Street, NW, 4th Floor
Washington, DC 20006
202.327.9710 / 202.327.9711
lmorris@hudco.com
jchareq@hudco.com
jwhitelock@hudco.com
rtilley@hudco.com

BALLARD SPAHR LLP

____________________________________

Daniel JT McKenna
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599
215.864.8321
mckennad@ballardspahr.com

*Attorneys for Defendant Mariner Finance, LLC*

## CERTIFICATION

I hereby certify under penalty of perjury that I have reviewed the above Supplemental Responses and Objections to Interrogatory Nos. 1–2 in Plaintiffs' First Set of Interrogatories and that the supplemental responses are true and accurate to the best of my knowledge, information, and belief. Mariner reserves the right to revise, correct, clarify, or amend the foregoing responses.

Bonnie Klapaska
Senior Executive Vice President & Chief Administrative Officer
Mariner Finance, LLC

**CERTIFICATION**

I hereby certify under penalty of perjury that I have reviewed the above Supplemental Responses and Objections to Interrogatory Nos. 3–5 in Plaintiffs' First Set of Interrogatories and that the supplemental responses are true and accurate to the best of my knowledge, information, and belief. Mariner reserves the right to revise, correct, clarify, or amend the foregoing responses.

Laird Oskin
Senior Vice President of Acquisitions
Mariner Finance, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July 2025, a copy of the foregoing was served via e-mail on all counsel of record.

*/s/ Matthew Summers*
Matthew Summers (admitted *pro hac vice*)
555 South Flower Street
Los Angeles, CA 90071
(213) 680-8400
matthew.summers@kirkland.com