# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MARINER FINANCE, LLC,<br><br>Defendant. | Case No. 2:22-cv-03253-KBH |

**DEFENDANT'S OBJECTIONS AND SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 3 AND 5)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, Defendant Mariner Finance, LLC ("Mariner") hereby objects and supplementally responds to Plaintiffs' First Set of Interrogatories (Nos. 3 and 5), served via electronic mail on February 28, 2025.

## GENERAL OBJECTIONS

Mariner makes the following general objections to Plaintiffs' interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and supplemental responses below.

1. Mariner objects to each interrogatory to the extent that it purports to impose upon Mariner discovery obligations that exceed those provided for in the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders entered in this case, or agreements between the parties.

2. Mariner objects to the "Definitions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the

Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties. Mariner further objects to the "Definitions" to the extent they purport to alter the plain meaning and/or scope of any specific interrogatory, on the ground that such alteration renders the interrogatory vague, ambiguous, unduly broad, and/or uncertain, by failing to adequately define terms or by using terms the meaning of which are not readily available or decipherable. Mariner further objects to the following Definitions and terms as vague and ambiguous: "Electronic System," "Relating to," and "Related to." Mariner's supplemental responses to such interrogatories shall not be construed as an admission, agreement, or acquiescence to any such Definition.

3. Mariner objects to the "Instructions" to the extent that they seek to impose requirements or obligations on Mariner in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania, orders in this case, or agreements between the parties. Mariner specifically objects to Instruction No. 8 on this basis.

4. Mariner objects to each interrogatory to the extent that it is overly broad, unduly burdensome, and/or neither relevant to any claim or defense in this action nor proportional to the needs of the case.

5. Mariner objects to each interrogatory to the extent it calls for a legal conclusion, presents a legal question or question of pure law, and/or is vague or ambiguous.

6. Mariner objects to each interrogatory to the extent that it seeks information that is not in the possession, custody, or control of Mariner.

7. Mariner objects to each interrogatory to the extent it calls for information already known to Plaintiffs or equally available to Plaintiffs from sources other than Mariner, including

publicly available information.

8. Mariner is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this action. If Plaintiffs assert a different interpretation of any interrogatory, Mariner reserves the right to supplement or amend its responses or objections.

9. Mariner objects to each interrogatory as premature to the extent it calls for information that is the subject of later disclosure deadlines in the action and/or expert reports and testimony, including as required by the schedule governing this action.

10. Mariner objects to each interrogatory to the extent that it requests information outside of the geographic territory of the Plaintiff States. Mariner specifically objects to Instruction No. 10 on this basis.

11. Mariner objects to each interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, common interest privilege, and/or any other applicable privilege, immunity, or protection (collectively, as used herein, "privileged"). Nothing contained in these supplemental responses should be considered a waiver of any attorney client privilege, work-product protection, or any other applicable privilege or doctrine.

12. Mariner objects to each interrogatory to the extent it seeks confidential or proprietary information, trade secrets, or other confidential business, financial or otherwise commercially sensitive or commercially competitive information.

13. Mariner objects to any factual characterizations in Plaintiffs' interrogatories. By responding, Mariner does not accept or admit any of Plaintiffs' factual characterizations.

14. By responding to any interrogatory, Mariner does not stipulate, and expressly reserves all objections, to the relevance, materiality, and admissibility of the information contained

in each response.

15. Mariner's discovery and investigation in connection with this case are ongoing. As a result, Mariner's supplemental responses are based on information obtained and reviewed to date, and the objections, limitations, and responses contained in this supplemental response are subject to and without waiver of any right of Mariner to: (a) object to other discovery requests directed to the subject matter of the interrogatories and this response; (b) make additional or supplementary objections to the interrogatories; and (c) revise, correct, supplement, or clarify the contents of this supplemental response, after considering information obtained or reviewed through further discovery and investigation.

16. Mariner objects to the March 31, 2025 return date as unduly burdensome as it does not provide Mariner sufficient time to investigate and fully respond to each of the interrogatories.

17. If Mariner provides a supplemental response, partial or otherwise, to an interrogatory such supplemental response is not intended to be, and shall not be construed to be, a waiver of any objections Mariner may have as to that interrogatory.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 3

Identify all Mariner employees, contractors, or other agents who sold, or offered for sale, Add-on Products during the Relevant Time Period, and all municipal, state, and/or federal license(s) each such employee held associated with the sale of such products. For each identified license, Your response should include the date when the license was obtained, the dates the license remained valid, the licensing body, and all unique identifiers (e.g., license number) associated with the license, Including those identifiers assigned by the licensing body.

### RESPONSE TO INTERROGATORY NO. 3

Mariner objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case. Specifically, Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information.

Mariner further objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Request for Production No. 83, which requests "All Documents sufficient to identify: "a. The name and job title of every Mariner employee who sold one or more Add-on Products during the relevant time period; b. Which Add-on Product(s) that employee sold; c. The name of the customer to whom such Add-on Product(s) was/were sold; d. The date of each sale; and e. Any contract or certificate of insurance issued to the customer for each Add-on Product, including signature pages, if any."

Subject to and without waiving its General or Specific Objections, Mariner states as follows: pursuant to Federal Rule of Civil Procedure 33(d), Mariner identifies the following documents containing information responsive to this interrogatory: MARINER00433724 and the Master License Tracking report attached to these responses as Appendix A. Additionally, information responsive to this interrogatory may be contained in documents that are the subject of future production pursuant to the parties' ongoing meet and confers, including historical insurance licensing trackers maintained by Mariner's Insurance Department. Mariner reserves the right to supplement its response to this interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Mariner objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case. Specifically, Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information. Mariner further objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the

information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Request for Production No. 83, which requests "All Documents sufficient to identify: "a. The name and job title of every Mariner employee who sold one or more Add-on Products during the relevant time period; b. Which Add-on Product(s) that employee sold; c. The name of the customer to whom such Add-on Product(s) was/were sold; d. The date of each sale; and e. Any contract or certificate of insurance issued to the customer for each Add-on Product, including signature pages, if any."

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows pursuant to Federal Rule of Civil Procedure 33(d): information identifying the Mariner employee's teller number associated with optional product sales during the Relevant Time Period in the Plaintiff states can be found in the FPUF Tables, specifically in column CD (field name: UFC31), produced at:

- MARINER00433724
- MARINER00756010
- MARINER00756171
- MARINER00756290
- MARINER00756273
- MARINER00755967
- MARINER00756012
- MARINER00755905
- MARINER00755976
- MARINER00755894
- MARINER00756254
- MARINER00756220

Additionally, attached as Appendix A to these responses is a reference table identifying the teller number of Mariner employees during the Relevant Time Period, and information identifying Branch Managers of branches in the Plaintiff states can be found in the Branch Directory, located at MARINER00949032, and in the list of current and former Branch Managers provided to Plaintiffs via e-mail on September 12, 2024.

Information on employee license status can be found in the Master License Tracking report attached to these responses as Appendix B, as well as in the following documents:

- MARINER00755803
- MARINER00755584
- MARINER00755839
- MARINER00755859
- MARINER00755639
- MARINER00755674
- MARINER00755747
- MARINER00755868
- MARINER00755577
- MARINER00755561
- MARINER00755703
- MARINER00755642
- MARINER00755668
- MARINER00755772
- MARINER00949036
- MARINER00949037

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**

Mariner objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case. Specifically, Mariner objects to the term "Identify" to the extent it purports to require Mariner to provide its employees' residence address and personal contact information. Mariner further objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Request for Production No. 83, which requests "All Documents sufficient to identify: "a. The name and job title of every Mariner employee who sold one or more Add-on Products during the relevant time period; b. Which Add-on Product(s) that employee sold; c. The name of the customer to whom such Add-on Product(s) was/were sold; d. The date of each sale; and e. Any contract or certificate of insurance issued to the customer for each Add-on Product, including signature pages, if any."

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows: the Master License Tracking report, attached as Appendix B to Mariner's July 31, 2025 Supplemental Response to this Interrogatory, was created in or around May of 2019, and was used and updated through the implementation of Mariner's Insurance License Tracking system in or around January of 2023. Additionally, pursuant to Federal Rule of Civil Procedure 33(d), further information on Mariner employee licenses, license applications, and license status can be found in Mariner Production Volume 68 at MARINER01891838 – MARINER01896365.

**INTERROGATORY NO. 5**

Identify all Add-on Products offered by Mariner during the Relevant Time Period. For each identified Add-on Product, Identify the Add-on Provider, the Relevant Jurisdiction(s) in which it was offered, and the dates each such Add-on Product was offered in each identified Relevant Jurisdiction.

**RESPONSE TO INTERROGATORY NO. 5**

Mariner objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Plaintiffs' Requests for Production and as seeking information that Mariner has previously provided to Plaintiffs, including during Plaintiffs' pre-litigation investigations into Mariner that spanned several years.

Subject to and without waiving its General or Specific Objections, Mariner states as follows: in general, Mariner has offered the following optional products to consumers in the Plaintiff states in conjunction with the issuance of consumer loans during the Relevant Time Period where allowed under state law:

- Credit Life Insurance
- Credit Disability Insurance

- Credit Involuntary Unemployment Insurance
- Personal Property Insurance – Auto
- Personal Property Insurance – Home
- Accidental Death & Dismemberment Insurance
- Guaranteed Asset Protection Waiver
- Home & Auto
- Auto Club

The provider for each of these products is contained in business records Mariner previously produced to Plaintiffs and that are identified in Mariner's response to Interrogatory No. 6 *infra*, which is fully incorporated herein. The time frames and specific states in which each product was offered has varied during the Relevant Time Period. Pursuant to Federal Rule of Civil Procedure 33(d), Mariner identifies the following documents containing additional information responsive to this interrogatory:

| | | |
|---|---|---|
| MARINER00010322 | MARINER00009851 | MARINER00009690 |
| MARINER00006590 | MARINER00010073 | MARINER00009665 |
| MARINER00009504 | MARINER00009309 | MARINER00009656 |
| MARINER00006935 | MARINER00009967 | MARINER00009874 |
| MARINER00009449 | MARINER00005898 | MFILL0015905 |
| MARINER00010317 | MARINER00006441 | MFILL0015985 |
| MARINER00009723 | MARINER00010668 | MFILL0016065 |
| MARINER00010286 | MARINER00010674 | MFILL0016150 |
| MARINER00010143 | MARINER00228999 | MFWA000035391 |
| MARINER00009238 | MARINER00009676 | MFILL0016291 |
| MARINER00010142 | MARINER00225833 | MFILL0016318 |
| MARINER00010577 | MARINER00195210 | MFILL0016361 |
| MARINER00010018 | MARINER00253408 | MFNY0004421 |
| MARINER00008989 | MARINER00256486 | MFWA000035437 |

Further information responsive to this interrogatory may be contained in documents that are the subject of future production pursuant to the parties' ongoing meet and confers. Mariner reserves the right to supplement its response to this interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Mariner objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Plaintiffs' Requests for Production and as seeking information that Mariner has previously provided to Plaintiffs, including during Plaintiffs' pre-litigation investigations into Mariner that spanned several years.

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows: while optional product availability is dependent on each customer and loan type, Mariner has generally offered the following optional products at some point during the Relevant Time Period in each of the Plaintiff states:

| State | Life | Disability | Home & Auto | Property (Auto) | Property (Home) | IUI | AD&D | GAP | Auto Club |
|---|---|---|---|---|---|---|---|---|---|
| IL | x | x | x | x | x | x | | x | x |
| IN | x | x | x | x | x | x | x | x | x |
| NC | x | | x | x | x | x | | | x |
| NJ | x | | x | | x | x | | x | x |
| NY | x | x | x | x | x | | | | x |
| OR | x | | x | | | x | | | x |
| PA | x | x | x | | x | x | x | | x |
| TN | x | x | x | x | x | x | x | x | x |
| WA | x | x | x | | x | x | | x | x |
| WI | x | x | x | x | x | x | | | x |

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5**

Mariner objects to this interrogatory in that it requires Mariner to compile and/or summarize voluminous business records, and the burden of deriving or ascertaining the information will be substantially the same for Plaintiffs as it is for Mariner. Mariner further objects to this interrogatory as duplicative of Plaintiffs' Requests for Production and as seeking information that Mariner has previously provided to Plaintiffs, including during Plaintiffs' pre-

litigation investigations into Mariner that spanned several years.

Subject to and without waiving its General or Specific Objections, Mariner supplementally states as follows: while optional product availability is dependent on each customer and loan type, Mariner has generally offered the following optional products at some point during the Relevant Time Period in each of the Plaintiff states:

| State | Life | Disability | Home & Auto | Property (Auto) | Property (Home) | IUI | AD&D | GAP | Auto Club |
|---|---|---|---|---|---|---|---|---|---|
| IL | x | x | x | x | x | x | | x | x |
| IN | x | x | x | x | x | x | x | x | x |
| NC | x | x | x | x | x | x | | x | x |
| NJ | x | x | x | | x | x | | x | x |
| NY | x | x | x | x | x | | | | x |
| OR | x | x | x | | x | x | | | x |
| PA | x | x | x | | x | x | x | | x |
| TN | x | x | x | x | x | x | x | x | x |
| WA | x | x | x | | x | x | | x | x |
| WI | x | x | x | x | x | x | | | x |

Additionally, pursuant to Federal Rule of Civil Procedure 33(d), additional information regarding which optional products were sold in which states over time can be found in at MARINER01036303, and additional information regarding the third-party providers of optional products can be found in the following documents:

MARINER00000562
MARINER00000867
MARINER00000899
MARINER00001097
MARINER00001103
MARINER00001480
MARINER00001859
MARINER00001967
MARINER00001998
MARINER00002302
MARINER00002446
MARINER00002548
MARINER00002559
MARINER00003139
MARINER00003160
MARINER00003262
MARINER00003448
MARINER00003591
MARINER00003615
MARINER00003758
MARINER00004196
MARINER00004199
MARINER00004407
MARINER00004474
MARINER00004517
MARINER00004619
MARINER00005226
MARINER00005232
MARINER00005366
MARINER00005409
MARINER00005441
MARINER00005449
MARINER00005457
MARINER00005520
MARINER00005549
MARINER00005617
MARINER00005628
MARINER00005639
MARINER00005729

MARINER00003081 MARINER00005222

Dated: November 25, 2025

By: KIRKLAND & ELLIS LLP

*/s/ Atif Khawaja*
Atif Khawaja, P.C. (admitted *pro hac vice*)
Robert W. Allen, P.C. (admitted *pro hac vice*)
Alexia R. Brancato, P.C. (admitted *pro hac vice*)
601 Lexington Ave
New York, NY 10016
(212) 446-4800
akhawaja@kirkland.com
bob.allen@kirkland.com
alexia.brancato@kirkland.com

HUDSON COOK, LLP

Lucy E. Morris (admitted *pro hac vice*)
A. James Chareq (admitted *pro hac vice*)
Julia K. Whitelock (admitted *pro hac vice*)
Robert D. Tilley (admitted *pro hac vice*)
1909 K Street, NW, 4th Floor
Washington, DC 20006
202.327.9710 / 202.327.9711
lmorris@hudco.com
jchareq@hudco.com
jwhitelock@hudco.com
rtilley@hudco.com

BALLARD SPAHR LLP

Daniel JT McKenna
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599
215.864.8321
mckennad@ballardspahr.com

*Attorneys for Defendant Mariner Finance, LLC*

**CERTIFICATION**

I hereby certify under penalty of perjury that I have reviewed the above Second Supplemental Responses and Objections to Interrogatory Nos. 3 and 5 in Plaintiffs' First Set of Interrogatories, and that the responses are true and accurate to the best of my knowledge, information, and belief. Mariner reserves the right to revise, correct, clarify, or amend the foregoing responses.

Laird Oskin
Senior Vice President
Mariner Finance, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of November 2025, a copy of the foregoing was served via e-mail on all counsel of record.

*/s/ Matthew Summers*___________________
Matthew Summers (admitted *pro hac vice*)
695 Town Center Drive
Costa Mesa, CA 92626
(213) 680-8400
matthew.summers@kirkland.com